UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KEVIN DUNCAN HERRICK,<br><br>      Plaintiff,<br><br>v.<br><br>STEVEN M. MAGUIRE,<br><br>      Defendant. | Case No. 1:07-cv-01675<br><br>Hon. James Robertson |

### DEFENDANT'S MOTION TO DISMISS

Defendant Steven Maguire, by and through his undersigned counsel, moves the Court as follows:

1. To dismiss the action because the Complaint fails to state a claim against Defendant upon which relief can be granted.

                              Respectfully submitted,

                              THOMPSON HINE LLP

Dated: October 15, 2007        By:      /s/ Brooke Falk-McEnery
                                         Brooke Falk-McEnery (D.C. Bar # 492513)
                                         brooke.falk-mcenery@thompsonhine.com
                                         1920 N Street, N.W., Suite 800
                                         Washington, D.C. 20036
                                         Telephone - (202) 331-8800
                                         Facsimile – (202) 331-8330
                                         Counsel for Defendant Steven Maguire

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN DUNCAN HERRICK,         )<br>                                                          )<br>            Plaintiff,                        )<br>                                                          )<br>      v.                                             )   Case No. 1:07-cv-01675<br>                                                          )<br>                                                          )   Hon. James Robertson<br>STEVEN M. MAGUIRE,             )<br>                                                          )<br>            Defendant.                    )<br>                                                          ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant, Steven Maguire, by and through his undersigned counsel, respectfully submits this memorandum in support of his motion to dismiss Plaintiff's Complaint for Recovery of Monies Owed pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff's Complaint fails to state a claim for which relief may be granted.

### ARGUMENT

**A.    Plaintiff's Fraud Claim (Count II) Fails To State A Claim For Which Relief May Be Granted.**

Count II of Plaintiff's Complaint attempts to assert a claim for fraud.  That claim should be dismissed because Plaintiff fails to allege provable damages and fails to plead the Complaint with the required particularity.

**1.    Plaintiff's Complaint fails to allege "provable damages" as to the $17,000 loan.**

The essential elements of common law fraud are: (1) a false representation; (2) made in reference to a material fact; (3) with knowledge of the fact's falsity; (4) with the intent to deceive; and (5) an action that is taken in reliance upon the representation.  Kitt v. Capital

Concerts, Inc., 742 A.2d 856, 860-61 (D.C. 1999).[1]  "In addition, the plaintiff must show that 'provable damages' resulted from the fraud."  Id. at 861; see also C & E Services, Inc. v. Ashland, Inc., 498 F. Supp. 2d 242, 257 (D.D.C. 2007) (citing Kitt).

     Here, Plaintiff's fraud claim fails to allege an essential element as to the $17,000 loan— any damages allegedly suffered by the Plaintiff.  Plaintiff's Complaint alleges that Defendant "defrauded Herrick into providing an additional $17,000.00 to complete the initial business transaction" by representing that the $17,000 was required for the payment of an unanticipated security deposit, when in fact Defendant intended to and did use the $17,000 to pay personal taxes and to obtain a certificate of good standing from the District of Columbia.  (Complaint at ¶¶ 19-23, 37-40.)  Plaintiff's Complaint also states, however, that Defendant repaid Plaintiff $17,100 to cover the amount of the loan plus Plaintiff's transaction costs associated with the loan.  (See Complaint at ¶ 22.)  As such, Plaintiff's Complaint fails to allege that Plaintiff has suffered any "provable damages" resulting from Defendant's alleged misrepresentation, and so Count II fails to state a claim for which relief can be granted with respect to the $17,000 loan.

     **2.    Plaintiff's Complaint fails to meet the Rule 9(b) particularity standard as to the $40,000 loan.**

"In all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  The particularity requirement mandates that the pleader must state the time, place, and content of the false misrepresentation, as well as the resulting injury.  Kowal v. MCI Comms. Corp., 16 F.3d 1271, 1278 (D.C. Cir. 1994) (citing United States v. Cannon, 642 F.2d 1373, 1385 (D.C. Cir. 1981).  The method of communication of the misrepresentation is also required.  Ellipso, Inc. v. Mann, 460 F. Supp. 2d 99, 105, 106 (D.D.C. 2006) (citing 2-9 Moore's Federal Practice – Civil § 9.03(1)(b)).  Mere allegations in the form of

---

[1] The law of the District of Columbia applies to this action where subject-matter jurisdiction is based solely on diversity of citizenship.  See Erie R. Co. v. Tompkins, 304 U.S. 64, 78-79 (1938) (holding that federal courts sitting

conclusions as to the existence of fraud are insufficient. Id. (citing Hercules & Co. v. Shama Rest. Corp., 613 A.2d 916, 923 (D.C. 1992)).

