UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN DUNCAN HERRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-01675 |
| ) | |
| ) | Hon. James Robertson |
| STEVEN M. MAGUIRE, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, Steven Maguire, by and through his undersigned counsel, respectfully submits this reply memorandum in support of his motion to dismiss Plaintiff's Complaint for Recovery of Monies Owed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff's Complaint fails to state a claim for which relief may be granted.

### ARGUMENT

**A.    Plaintiff's Fraud Claim (Count II) Fails To State A Claim For Which Relief May Be Granted.**

Count II of Plaintiff Herrick's Complaint alleges two particular transactions as the basis for his fraud claim. One transaction was the initial provision of $40,000 by Plaintiff to Defendant, and the other was the later provision of $17,000 by Plaintiff to Defendant. (See Complaint at ¶ 39.)

**1.    Plaintiff suffered no pecuniary damages as a result of the $17,000 loan.**

In his Motion to Dismiss, Defendant argues that the $17,000 loan fails to provide a factual basis for a fraud claim because Plaintiff has failed to allege a necessary element--that any

1

"provable damages" resulted from the fraud. (See Def's Mem. at pp. 1-2.) Despite the plain language of the Complaint that "Herrick received [from Defendant] $17,100 to repay the loan he had taken for $17,000 and to cover transaction costs associated with borrowing the money" (Complaint at ¶ 22) and Plaintiff's admission that he recovered his "out-of-pocket expenses" (Pl's Mem. at ¶ 11), however, Plaintiff insists that "[t]he value of the loan can be measured in terms of Maguire's unjust enrichment or by determining a fair market value of the loan. Plaintiff's out of pocket cost of $100.00 does not measure Plaintiff's damages" and that damages with regard to the $17,000 are "definitely in excess of the negotiated $100.00 out-of-pocket amount." (Pl's Mem. at ¶¶ 17-18.)

Plaintiff's allegations are directly at odds with District of Columbia case law on recoverable damages for fraud claims. See Dresser v. Sunderland Apartments Tenants Assoc., Inc., 465 A.2d 835, 839-40 n.15 (D.C. 1983) (citing Dean Prosser, Law of Torts § 110 at 731) ("[T]here can be no recovery if the plaintiff is none the worse off for the misrepresentation, however flagrant it may have been . . . ."); Nartex Consulting Corp. v. Watt, 722 F.2d 779, 793 (D.C. Cir. 1983) (stating that "neither fraud without damage nor damage without fraud is sufficient to support an action" and limiting damages to those which are the natural and proximate or direct consequences of the fraud and which can be clearly defined and ascertained); Day v. Avery, 548 F.2d 1018, 1029 (D.C. Cir. 1976) (stating that a "sine qua non of any recovery for misrepresentation is a showing of pecuniary loss"). Because Plaintiff admits that he fully recovered his entire out-of-pocket loss associated with the alleged fraud relating to the $17,000, that transaction cannot provide a factual basis for Count II of Plaintiff's Complaint.

2. **Plaintiff's Complaint fails to specify the time, place, or method of the particular communication which allegedly provides the factual basis for the fraud claim as to the $40,000.**

In his Motion to Dismiss, Defendant argues that Plaintiff fails to meet the Rule 9(b) particularity standard with respect to the fraud claim based on the $40,000 because the Complaint fails to state the time, place, and content of the false misrepresentation, as well as the method of communication. (Def's Mem. at pp. 2-3.) In response, Plaintiff asserts that "it was during these discussions [of the pending, but never executed, Operating Agreement] that . . . Maguire told Herrick he would provide funds to match Herrick's $40,000" and that the first such discussion occurred "around May or June of 2004." (Pl's Mem. at ¶¶ 21-22.) While Plaintiff provides these factual details in his Opposition Memorandum, however, they are absent from the Complaint itself. Rule 9(b) is entitled "Pleading Special Matters" and these factual details thus must be presented in the Complaint itself, and not a mere memorandum in opposition to a motion regarding the pleading. See Arbitraje Casa de Cambio v. United States Postal Serv., 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.")

