UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN DUNCAN HERRICK,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN M. MAGUIRE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:07-cv-01675<br>)<br>) Hon. James Robertson<br>)<br>)<br>)<br>) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STEVEN MAGUIRE

Defendant, Steven Maguire, by and through his undersigned counsel, for his answer to the Complaint alleges as follows:

1. The first sentence of paragraph 1 of the Complaint is admitted. The second sentence of paragraph 1 of the Complaint is denied. The third sentence of paragraph 1 does not require a response, but to the extent a response may be deemed to be required, the third sentence is denied.

2. Defendant admits that Plaintiff invested an initial sum of Forty Thousand Dollars ($40,000) in July 2004 for the purpose of Maguire opening a restaurant. Defendant further admits that he signed a receipt for the funds and that he deposited the funds in the business account at Adams National Bank under the name of Tea Room, LLC. The remaining allegations of Paragraph 2 of the Complaint are denied and Defendant demands strict proof thereof.

3. Defendant admits that Herrick was to be a passive investor in the business. Defendant states however that Herrick was never to own a membership interest in the LLC. Defendant denies the allegations of Paragraph 3 to the extent they are contrary to the actual terms

and conditions of the contract executed by the Parties. Defendant further notes that the terms of the contract speak for themselves.

4. Defendant denies that he failed and refused to abide by the terms of the Contract. Defendant admits that an Operating Agreement was never concluded among the parties because the parties could not agree to the terms of such an agreement.

5. The allegations of paragraph 5 of the Complaint call for a legal conclusion to which no response is required. Defendant denies, however, that Plaintiff is entitled to any of the relief sought therein.

6. Upon information and belief, Herrick is a resident of the state of Georgia, and not Maryland. Herrick does, however, hold himself out to the bar of the District of Columbia as maintaining a his own law office in Maryland.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant denies that the amount in controversy exceeds $75,000 and further denies that this Court has proper jurisdiction over the instant action.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

### General Factual Allegations

10. The allegations of paragraph 10 of the Complaint are admitted.

11. Defendant denies that the Contract prohibited his use of the $40,000 as the requirement for an executed operating agreement was waived by the Parties.

12. Defendant admits that Plaintiff proposed a number of draft Operating Agreements and that ultimately no Operating Agreement was concluded or executed. Defendant further admits that he was solely responsible for the daily operations of the restaurant and all related strategic decisions. Defendant also he is (and was always to be) the sole member of Tea Room,

LLC.  Defendant denies the remaining allegations of paragraph 12 of the Complaint, and demands strict proof thereof.

13.     The allegations of paragraph 13 of the Complaint are admitted in part, and denied in part.  Defendant states that although an operating agreement was initially contemplated, it was never concluded as the parties could not agree to the terms of an agreement.  Defendant further admits that he used Herrick's funds (in conjunction with his own) towards opening a restaurant and that he also secured a Small Business Administration loan towards the same.  Defendant denies that he is in breach of Contract.

14.     Defendant denies that he needed Plaintiff's authorization to change banking institutions.   Defendant admits to the remaining allegations in paragraph 14 of the Complaint.

15.     Defendant denies the allegations in paragraph 15 of the Complaint.

16.     Defendant admits the allegations in paragraph 16 of the Complaint with explanation.  The proposed operating agreements submitted by Herrick were not concluded as they did not reflect the terms the parties had previously agreed to.

17.     Defendant admits that he used the funds provided by Herrick for the lease at 1136 19th Street, but denies he did not have the approval of Herrick to do so. Defendant further states that the third sentence of paragraph 17 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations and demands strict proof thereof.

18.     Defendant admits that he used the funds provided by Herrick (in conjunction with his own and the monies from the SBA) to assume the operation of the space at 1136 19th Street. Defendant denies that he did not have the approval of Herrick use such funds.  Defendant denies the allegations set forth in the last sentence of paragraph 18 of the Complaint.

19. Defendant admits that additional, unforeseen monies was required by the Landlord in order to pay the Seller's security deposit back in order to finalize the lease at 1136 19th Street.

20. Defendant admits that additional, unforeseen monies was required by the Landlord in order to pay the Seller's security deposit back in order to finalize the lease at 1136 19th Street. Defendant admits that both his investment and Herrick's investment was obligated to other things, and that additional money was needed for this security deposit. Defendant denies any allegation of paragraph 20 that he defrauded Herrick, and demands strict proof thereof.

