IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KEVIN DUNCAN HERRICK
    Plaintiff,

v.

STEVEN M. MAGUIRE
    Defendant.

CIVIL ACTION NO.07-1675 (JR)

### Rule 26(f) Report Submitted by Plaintiff Kevin Duncan Herrick and Defendant Steven M. Maguire

1. Pursuant to Fed. R. Civ. P. 26(f), a conference was held January 25, 2008 by teleconference between Defense Counsel Brooke Falk-McEnery and *pro se* Plaintiff Kevin Herrick.

2. Regarding initial discovery disclosures required by Rule 26(a)(1):

    a. Plaintiff submitted his disclosures by electronic mail and by US Mail on January 25, 2008;

    b. Defendant submitted his disclosures by electronic mail and US mail on February 8, 2008.

3. Is the case appropriate for mediation or some form of ADR?

    a. Parties attended settlement conference with Magistrate Judge Facciola February 5, 2008. The parties were unable to reach a settlement.

4. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:

a. The Parties propose February 12, 2008.

5. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

   a. The Parties propose any of the above motions be filed by February 22, 2008 and that any opposition to the motion be filed by February 29, 2008.

6. The Parties have agreed to the following discovery schedule:

   a.

7. Exchange of expert witness reports and depositions of expert witnesses:

   a. The Parties have not identified experts at this point. Should experts be necessary, expert reports shall be due on February 22, 2008.

8. Discuss any issues relating to preserving discoverable information:

   a. The Parties have agreed to the preservation of potential evidence.

9. To develop a proposed discovery plan that indicates the parties' views and proposals concerning:

   a. what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

      i. The Parties have made their 26(a)(1) disclosures.

10. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

Plaintiff identifies subjects on which discovery may be needed:

a. Work and services performed by Plaintiff for Tea Room, LLC,

b. Monies loaned to Maguire, Tea Room, LLC, or Science Club by Plaintiff,

c. Defendant's financial condition at all times relevant to this case,

d. Tea Room, LLC and Science Club financial condition, disposition, legal agreements, licensing, registration, identity, and content,

e. Communication between Maguire and Herrick,

f. Evidence of work completed by Plaintiff at or for Tea Room, LLC, Maguire, or Science Club,

g. Notes, information, drafts of operating agreements composed by Maguire's attorney at the June, 2004 meeting between Herrick, Maguire, and that attorney.

h. The $40,000.00 and $17,000.00 Plaintiff provided to Defendant, Defendant's receipt and use of those funds.

i. Defendant's tax returns for years 2004 through present.

j. Plaintiff and Defendant's business relationship.

k. Statements, representations, documents, or any other communication related to business, borrowing of money, seeking of investment, and planning business details and strategy by Defendant related to the opening of Science Club.

l. Marcia Wong and her relation to Tea Room, LLC, Maguire, and/or Kevin Herrick.

m. Communications between Wong and Herrick.

n. Communications between Maguire and Wong.

  o. Any document or record relating to a business relationship between Wong and Maguire or Wong and Herrick.

  p. Any document or record relating to any business ties, relationship, agreements, or communications with respect to Jeannette Wong, Marcia Wong's mother.

  q. Any contracts, agreements, or other documents related to any profit-sharing or equity-sharing arrangement between Maguire and/or Tea Room, LLC and/or Science Club.

  r. Maguire's use of Herrick's funds and of Tea Room's funds.

Defendant states that many of the subject areas identified by Plaintiff are overbroad and irrelevant to the matters in dispute. Defendant further reminds this Court that they are on a very tight schedule, and that the Court specifically advised at the hearing on the Motion to Dismiss that it was only allowing limited discovery in this case. Defendant will object to those requests that are not overbroad and irrelevant, and would request referral to Judge Facciola in the event of any unresolved disputes.

Defendant identifies subjects on which discovery may be needed:

  a. Monies received by Plaintiff from Tea Room, LLC by Plaintiff, and his treatment of such monies with regard to his taxes.

  b. Any agreements Plaintiff alleges he had with Defendant

  c. The nature of his relationship with Defendant, and the work he was doing for Tea Room, LLC.

  d. Any damages Plaintiff alleges he suffered.

e. Defendant reserves the right to request discovery or examine Plaintiff on other matters as this matter moves forward.

Plaintiff identifies the following suggested discovery plan & schedule:

s. Where possible and to save time, email delivery of documents and requests will be considered by both parties to satisfy any service requirements so long as an email is received acknowledging receipt. Plaintiff will accept and prefers electronic format where possible.

t. Plaintiff proposes the discovery schedule below.

| PROPOSED DISCOVERY SCHEDULE | |
|---|---|
| Plaintiff proposes all requests for admission, document requests and interrogatories submitted via email and US Mail by both parties | 02/11/08 |
| Plaintiff proposes all depositions be completed by this date. | 02/29/08 |

11. The parties have agreed to respond to discovery within fifteen (15) days of the date of receipt of the discovery, as opposed to thirty (30) days which is required by the Federal Rules of Civil Procedure. The parties further agree that all depositions in this case shall occur the week of February 25, 2008, after responses to discovery have been received. Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

a. Plaintiff asks that email and other electronic documents or attachments be forwarded to kevinduncanherrick@gmail.com in original formats. Any other electronic documents or records should be produced in original format, copied to a CD or DVD and mailed to Plaintiff.

WHEREFORE, Plaintiff Kevin Duncan Herrick respectfully requests that this Court receive this Rule 26(f) Report.

Respectfully submitted,

THOMPSON HINE LLP

Dated:  February 8, 2008			By: /s/ Brooke Falk-McEnery
					Brooke Falk-McEnery (D.C. Bar # 492513)
					1920 N Street, N.W., Suite 800
					Washington, D.C. 20036
					Telephone - (202) 331-8800
					Facsimile – (202) 331-8330

Dated:  February 8, 2008

					 /s/ Kevin Duncan Herrick
					Kevin Duncan Herrick
					DC Bar #: 497519*
					2478 Sandell Drive
					Dunwoody, GA 30338-4548
					Tel: (301) 830-2695
					pro se Plaintiff

*Although Mr. Herrick is an attorney admitted to practice law in the District of Columbia and is representing himself on a pro se basis, he is not admitted to this Court

**CERTIFICATE OF SERVICE**

I, Brooke Falk-McEnery, hereby certify that, on February 8, 2008, I caused a true and correct copy of the foregoing Rule 26(f) Report to be served as follows:

*by Electronic Mail to:*

kevinduncanherrick@gmail.com

*and First Class Mail, postage prepaid to:*

Kevin Duncan Herrick
2478 Sandell Drive
Dunwoody, Georgia  30338

*Plaintiff pro se*

                                                    /s/ Brooke Falk-McEnery