Plaintiff's fraud claim fails to state with particularity the claim resulting from Plaintiff's loan of $40,000 to Defendant. Plaintiff's Complaint alleges that Defendant "fraudulently induced Herrick into providing the initial $40,000 by misrepresenting his own financial contribution . . . ." (Complaint at ¶ 39.) The Complaint also alleges that "Maguire represented to Herrick that Maguire would match Herrick's investment with cash of his own" when, in fact, "Maguire had little or no money to invest of his own." (Compliant at ¶ 37.) Nowhere, however, does Plaintiff's Complaint state the time, place, or method of communication of the alleged misrepresentation. Plaintiff's Complaint also fails to allege, with particularity, that Defendant intended to deceive Plaintiff at the time that Plaintiff "submitted his $40,000 to Maguire's control," because the Complaint fails to specify at what point in time that "submission of funds" allegedly occurred. (Complaint at ¶ 38.) Count II thus also fails to state a claim for which relief can be granted with respect to the $40,000 loan.

Because Count II fails to allege provable damages with respect to the $17,000 loan and also fails to state a claim of fraud under the Rule 9(b) standard with respect to the $40,000 loan, Count II of Plaintiff's Complaint should be dismissed.

**B.   Plaintiff's Conversion Claim (Count III) Fails To State A Claim For Which Relief Can Be Granted.**
   **1.   Plaintiff's conversion claim fails because Plaintiff does not claim a specific identifiable fund of money.**

Conversion is any "unlawful exercise of ownership, dominion, or control over the personal property of another in denial or repudiation of his rights thereto." Duggan v. Keto, 554 A.2d 1126, 1137 (1989); Curaflex Health Servs., Inc. v. Bruni, 877 F. Supp. 30, 32 (D.D.C. 1995) (citing Duggan). Money can be the subject of a conversion claim only if the Plaintiff has

---

in diversity jurisdiction apply the law of the state in which they sit).

4

the right to a specific identifiable fund of money.  <u>Curaflex Health Servs., Inc.</u>, 877 F. Supp. at 32.  A cause of action for conversion cannot be maintained to enforce a mere obligation to pay money.  <u>Id.</u>  Conversion claims also cannot be predicated on the misappropriation of money.  <u>Id.</u>

Here, Plaintiff states in his claim for conversion that Plaintiff is owed monies Defendant "took out of Tea Room" (Complaint at p. 15, ¶ 44) and that Defendant "intentionally and knowingly obscured the money he improperly took from Tea Room."  (<u>Id.</u> at ¶ 46.)  Plaintiff thus seeks "recovery from Maguire of any income in excess of a reasonable salary due Maguire."  (<u>Id.</u> at ¶ 47.)  Plaintiff further states that "this money Maguire improperly took from Tea Room should properly have been given to Herrick since Herrick provided the funds to start the business and since Herrick is entitled to expect a return on the funds Maguire improperly withheld and improperly used in violation of the Contract." (<u>Id.</u>)

Thus, Plaintiff is asserting a right to some unidentified amount of funds above and beyond (and/or part of) the $40,000 that is the subject of the "Receipt for Funds" attached to Plaintiff's Complaint.  Because the amount of funds is not a specifically identifiable amount, the monies cannot be the proper subject of a claim for conversion.  Further, as the above quotes from the Complaint illustrate, much of Plaintiff's conversion claim appears to be predicated upon misappropriation of Tea Room LLC's funds by the Defendant.  Thus, because Plaintiff's conversion claim fails to assert a right to some identifiable amount of funds and because much of Plaintiff's conversion claim alleges misappropriation, rather than conversion, Count III fails as a matter of law.