Plaintiff also challenges Defendant's assertion that the Complaint fails to specify at what point in time the "submission of funds" allegedly occurred. (Pl's Mem. at p. 8). While Plaintiff's Opposition Memorandum makes clear that Plaintiff is referencing July 3, 2004, it is less than clear from the Complaint that July 3, 2004, is the date referenced in the fraud claim. After all, Plaintiff alleges in the Complaint that Defendant later transferred the funds to Eagle Bank from Adams National Bank (no date is specified as to this transfer) and that Defendant "had little or no money to invest of his own" as of *October 3, 2005*, when Maguire allegedly breached the parties' Contract. (Complaint at ¶¶ 12-14, 37.) Specificity as to the date of the "submission of funds" is

3

particularly important here because a mere statement by a party that it hopes or expects some future event to occur is not actionable; rather, a then-present intent not to perform on the promise is required to support a fraud claim. See Chedick v. Nash, 151 F.3d 1077, 1081 (D.C. Cir. 1988) (holding that mere prophecy or prediction of something it is hoped will occur not actionable); Virginia Academy of Clinical Psychologists v. Group Hospitalization and Medical Servs., Inc., 878 A.2d 1226, 1234 (D.C. 2005) ("When a promise is made in good faith, with the expectation of carrying it out, the fact that it is subsequently broken gives rise to no cause of action, either for deceit or for equitable relief.")

B.  **Plaintiff's Conversion Claim (Count III) Fails To State A Claim For Which Relief May Be Granted.**

In response to Defendant's argument that Plaintiff has no right to a specific identifiable fund of money, Plaintiff alleges various categories of revenues and profits from Tea Room, LLC which Plaintiff claims he, as the sole "investor" is entitled to recover in full. (Pl's Mem. at ¶¶ 33-35.) "A mere obligation to pay money, however, may not be enforced by a conversion action . . . and an action in tort is inappropriate where the basis of the suit is a contract, either express or implied." Scherer v. Laborers' Int'l Un. of North Am., 746 F.2d 73, 84 (N.D. Fla. 1988) (cited in Curaflex Health Servs., Inc. v. Bruni, 877 F. Supp. 30, 32 (D.D.C. 1995). Here, the crux of Plaintiff's conversion claim (and, indeed, Count I of his Complaint), is that Defendant breached an alleged contract with Plaintiff by using $40,000 in violation of an agreement between the parties to found Science Club. However, if Plaintiff is able to prove his breach of contract claim, the only damages to which he is entitled are $40,000, not all of the revenues and profits earned by the LLC.

Plaintiff also wholly misconstrues Defendant's argument that "much of Plaintiff's conversion claim" is predicated upon the alleged misappropriation of Tea Room LLC's funds.

4

Through this statement, Defendant is in no manner conceding that "'some' of Plaintiff's claim is admitted to rest on stolen money." (Pl's Mem. at ¶ 36.) Rather, Defendant's use of the word "much" relates to the *subject matter* of Plaintiff's conversion claim (i.e., cash from revenue, cashier's checks drawn on Tea Room's bank account, etc.), not the amount of money alleged to have been converted. Finally, while Plaintiff alleges that he has "established the funds of money Maguire improperly took" (id. at ¶ 35), and identifies items such as "cash from revenue" and "cashier's checks," alleging such transfers is insufficient to plead conversion as opposed to misappropriation.[1] See Calvetti v. Antcliff, 346 F. Supp. 2d 92, 106 (D.D.C. 2004) ("The plaintiffs concede that conversion claims cannot be predicated on the misappropriation of money. . . . However, that is exactly what the plaintiffs' complaint clearly states, i.e., that their conversion claim is based upon their transfer of money by way of cash and checks to the defendants.")