21. Defendant admits that additional, unforeseen monies was required by the Landlord in order to pay the Seller's security deposit back in order to finalize the lease at 1136 19th Street. Defendant admits that both his investment and Herrick's investment was obligated to other things, and that additional money was needed for this security deposit. Defendant denies any allegations of paragraph 21 that he defrauded Herrick, and demands strict proof thereof. Defendant admits that Herrick provided him an additional $17,000. Defendant further states that Herrick was repaid this amount promptly.

22. Defendant denies any allegation in paragraph 22 of the Complaint that he defrauded Herrick, and demands strict proof thereof. Defendant admits that he returned the $17,000 (including the transaction fee) to Herrick promptly, and denies that Herrick suffered any damage therefrom. Defendant admits that he did not have the money immediately to repay the entirety of Herrick's initial investment (as the business had not even opened at that point), and that an operating agreement was not concluded because the parties could not agree on the terms.

23. Defendant denies any allegations in paragraph 23 of the Complaint that he defrauded Herrick, and demands strict proof thereof. Defendant further denies that he

4

improperly used the initial investment proceeds. Such monies had been used with the approval of Herrick to close on the property at 1136 19th Street.

24. The first sentence of paragraph 24 of the Complaint is admitted. The second sentence is denied to the extent Herrick refers to himself as an office manager, but the remainder of the sentence is admitted. Defendant denies the third sentence of paragraph 24, and demands strict proof thereof. The fourth sentence of paragraph 24 is admitted.

25. Defendant denies the allegations in paragraph 25 and demands strict proof thereof.

26. Defendant denies the allegations in the first and third sentences of paragraph 26 of the Complaint and demands strict proof thereof. Defendant admits the second sentence of paragraph 26 of the Complaint.

27. Defendant admits that Herrick ceased acting as bookkeeper as of April 15, 2007. Defendant denies that they agreed he would received $1000 per week payments for that service. Herrick was paying himself $1,000 per week in "draw" payments in order to obtain reimbursement for the $40,000 he had invested in the business.

28. Defendant admits that Herrick again demanded he sign an Operating agreement. Defendant refused to do so because the agreements proposed by Herrick did not conform to terms the parties had orally agreed to.

29. Defendant admits that he requested the return of the Tea Room LLC's documents, but states that it was because such documents were necessary for Defendant to undertake the bookkeeping functions. Defendant admits that Herrick demanded he sign an operating agreement. Defendant again refused to do so because the agreements proposed by Herrick did not conform to terms the parties had ever orally agreed to. Defendant further states that he

5

responded to Herrick by telling him that he had already received the $40,000 in the form of draw payments.

30. Defendant admits that on or about June 6, 2007 Herrick made written demand for the repayment of his $40,000. Defendant did not respond to the written demand as Plaintiff had already been repaid his initial investment including a return on that investment.

## COUNT I – Breach of Contract

31. Defendant incorporates his response to all facts and allegations set forth in paragraphs 1 – 30 above.

32. Defendant states that the parties jointly agreed to Defendant's use of the funds and that many of the terms contained in the "Receipt for Funds" were waived.

33. Defendant admits to the allegations in the first sentence of paragraph 33 of the Complaint. Defendant denies the remaining allegations in paragraph 33 of the Complaint.

34. Defendant admits that Herrick demanded return of the $40,000 on or about June 6, 2007. Defendant further states that he did not owe Plaintiff $40,000 on or about June 6, 2007 as Plaintiff had been paid back in full by that time with interest.

35. Defendant denies that Herrick is entitled to any of the relief sought.

## Count II – Fraud

36. Defendant incorporates his response to all facts and allegations set forth in paragraphs 1 – 35 above.

37. Defendant admits the first sentence of paragraph 37. Defendant denies the second and third sentences of paragraph 37 and demands strict proof thereof. Defendant admits the last sentence of paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint, and demands strict proof thereof.

39. Defendant denies the allegations of paragraph 39 of the Complaint and demands strict proof thereof.

40. Defendant denies any allegation that he defrauded Herrick of paragraph 40 of the Complaint, and demands strict proof thereof.