> 2. **Alternatively, Plaintiff's requested relief for the conversion claim of an accounting and attribution fails because Plaintiff's conversion claim sounds in law, not in equity.**

Count III of the Complaint requests that the Court order an accounting of Tea Room LLC's expenditures, attribution of any unsubstantiated expenses as Defendant's personal income,

5

and recovery from Defendant of any income in excess of a reasonable salary due to Defendant. (Complaint at ¶ 47.)  The remedy of an accounting, however, is equitable in nature.  See Cobell v. Babbitt, 30 F. Supp. 2d 24, 41-42 (D.D.C. 1998).  As such, a necessary prerequisite for an accounting is the absence of an adequate remedy at law.  Bayvue Apartments Joint Venture v. Ocwen Federal Bank FSB, 971 F. Supp. 129, 133 (D.D.C. 1997).  Conversion, however, sounds in law, not equity.  See Duggan, 554 A.2d at 1137-38 ("The traditional standard for calculating damages for conversion is the fair market value of the property at the time of the conversion.")

Moreover, attribution is defined as "[T]he process – outlined in the Internal Revenue Code – by which a person's or entity's stock ownership is assigned to a related family member or entity for tax purposes. " (Black's Law 7th Ed.(1999)).  Thus, attribution is not applicable to the instant action, and it is not clear what Plaintiff is seeking from this Court.

Because conversion is not an equitable claim, the accounting and attribution that Plaintiff requests are not remedies that, as a matter of law, Plaintiff is entitled to seek.  Thus, Count III seeks equitable relief that the Court cannot grant.

> **3.      Alternatively, Plaintiff's requested relief of punitive damages fails because Plaintiff fails to allege that Defendant converted Plaintiff's funds with actual malice.**

Under District of Columbia law, punitive damages are normally available only in actions arising from intentional torts.  See Calvetti v. Antcliff, 346 F. Supp. 2d 92, 108 (D.D.C. 2004). Because the basic purpose of punitive damages is to deter and punish, a plaintiff must establish that the tortious act was committed with " 'an evil motive, actual malice, deliberate violence or oppression' or 'for outrageous conduct in willful disregard for another's rights.' "  Id. (quoting Robinson v. Sarisky, 535 A.2d 901, 906 (D.C. 1988)).

Here, with regard to intent, Count III states only that "[s]ince Maguire's stated objective was to cover up his own income from Tea Room, Maguire intentionally and knowingly obscured

6

the money he improperly took from Tea Room." (Complaint at ¶ 46.) Plaintiff's allegation that Defendant's "stated objective" was to disguise his own income fails to rise to the level of an "evil motive, actual malice, deliberate violence" or "outrageous conduct." Plaintiff's conversion claim thus fails as a matter of law to allege any facts that would permit a finding of punitive damages. Thus, Count III seeks relief in the form of punitive damages that the Court cannot grant.

**C.    Plaintiff's Breach Of Contract Claim (Count I) Fails To State A Claim For Which Relief May Be Granted Because The Attached "Receipt for Funds" Is Not An Enforceable Contract.**

It is a fundamental rule of contract law that some consideration is necessary to make a promise enforceable. Rinck v. Assoc. of Reserve City Bankers, 676 A.2d 12, 16 (D.C. 1996) (citing Restatement (Second) of Contracts § 71 (1981)); see also Patriot, Inc. v. U.S. Dep't of Housing and Urban Development, 963 F. Supp. 1, 6-7 (D.D.C. 1997) (noting that offer, acceptance, and consideration are all essential elements of a contract). "Past consideration," however, is not valid consideration. See Murray v. Lichtman, 339 F.2d 749, 751-52 (D.C. Cir. 1964) (holding that letter agreement adding additional terms and conditions to prior promise of indemnity which was executed after transaction concluded lacked consideration and "cannot, of itself, create any contractual rights and duties"); see also Braude & Margulies, P.C. v. Fireman's Fund Ins. Co., 468 F. Supp.2d 190, 196-97 (D.D.C. 2007) (holding letter which did not purport to "memorialize" or "confirm" the parties' agreement lacked consideration because "past consideration is not adequate to support a present promise").

Here, Plaintiff has attached to his Complaint a document entitled "Receipt for Funds" ("**Receipt**"). (Complaint at Exh. A.) The first line of the Receipt states: "This document acknowledges receipt of the sum of $40,000 paid by Kevin Herrick to Steve Maguire." The Receipt purports to place restrictions on the use of the funds by Defendant: "Mr. Maguire agrees

7

not to use the money until an Operating Agreement has been concluded and then only according to the terms of that agreement." (Complaint at Exh. A, ¶ 2.) But, because, by the terms of the first line of the Receipt itself, Defendant had already received the $40,000 at the time the Receipt was executed, Plaintiff's later attempt to add additional terms and conditions on the use of the $40,000 through execution of the Receipt lacks any consideration but "past consideration." As such, the Receipt is not a valid or enforceable contract.