Plaintiff also fails to address Defendant's argument that the requested remedies of an accounting and attribution are equitable in nature, and thus not available to Defendant under Defendant's conversion claim. Instead, Plaintiff states that "Plaintiff is only seeking to figure out how much income Maguire improperly took and to recover some if not all of that income as his due . . . ." (Pl's Mem. at ¶ 39.) However, in order to have standing to assert a conversion claim, Plaintiff must have had a right to immediate possession of the monies claimed. See Shulman v. Vouoy, LLC, 251 F.2d 166, 171 (D.D.C. 2003) (dismissing conversion claim because plaintiffs had no immediate right to possession or control of funds at issue, and so interest properly classified as contractual in nature, and not a property right). Plaintiff's assertion that Defendant allegedly applied the monies provided by Plaintiff to the creation and operation of a limited

---

[1] While it is unclear from Plaintiff's Complaint, to the extent Plaintiff is including in his conversion claim those monies transferred directly from Plaintiff to Defendant (as opposed to monies earned by Tea Room, LLC and

5

liability company does not *ipso facto* entitle Plaintiff to immediate possession of all of the LLC's revenues and profits. Because Plaintiff lacks standing to assert a property interest in the LLC's revenues and profits, Plaintiff cannot seek an equitable accounting of those profits.

Finally, Plaintiff also fails to demonstrate that the Complaint's conversion claim justifies a claim for punitive damages. Again, because the only allegation as to intent found in the Complaint is that "Maguire intentionally and knowingly obscured the money he improperly took from Tea Room," a limited liability company in which Plaintiff has no ownership interest (see Complaint at ¶ 12), Plaintiff fails to allege conduct that was committed with the requisite malicious state of mind necessary to support punitive damages. Plaintiff's additional allegations in his Opposition Memorandum seeking to tie the facts underlying his other claims to an allegation of malice are beside the point and irrelevant to the claim at hand—that for conversion.

C.  **Plaintiff's Breach of Contract Claim (Count I) Fails To State A Claim For Which Relief May Be Granted.**

In response to Defendant's legal arguments as to the breach of contract claim, Plaintiff's Opposition again includes a slew of factual details, including two additional exhibits, which are not provided in Plaintiff's Complaint. Plaintiff accuses the Defendant of failing to allege the existence of a previous oral agreement and failing to allege a point in time prior to the signing of the contract when the transfer of the $40,000 occurred. (Pl's Mem. at ¶¶ 47, 50.) The burden, however, rests on the Plaintiff to plead a Complaint which would entitle him to relief. See Shulman, 251 F. Supp. 2d at 168 ("A motion to dismiss under Rule 12(b)(6) tests . . . whether the plaintiff has properly stated a claim."); see also Arbitraje Casa de Cambio, 297 F. Supp. 2d at 170 ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.").

---

allegedly transferred from the LLC to Defendant), the same logic applies.

**D.    Plaintiff's Quantum Meruit Claim (Count IV) Fails To State A Claim For Which Relief May Be Granted.**

Plaintiff fails to address Defendant's point that Plaintiff seeks relief under his quantum meruit claim that would necessarily require the Court to take action with respect to the LLC, which is not a named defendant in Plaintiff's Complaint. Because the requested relief cannot be granted unless the LLC is included as a party, Plaintiff's quantum meruit claim fails on this ground.

## CONCLUSION

WHEREFORE, for the reasons cited herein and in Defendant's Memorandum in Support of his Motion to Dismiss, Defendant respectfully requests that this Court dismiss the Complaint, in whole or in part, for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMPSON HINE LLP

Dated: November 20, 2007      By:      /s/ Brooke Falk-McEnery
                              Brooke Falk-McEnery (D.C. Bar # 492513)
                              brooke.falk-mcenery@thompsonhine.com
                              1920 N Street, N.W., Suite 800
                              Washington, D.C. 20036
                              Telephone - (202) 331-8800
                              Facsimile – (202) 331-8330

                              Counsel for Defendant Steven Maguire

## CERTIFICATE OF SERVICE

I, Brooke Falk-McEnery, hereby certify that, on November 20, 2007, I caused a true and correct copy of the foregoing Defendant's Reply Memorandum in Support of Defendant's Motion to Dismiss to be served as follows:

*by First Class Mail, postage prepaid to:*

Kevin Duncan Herrick
2478 Sandell Drive
Dunwoody, Georgia
30338-4548

*Plaintiff pro se*


                                                    /s/ Brooke Falk-McEnery