41. Defendant denies that Herrick was unaware of the use of the initial $40,000 investment money. Defendant further denies any allegation of paragraph 41 that he defrauded Herrick.

42. Defendant denies that Herrick was defrauded as alleged, and demands strict proof thereof. Defendant further states that Herrick is not entitled to the damages sought.

## Count III - Conversion

43. Defendant incorporates his response to all facts and allegations set forth in paragraphs 1 – 42 above.

44. Defendant admits that he received compensation for his efforts from Tea Room. Defendant does not admit it happened in all of the forms alleged in paragraph 44 of the Complaint.

45. Defendant admits the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint and demands strict proof thereof.

47. Defendant denies the allegations in paragraph 46 of the Complaint and demands strict proof thereof. Defendant further states that Plaintiff is not entitled to the relief sought.

## Count IV – Quantum Meruit

7

48. Defendant incorporates his response to all facts and allegations set forth in paragraphs 1 – 47 above.

49. Defendant denies the allegations in paragraph 49 of the Complaint and demands strict proof thereof. Defendant further states that Plaintiff is not entitled to the relief sought.

50. Defendant admits that Herrick demanded he sign an operating agreement, but states that he refused to do so because the proposed agreement did not conform to the terms the parties had agreed whereby Herrick was simply to be a passive investor.

51. Defendant denies the allegations in paragraph 51 of the Complaint. Defendant further denies that Herrick is entitled to the relief sought herein.

52. Defendant denies the allegations in paragraph 52 of the Complaint. Defendant further denies that Herrick is entitled to the relief sought herein.

53. Defendant denies that Plaintiff is entitled to any of the relief he seeks.

54. Any allegation not expressly admitted is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

55. Plaintiff's Complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

56. Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD DEFENSE

57. Plaintiff's claims are barred as a consequence of an accord and satisfaction.

### FOURTH DEFENSE

58. Plaintiff's claims are frivolous and brought in bad faith.

### FIFTH DEFENSE

59. Plaintiff's claims are brought for an improper purpose and/or are not warranted by existing law, including possibly a purpose sanctionable under Rule 11 of the Federal Rules of Civil Procedure.

### SIXTH DEFENSE

60. Plaintiff is estopped from asserting his claims.

### SEVENTH DEFENSE

61. Plaintiff has unclean hands and should not be permitted to benefit from his own wrong.

### EIGHTH DEFENSE

62. Plaintiff's claims are barred by the doctrine of waiver.

### NINTH DEFENSE

63. Plaintiff has failed to join a necessary party as required by Federal Rule of Civil Procedure 19.

### TENTH DEFENSE

64. Defendant denies that he owes any sums of money or has any liability to Plaintiff as alleged in the Complaint.

### ELEVENTH DEFENSE

66. Plaintiffs claims are subject to set-off.

### TWELTH DEFENSE

67. Plaintiff's claims are precluded by the statute of frauds.

### THIRTEENTH DEFENSE

68. Plaintiff's claims are precluded by the parole evidence rule.

## FOURTEENTH DEFENSE

69.     Plaintiff's claims are precluded because the Court does not have proper jurisdiction over this matter.

///

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested in his Complaint, denies that he owes any sums of money to the Plaintiff, and respectfully request that the Complaint be dismissed with prejudice, that judgment be entered in their favor, and that Defendant be awarded his costs, expenses, attorney's fees, and such other relief as may be just and proper.

Respectfully submitted,

THOMPSON HINE LLP

Dated:  January 31, 2008            By:            /s/ Brooke Falk-McEnery
                                                             Brooke Falk-McEnery (D.C. Bar # 492513)
                                                             brooke.falk-mcenery@thompsonhine.com
                                                             1920 N Street, N.W., Suite 800
                                                             Washington, D.C. 20036
                                                             Telephone - (202) 331-8800
                                                             Facsimile – (202) 331-8330

                                                             Counsel for Defendant Steven Maguire

**CERTIFICATE OF SERVICE**

I, Brooke Falk-McEnery, hereby certify that, on January 31, 2008, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses to be served as follows:

*by First Class Mail, postage prepaid to:*

Kevin Duncan Herrick
1601 Forbes Street
Rockville, MD
20851-1409

*Plaintiff pro se*

                        /s/ Brooke Falk-McEnery