Further, the Receipt cannot stand as the complete integration of a prior oral agreement between the parties. No writing can stand as the complete integration of a prior oral agreement without some separate consideration—"[t]he assent to an integration is itself a contractual act and must, therefore, be supported by consideration." Murray, 339 F.2d at 752 (citing Restatement of Contracts § 237 (1932)). Here, however, because, by the explicit terms of the Receipt, the $40,000 had already changed hands at the time the Receipt was signed, no such consideration exists.

Because the Receipt upon which Plaintiff's breach of contract claim is based is not an enforceable contract, Count I of Plaintiff's Complaint should be dismissed in its entirety.

D.    **Plaintiff's Quantum Meruit Claim (Count IV) Fails To State A Claim For Which Relief Can Be Granted.**

1.    **Plaintiff fails to plead the necessary elements for a quantum meruit claim.**

The "implied-in-fact contract" theory of quantum meruit recovery requires a Plaintiff to prove: (1) that he performed a valuable service for the Defendant; (2) that the Defendant accepted, used, and enjoyed the Plaintiff's service; and (3) that the circumstances reasonably put the Defendant on notice that the Plaintiff expected to be paid by the Defendant. Fischer v. Estate of Flax, 816 A.2d 1, 10-11 (D.C. 2001).

Plaintiff's Complaint, however, fails to allege any valuable service performed by Plaintiff for Defendant for which Defendant was unjustly enriched and refused to pay Plaintiff. While the Complaint alleges that Plaintiff worked as the office manager for Tea Room LLC, the Complaint specifies that Plaintiff was compensated at the rate of $1,000 per week for his services. (Complaint at ¶ 25.) Thus, while the quantum meruit claim requests that the Court award Plaintiff an equity share in the LLC (Complaint at ¶ 51), Plaintiff's Complaint wholly fails to allege any uncompensated, valuable service as the basis for this relief. Count IV thus fails because Plaintiff has failed to plead the necessary elements of his quantum meruit claim.

**2.     Plaintiff's requested remedies fail as a matter of law.**

Plaintiff requests as relief for his quantum meruit claim that the Court grant Plaintiff an eighty-five percent (85%) equity ownership interest in Tea Room LLC ("**LLC**"), that Plaintiff be declared the sole managing member of the LLC, and that the Court dissolve the LLC, liquidate its assets, and appoint Plaintiff as receiver with all authority necessary to execute the liquidation. (Complaint at p. 16.) The sole named Defendant, however, is Steven M. Maguire, and not Tea Room LLC. (Complaint at p. 1.) Thus, Plaintiff's requested remedies as to Count IV necessarily fail as a matter of law because the Court cannot grant the remedy requested by Plaintiff. For Plaintiff to be able to recover the relief requested, Tea Room LLC is a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure that Plaintiff has failed to join.

WHEREFORE, for the reasons cited herein, Defendant hereby moves this Court to dismiss the Complaint in its entirety for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                                                Respectfully submitted,
                                                THOMPSON HINE LLP

Dated: October 15, 2007         By:        /s/ Brooke Falk-McEnery
                                                Brooke Falk-McEnery (D.C. Bar # 492513)
                                                brooke.falk-mcenery@thompsonhine.com
                                                1920 N Street, N.W., Suite 800
                                                Washington, D.C. 20036
                                                Telephone - (202) 331-8800
                                                Facsimile – (202) 331-8330

                                                Counsel for Defendant Steven Maguire

## **CERTIFICATE OF SERVICE**

I, Eric Heyer, hereby certify that, on October 15, 2007, I caused a true and correct copy of the foregoing Defendant's Memorandum in Support of Motion to Dismiss, Motion to Dismiss, and proposed Order to be served as follows:

*by First Class Mail, postage prepaid to:*

Kevin Duncan Herrick
1601 Forbes Street
Rockville, MD
20851-1409
*Plaintiff pro se*

_____

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN DUNCAN HERRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-01675 |
| ) | |
| ) | Hon. James Robertson |
| STEVEN M. MAGUIRE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss, and Plaintiff's Opposition thereto, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED and that Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

Entered this ___ day of _____, 2007.


_____
Hon. James Robertson
United States District Court for the District of Columbia