## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**KEVIN DUNCAN HERRICK**
**Plaintiff,**

    **v.**

**STEVEN M. MAGUIRE**
**Defendant.**

**CIVIL ACTION NO.07-1675**
**Hon. James Robertson**

## <u>PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DISCOVERY</u>

## <u>MATERIALS AND MOTION FOR SANCTIONS</u>

The Plaintiff, Kevin Duncan Herrick, proceeding <u>pro se</u>, alleges and states as follows:

1. Pursuant to Federal Rule of Civil Procedure (FRCP) Rule 37, Plaintiff certifies that he has in good faith conferred with Defense Counsel in an effort to obtain discovery responses and materials. (see e.g. attached emails &, specifically, exhibit G, Plaintiff's discovery dispute letter to Defense Counsel).

2. Plaintiff now moves to ask this Court to issue an order which will compel Defendant to produce discovery materials and for sanctions against Defendant as the Court deems appropriate and as described below.

3. Plaintiff believes Defense Counsel intends to produce a partial response to Plaintiff's demands at such time as Plaintiff will have little or no opportunity to object or to compel proper adherence to the rules of discovery and must, therefore, ask this Court to impose

# RECEIVED

FEB 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

sanctions and compel discovery. Plaintiff does not ask for a hearing on this matter and will, of course, gladly accept any decision of the Court in this regard and with regard to this Motion.

4. Per FRCP Rule 37(a)(3)(B)(iii), "a party fails to answer an interrogatory submitted under rule 33". Defendant has not answered Plaintiff's written interrogatories submitted February 8, 2008 and due, by mutual agreement, February 25, 2008.

5. Defense Counsel and *pro se* Plaintiff Herrick held a teleconference on January 25, 2008 to satisfy the requirements of FRCP Rule 26 (see exhibit I, email of Jan. 25, 2008 at 12:48 PM). Defense Counsel and Plaintiff were not able to agree on a timetable for discovery during the conference, Plaintiff submitted a proposal and requested Defense Counsel make any changes necessary so they could work out a schedule and submit a joint proposal. Defense Counsel stated at that time that she would be out of the country and unable to attend trial March 7, 2008 as scheduled, and that she would have to reschedule. In any event, she said, if I wanted discovery the trial date would have to be moved to May or thereabouts. Counsel also stated she would try to get me Defendant's Rule 26(a) initial disclosures early the week of January 28, 2008. Plaintiff supplied his Rule 26(a) initial disclosures the day of the conference, January 25, 2008.

6. Defense Counsel did not supply Rule 26(a) initial disclosures the week of January 28, 2008, but did issue Defendant's First Set of Requests for Production of Documents and Defendant's Requests for Admission on February 1, 2008. On Feb. 3, 2008, Plaintiff again asked Counsel when he would receive the initial disclosures. Plaintiff drove to Washington, DC from Georgia to meet with Defense Counsel.

2

7. Plaintiff and Defense Counsel met in person on February 5, 2008. Plaintiff asked Defense Counsel when she would give him Defendant's Rule 26(a) initial disclosures, Defense Counsel stated she would hand them to him in person that day, but then later told Plaintiff she would have to make some changes to them and send him the Rule 26(a) initial disclosures.

8. Plaintiff drove back to Georgia and, on February 7, 2008, began drafting the Rule 26(f) Report to the Court since he had received no reply or draft or changes or suggestions from Defense Counsel. Plaintiff sent Defense Counsel a draft of his Report, to which Counsel objected that discovery dates proposed went on into April and that this was past the March 7 bench trial date (see Exhibit K, pages 1 and 2, emails titled "26(f) Report). Plaintiff responded that he thought Defense Counsel was going to reschedule the trial due to her trip out of the country and that she had said the trial would need to occur in May if there was to be any discovery. Defense Counsel then told Plaintiff that she intended to move forward with the trial date of March 7, 2008 and that she would delegate the case to another of her firm's attorneys. After researching the matter, Herrick drafted another proposed schedule allowing for the bench trial on March 7, 2008, and submitted it to Counsel for changes (Exhibit K, page 3). This all took place after twelve days of silence from Defense Counsel on the matter and a draft of a joint Report was only submitted by Defense Counsel the day the Report was due, February 8, 2008 (Exhibit L).

9. In this discussion over the Rule 26(f) Report which Defense Counsel filed, the parties agreed to a 15 day abbreviated period for discovery responses as well as a mutual exchange of documents (Exhibit L). Defense Counsel did not propose any limitations on discovery.

10.  Plaintiff submitted written interrogatories to Defendant Maguire February 8, 2008 (Exhibit M).

11.  Defense Counsel submitted Maguire's 26(a) initial disclosures February 8, 2008 (Exhibit N).  Counsel pointed out that this was the day she was required by the FRCP to provide these disclosures, but did not address her earlier indications that she would provide them the week of Jan. 28 or the day of Feb. 5 (Exhibit K-2, email of Feb. 7, 2008 at 11:21 AM)

12.  Plaintiff submitted his First Request for Production of Documents on Feb. 7, 2008 (Exhibit O).  Plaintiff clarified in an email that the documents were due Friday, February 22 and the other responses to interrogatories and admissions, February 23 (a Saturday) or February 25, 2008 (Exhibit O-1).  Defense Counsel said she would send interrogatories and admissions February 25 (Exhibit O-1 through O-2).  She said that the documents were at her office and bates labeled, ready for overnight delivery.  Because I expected to receive a large number of paper documents from her, I specified that she could use overnight or UPS ground shipping to send them to me.

13.  Then, on Monday, February 25, 2008, Defense Counsel sent me an email telling me my documents were supposed to be in her hands that day.  I had sent them overnight right when the Post Office opened at 9:00 AM, returned home, and subsequently received a package from Defense Counsel containing 454 pages of documents copied mostly from Maguire's file cabinet.  I replied to Counsel, provided tracking information, the receipt showing that I'd mailed the documents prior to receiving any of hers, and then offered to electronically upload all the documents to her, if she felt she needed them Monday, February 25 (Exhibit O).

4

14.   That same day, I asked Defense Counsel if this constituted her entire response to my Request for Documents (Exhibit O-3, email of Feb. 25 at 3:25 PM). I pointed out the total lack of the requested bank records and other items. She did not answer that question, she only told me she would be producing additional documents, including emails and her written responses to the document requests (Exhibit O-4, email of Feb. 26 at 10:20 AM). I pointed out that she had achieved precisely the result I had told her I hoped to avoid, that I had produced documents prior to Maguire's having done so. This was the express condition I asked for and she agreed to in our 26(f) Report discussion (Exhibit L-1). Even as Defense Counsel demanded my documents on Monday, Feb. 25, she knew that she had not produced required documents in violation of her agreement to a simultaneous document exchange. Prior to producing emails and bank records and canceled checks, as well as other responsive documents, Defendant knows exactly what documents I have and what documents I do not have.

15.   When I ask for a commitment from Defense Counsel as to whether or when her final response is to be received, she answers by telling me she is going to send me documents she has already failed to send me on time, but does not say whether this is the end or not (see, e.g., Exhibit O-4)

16.   In an effort to get Defense Counsel to provide the required documents, I wrote her a detailed letter and sent it to her on February 26, 2008 (Exhibit H). This letter, as I indicated in that letter, was an attempt to work things out between the parties in a discovery dispute per the FRCP and relevant local rules. I asked Defense Counsel to respond by noon on February 27, 2008 (over 24 hours).

17. Counsel responded just after noon on February 27 with a place-holder letter (Exhibit P-3). As I pointed out to Counsel, this letter once again did not commit to a time I would receive complete replies to my discovery requests which were already overdue. Counsel only obligated herself to doing what she'd already failed to do on time, without even specifying a new time by which she'd complete her duties (Exhibit P-1). This was non-responsive to my attempts to resolve discovery disputes with Defense Counsel.

18. Defense Counsel Falk-McEnery has failed to produce responsive documents, even very specific documents such as canceled checks, tax returns, and emails.

19. Defense Counsel has offered excuses for failing to produce discovery such as: 1) her secretary was ill so she could not produce the answers to my written interrogatories on Monday, February 25, but she said she would produce them Tuesday, February 26. As of the writing of this Motion, I still have not received them (see, e.g. Exhibit Q-1, email of Feb. 25 at 10:55PM), 2) that the Bates stamping process was delaying her ability to produce documents (Exhibit R-2, email of Feb. 26 at 5:40 PM).; 3) that her heavy caseload prevented her from performing on time (Exhibit R-2, email of Feb. 26 at 5:40 PM). I don't understand how any of these excuses is relevant or acceptable for Counsel's failure to abide by the agreed-upon schedule or to fulfill her duty under the Federal Rules.

20. Defense Counsel did not ask for an extension of time, nor did she, prior to receiving my discovery documents and answers, tell me she could not provide documents and responses on time.

21. I requested electronic documents be delivered in original format where possible, that emails be forwarded to my email account and this is noted in the Rule 26(f) report Defense Counsel and I jointly filed. So if Defense Counsel is printing out hundreds of

6

emails and experiencing delay, I have tried to avoid this. By asserting that I was overcompensated for my work at Science Club, Defense Counsel makes evidence of the services I performed (including time and date stamped emails) an issue. That I must ask for this evidence of my work product is therefore her own doing and within her control. Defense Counsel has made this an issue.

**Specific, Unsatisfied Discovery Requests**

22. <u>Requests for Documents</u> numbers 23, 24, and 25 require the production of scienceclubdc@gmail.com emails (copied from <u>Plaintiff First Requests for Documents</u>, p. 6):

23. All email sent from or received by the email address scienceclubdc@gmail.com with a sender or recipient or carbon copy address of kdh2@gwu.edu, smaguire@mail.com, and/or ilovemarcia@gmail.com or any other alias email address of Kevin Herrick, Steven Maguire, or Marcia Wong.

24. All email sent from scienceclubdc@gmail.com to scienceclubdc@gmail.com.

25. All documents demonstrating Kevin Herrick's work product.

26. Request number 23 seeks to find communications between Plaintiff, Defendant, and/or Marcia Wong, number 24 seeks to find notes and meeting agendas and other documents sent primarily by Kevin Herrick while working for Science Club to Defendant and/or Marcia Wong. Numbers 23, 24, and 25 all serve to provide information necessary to refute Defendant's affirmative defenses and to prove Plaintiff's work for Tea Room, LLC. In particular, number 25 seeks email documents sent to special events and parties clients of Science Club, as Plaintiff arranged many, many parties at Science Club, conducted marketing efforts, and generated significant income for the business.

23.    Even if Defendant deleted these emails in anticipation of this action, these emails exist and are within the Defendant's grasp. Defendant can likely request backups from gmail and the court can certainly order gmail to produce these backups. Defendant did not identify these responsive emails as existent nor did he claim any kind of reason why he did not produce them.

24.    Defendant supplied about one thousand pages of emails, printed out, on February 28, 2008, as Plaintiff prepared this Motion. These emails appear to have been in response to Plaintiff's document demand for emails demonstrating his work product. Plaintiff asked for these emails in electronic format. Defense Counsel provided about 1500 pages of paper (Exhibit V, Defense Counsel's email of Feb. 28, 11:15 AM). Defense Counsel's email indicates her understanding of her duty to provide discovery materials and to adhere to agreements she has made with Plaintiff. (Exhibit V).

25.    Plaintiff submitted, among other things, a single CD containing over 100 megabytes of data, about 3,000-5,000 pages if it were printed out. Defense Counsel chooses to print out electronic documents Plaintiff has requested in their electronic format. Plaintiff believes this complies with records being provided in the form they are kept in the normal course of business. (See Exhibit V).

26.    In addition to missing emails, Defendant's document production also entirely lacked any electronic files from Defendant's computers. If Defendant has deleted these files, Defendant should have indicated that these responsive documents have been destroyed by him and also indicated when, after April 15, 2007, he destroyed them. Examples of missing files include (but are not limited to):

1.  spreadsheets showing Science Club expenditures, categorizing these; Profit & Loss reports; employee information showing hours worked; marketing lists; and other items, many created by Herrick working for Science Club.

2.  Drafts of the Science Club Employee Manual created by Herrick.

3.  Records of disputed credit card transactions resolved by Herrick.

4.  Notes and agendas for meetings created by Herrick.

5.  Reports such as the report on Heating and Air Conditioning needs and repairs created by Herrick.

6.  Correspondence from Herrick to vendors and other business contacts while working at Science Club.

7.  Drafts of the Science Club website, www.scienceclubdc.com as updated and worked on by Herrick.

8.  Records of documentation created by Herrick for Science Club insurance, correspondence between Herrick and insurers.

These are just a few of the files existing on Science Club computers and not in the possession of Plaintiff. Since Plaintiff worked many hours in the Science Club office on Science Club machines, and since meetings were held between Maguire, Herrick, and/or Wong in the Science Club office, Science Club computers held, at least as of April 15, 2007, many files relevant to this action. In addition to the responsive electronic documents mentioned above, Defendant has failed to produce, explain, or claim privilege as to other documents requested by Plaintiff. Plaintiff requested bank records and canceled checks, for example (see quoted text from Plaintiff's First Requests for Documents, below).

7.  Bank records for all Tea Room business accounts, including but not limited to accounts at Eagle Bank and at Adam's National Bank.

8. Copies of cancelled checks written on Tea Room, LLC business accounts.

[as well as]

10. All documents related to the initial opening of Science Club including, but not limited to, documents relating to the lease on 1136 19th Street, SBA Loan, any and all financial transactions associated with the startup of the business, licensure, and build-out.

11. All documents related to the use, obligation, and/or expenditure of Plaintiff's initial $40,000.00.

12. All documents related to the use, obligation, and/or expenditure of Plaintiff's subsequent loan of $17,000.00.

13. All documents related to loans made by Kevin Herrick to you or to Tea Room, LLC.

14. All documents related to Steven Maguire's payment of any back taxes or tax bills or other measures necessary to secure a certificate of good standing with the District of Columbia.

27.   Defendant also failed to produce his tax returns and/or Science Club tax returns for the year 2006 and 2007.  He failed to explain whether or not tax returns for those years had been completed or not (see quoted text from Plaintiff's First Requests for Documents, below).

3.   Your state (or District of Columbia) and federal tax returns for the years 2004, 2005, and 2006, including any revisions or amendments.

4.   Any tax returns for the years 2004, 2005, and 2006 for Tea Room, LLC if different from those filed for Steven Maguire, personally.

28.   With regard to canceled checks, you have been asked to produce but have not produced copies of these canceled checks or bank records which will clearly show the "for" line of checks to Marcia Wong citing "draw". You are required by FRCP Rule 11 to conduct reasonable research into your client's claims which would include, in this case, your viewing these checks before making a false assertion and denying this fact. I believe this research will also produce checks written by someone other than Herrick, made payable to Wong, and including "draw" on the "for" line (quote below from Defendant's <u>Responses to Requests for Admissions</u>).

> 7. Admit that payments taken by Marcia Wong also say "draw" on their "for" line, that Kevin Herrick did not write all of these checks to Wong, and that Wong did not loan Maguire or Tea Room any funds.

> RESPONSE:  Defendant objects to this Request on the grounds that it is vague, ambiguous, and compound.  Defendant further objects because it fails to define the time or circumstances surrounding this Request.  Without waiving the foregoing objections, Defendant denies this Request for Admission.

### **Requested Sanctions**

29.   Plaintiff is not certain how sanctions and adverse inferences work, exactly but makes his best effort here to suggest possible sanctions.  Plaintiff asks the Court to consider these or any other appropriate sanctions, adverse inferences, or action.

30.   Defense should be barred from using bank records or canceled checks.

11

31.  The adverse inference should be drawn that Plaintiff's $1,000 per week paid from Science Club to him was fair compensation in exchange for services Plaintiff performed for Tea Room, LLC as an independent contractor.

32.  The inference should be drawn that Maguire reported the $1,000 per week payments to Plaintiff as wages or monies paid to an independent contractor on his 2006 and 2007 taxes.

33.  The inference should be drawn that Plaintiff consistently and repeatedly demanded Maguire sign an operating agreement from July 3, 2004 to April 15, 2007 when Herrick left Science Club employ.

34.  The inference should be drawn that Defendant never made any substantive negative response or counter offer to Herrick's repeated operating agreement proposals from July 4, 2004 to April 15, 2007.

35.  The inference should be drawn that Maguire never gave Herrick a copy of his April 1, 2004 Operating Agreement.

36.  The inference should be drawn that Maguire never informed Herrick of the existence of his April 1, 2004 Operating Agreement.

37.  The inference should be drawn that Maguire wrote Herrick emails complimenting his work performance.

38.  Defense should be barred from using any emails as evidence.


   WHEREFORE, Plaintiff Kevin Duncan Herrick respectfully requests that this Court enter an Order Compelling Defendant to Produce Documents and Replies in Response to Discovery Requests, and to enter an Order for Sanctions against the Defense.

Dated: February 28, 2008

Respectfully submitted,

Kevin Duncan Herrick
DC Bar #: 497519*
2478 Sandell Drive
Dunwoody, GA 30338-4548
Tel: (301) 830-2695
pro se Plaintiff

*Although Mr. Herrick is an attorney admitted to practice law in the District of Columbia and is representing himself on a pro se basis, he is not admitted to this Court.

## CERTIFICATE OF SERVICE

I, Kevin Herrick, hereby certify that, on February 28, 2008, I caused a true and correct copy of the foregoing Plaintiff's Motion to Compel Production of Discovery Materials and Motion for Sanctions, and proposed Order to be served as follows:

*by First Class Mail, postage prepaid to:*
Brooke Falk-McEnery, Counsel for Steven Maguire
Thompson Hine LLP
1920 N Street, N.W., Suite 800
Washington, D.C. 20036

Kevin Herrick

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KEVIN DUNCAN HERRICK

    Plaintiff,


    v.


STEVEN M. MAGUIRE

    Defendant.

CIVIL ACTION NO.  07-1675
**Hon. James Robertson**

## ORDER

UPON CONSIDERATION of Plaintiff's Motion to Compel Production of Discovery Materials and Motion for Sanction, it is hereby

**ORDERED** that the following sanctions be imposed on Defendant:

1.  Defense should be barred from using bank records or canceled checks as evidence.

2.  Defense should be barred from using any emails as evidence.


**ORDERED** that the following adverse inferences be drawn against the Defendant:

3.      The inference should be drawn that Maguire reported the $1,000 per week payments to Plaintiff as wages or monies paid to an independent contractor on his 2006 and 2007 taxes.

4.      The adverse inference should be drawn that Plaintiff's $1,000 per week paid from Science Club to him was fair compensation in exchange for services Plaintiff performed for Tea Room, LLC as an independent contractor.

5.      The inference should be drawn that Plaintiff consistently and repeatedly demanded Maguire sign an operating agreement from July 3, 2004 to April 15, 2007 when Herrick left Science Club employ.

6.      The inference should be drawn that Defendant never made any substantive negative response or counter offer to Herrick's repeated operating agreement proposals from July 4, 2004 to April 15, 2007.

7.      The inference should be drawn that Maguire never gave Herrick a copy of his April 1, 2004 Operating Agreement.

8.      The inference should be drawn that Maguire never informed Herrick of the existence of his April 1, 2004 Operating Agreement.

9.      The inference should be drawn that Maguire wrote Herrick emails complimenting his work performance.


        **ORDERED** that Plaintiff's Motion to Compel Production of Discovery Materials and Motion for Sanction is **GRANTED**.


                              JAMES ROBERTSON
                              UNITED STATES DISTRICT JUDGE

Kevin Herrick

2478 Sandell Drive

Dunwoody, GA 30338-4548

Exhibit H

February 26, 2008

**By fax and U.S. Mail**

(202) 331-8330

Brooke Falk-McEnery

Counsel for Steven Maguire

1920 N Street, N.W., Suite 800

Washington, DC 20036

Re:   *Herrick v. Maguire*, Case No. 07-1675 (JR) in the U.S. District Court for the District of Columbia

Dear Brooke:

As you know, I am a pro-se Plaintiff, my understanding of the Federal Rules of Civil Procedure is that we are to discuss discovery disputes and to try to work things out before I file a Motion to Compel and ask for the Court's help (see, e.g., LCvR 7(m), FRCP Rule 26, .  This follows our recent e-mail exchanges concerning discovery and the documents you produced on February 25, 2008 in response to my Plaintiff's First Set of Requests for Documents (delivered via e-mail on February 7, 2008).  I will also address Defendant's responses to Plaintiff's First Requests for Admission, and the pending Defendant's responses to Plaintiff's First Written Interrogatories (which I understand I'm to receive once your secretary returns to work).  I am writing you this letter to summarize my view of the discovery disputes in this action.  This letter constitutes an attempt to confer with opposing counsel concerning a discovery dispute and to resolve differences concerning a dispute pursuant to applicable rules, as well as to discuss non-dispositive motions prior to their filing, in this case a motion to compel. Due to timing issues, I must request your substantive response by noon, February 27, 2008.  I wish I could give you more time, but the timing of this case and urgency of this matter requires immediate

*Exhibit* H-1

attention. Also, I am still unsure of whether your case load will allow you to continue preparing or whether you will pass this to some other attorney at your firm as you have previously indicated.

During our conversations regarding Initial Disclosures and Discovery, at the Rule 26a tele-conference held on January 25, 2008, you told me that you were not going to be able to meet the March 7 bench trial date, that you would be out of the country and unable to attend. You said you would reschedule the trial date. You also told me that if I wanted any discovery, that we would have to push the trial date out to May. I provided my Initial Disclosures that day and proposed a discovery schedule that I thought would allow us reasonable discovery within the time frame of our trial date. You told me that my schedule was too rapid, that your case load would not allow you to meet the schedule, and that you were not required by the Federal Rules of Civil Procedure to meet that aggressive schedule. At that point, on January 25, we had six weeks before the March 7 trial date.

You'd variously stated that you would provide your Initial Disclosures early in the week of January 28, and when we met on February 5, but did not send them until February 8, 2008. You were not able to collaborate on the Rule 26(f) Report to the Court until the very last day it was due (February 8, 2008). It was on February 7, during our discussions over a timeline I proposed extending into April that you informed me you no longer intended to change our March 7, 2008 bench trial date and that you intended instead to delegate the case to another of your firm's attorneys. To this date, despite several requests and with a trial date less than two weeks away, I don't know who that is.

## l. emails to/from scienceclubdc@gmail.com

As you know, your entire document production in response to my <u>Plaintiff's First Set of Requests for Documents</u> amounted to 454 pages copied from the business files of Tea Room, LLC. There were no emails or electronic documents, only paper receipts and the like. I know that Defendant was in possession of many, many emails responsive to my document requests on April 15, 2007 when I left Science Club. You told me during our January 25, 2008 teleconference that you had instructed your client not to destroy any evidence – I specifically told you I was concerned about the emails contained in Defendant's <u>scienceclubdc@gmail.com</u> email account. This was the account I used when working



Exhibit H-2

at Science Club and it contained literally hundreds of emails responsive to my document requests. These being already in electronic format, copying them or sending them to me would be a very simple matter. You told me you were not sure your client had any of these emails. I told you I am certain they existed on April 15, 2007 and if they no longer existed, I expected your client to explain when and why he had deleted them. This conversation on January 25, 2008 and my Requests for Documents of February 7, 2008 must certainly have provided you notice that these responsive emails are required. In particular, Requests for Documents numbers 23, 24, and 25 require the production of scienceclubdc@gmail.com emails (copied from Plaintiff First Requests for Documents, p. 6):

6. All email sent from or received by the email address scienceclubdc@gmail.com with a sender or recipient or carbon copy address of kdh2@gwu.edu, smaguire@mail.com, and/or ilovemarcia@gmail.com or any other alias email address of Kevin Herrick, Steven Maguire, or Marcia Wong.

7. All email sent from scienceclubdc@gmail.com to scienceclubdc@gmail.com.

8. All documents demonstrating Kevin Herrick's work product.

Request number 23 seeks to find communications between Plaintiff, Defendant, and/or Marcia Wong, number 24 seeks to find notes and meeting agendas and other documents sent primarily by Kevin Herrick while working for Science Club to Defendant and/or Marcia Wong. Numbers 23, 24, and 25 all serve to provide information necessary to refute Defendant's affirmative defenses and to prove Plaintiff's work for Tea Room, LLC. In particular, number 25 seeks email documents sent to special events and parties clients of Science Club, as Plaintiff arranged many, many parties at Science Club, conducted marketing efforts, and generated significant income for the business.

The email account at gmail served as Science Club's lifeline to the outside world. As such, its records serve as a record of the business' progress and prosperity, as well as of Herrick, Maguire, and Wong's relationship. Plaintiff has specifically and repeatedly stressed its importance to his case and has properly demanded production of the emails in this account. Defendant has neither produced these emails nor stated that these responsive documents have been destroyed.

Exhibit  H-3

Let me mention also that Maguire's policy, up to April 15, 2007, at least, was to archive emails rather than delete them. This means that old emails were labeled and that gmail's archive feature was used to remove them from the account's inbox and to an appropriate folder, also stored on the account. So all of these emails were saved. Considering that Science Club hosted about 5-10 parties per week, there will be hundreds of emails, perhaps a thousand, even, just in the parties category, not to mention the many emails sent as reminders, meeting notices, and other correspondence related to Science Club between Maguire, Herrick, and Wong.

The good news is that gmail.com is required to make daily backups of email accounts and that it keeps these for a number of years. So we can determine exactly what emails were present on April 15, 2007 when Plaintiff left Science Club, what emails were present on the day before Defendant Maguire was served with Plaintiff's Complaint, what emails were present prior to Defense Counsel's providing Defendant with a Letter of Preservation informing him of his duty not to destroy evidence, and, finally, what emails remain undeleted in the scienceclubdc@gmail.com account on February 7, 2008 when Defense received Plaintiff's document requests.

Even if Defendant deleted these emails in anticipation of this action, these emails exist and are within the Defendant's grasp. Defendant can likely request backups from gmail and the court can certainly order gmail to produce these backups. Defendant did not identify these responsive emails as existent nor did he claim any kind of reason why he did not produce them.

Production of these emails in accordance with the Federal Rules of Civil Procedure and in compliance with ethical standards will mean the end of any meaningful defense to this action for Maguire. Defense cannot hope to escape production of these existing emails either by use of current scienceclubdc@gmail.com files or from backups. If Defense contends that the prior document request was in any way deficient, let this letter also serve as Plaintiff's demand for these documents.

## II. files located on Science Club's computers

In addition to missing emails, Defendant's document production also entirely lacked any electronic files from Defendant's computers. Plaintiff's First Requests for Documents seeks production of these

 Exhibit H-4

electronic files in their original formats. Plaintiff has provided some backup files from his own computer showing at least some of these electronic files. Plaintiff's backup files are likely not the most recent copies of these files, however, and do not include all files stored on the Science Club computers, in any case. If Defendant has deleted these files, Defendant should have indicated that these responsive documents have been destroyed by him and also indicated when, after April 15, 2007, he destroyed them. Examples of missing files include (but are not limited to):

9.  spreadsheets showing Science Club expenditures, categorizing these; Profit & Loss reports; employee information showing hours worked; marketing lists; and other items, many created by Herrick working for Science Club.

10. Drafts of the Science Club Employee Manual created by Herrick.

11. Records of disputed credit card transactions resolved by Herrick.

12. Notes and agendas for meetings created by Herrick.

13. Reports such as the report on Heating and Air Conditioning needs and repairs created by Herrick.

14. Correspondence from Herrick to vendors and other business contacts while working at Science Club.

15. Drafts of the Science Club website, www.scienceclubdc.com as updated and worked on by Herrick.

16. Records of documentation created by Herrick for Science Club insurance, correspondence between Herrick and insurers.

These are just a few of the files existing on Science Club computers and not in the possession of Plaintiff. Since Plaintiff worked many hours in the Science Club office on Science Club machines, and since meetings were held between Maguire, Herrick, and/or Wong in the Science Club office, Science Club computers held, at least as of April 15, 2007, many files relevant to this action. If these files have

 Exhibit  H-5

been destroyed, Defendant must explain when and why he destroyed this evidence. Recovery of these files, while not as inexpensive and not as simple as recovery of the deleted gmail emails, is likely possible.

Plaintiff here demands the production of these files. If, for any reason, Defendant deems Plaintiff's First Requests for Documents insufficient in any way, let this letter also serve as a demand for production of these documents.

## III. Other documents not produced by Defendant

In addition to the responsive electronic documents mentioned above, Defendant has failed to produce, explain, or claim privilege as to other documents requested by Plaintiff. Plaintiff requested bank records and canceled checks, for example (see quoted text from Plaintiff's First Requests for Documents, below).

9. Bank records for all Tea Room business accounts, including but not limited to accounts at Eagle Bank and at Adam's National Bank.

10. Copies of cancelled checks written on Tea Room, LLC business accounts.

[as well as]

15. All documents related to the initial opening of Science Club including, but not limited to, documents relating to the lease on 1136 19th Street, SBA Loan, any and all financial transactions associated with the startup of the business, licensure, and build-out.

16. All documents related to the use, obligation, and/or expenditure of Plaintiff's initial $40,000.00.

17. All documents related to the use, obligation, and/or expenditure of Plaintiff's subsequent loan of $17,000.00.

Exhibit    H-6

18. All documents related to loans made by Kevin Herrick to you or to Tea Room, LLC.

19. All documents related to Steven Maguire's payment of any back taxes or tax bills or other measures necessary to secure a certificate of good standing with the District of Columbia.

Defendant also failed to produce his tax returns and/or Science Club tax returns for the year 2006 and 2007. He failed to explain whether or not tax returns for those years had been completed or not (see quoted text from Plaintiff's First Requests for Documents, below).

5. Your state (or District of Columbia) and federal tax returns for the years 2004, 2005, and 2006, including any revisions or amendments.

6. Any tax returns for the years 2004, 2005, and 2006 for Tea Room, LLC if different from those filed for Steven Maguire, personally.

As stated in my filings before the Court, Maguire was in dismal financial shape at least in February of 2006 when Plaintiff began working at Science Club. Plaintiff requested the documents, credit card bills, default letters, and credit counseling documents related to Defendant's financial state. As you know, Plaintiff contends that Defendant wrongfully omitted or mislead Plaintiff as to information about Defendant's ability to contribute to the opening of Science Club. Plaintiff handled, wrote checks for, and sought credit counseling for Maguire on these matters. Plaintiff created the files and filed the documents. Yet Maguire produced no responsive documents to this request (see quoted text from Plaintiff's First Requests for Documents, below).

Exhibit H-7

28. All documents related to your financial condition at all times relevant to this case, including, but not limited to, credit card bills and any debt.

Additionally, Plaintiff requested, "All documents, notes, information, drafts of operating agreements composed by Maguire's attorney at the 2004 meeting between Herrick, Maguire, and that attorney." (Plaintiff's First Requests for Documents, # 29). While Defendant produced an Operating Agreement created by Brett Orlove, Defendant did not produce any of Mr. Orlove's notes, information or drafts, did not claim these documents do not exist, and did not assert a privilege over these documents, if not within Defendant's possession, then within his control. As I understand it, he must get them from Mr. Orlove. Since Herrick and Maguire both met with Maguire's attorney Orlove, Orlove's notes and drafts may well not be privileged.

## IV. Defendant's Responses to Request for Admission

With regard to #3, the term "management team" should be clear, those people who operated as managers at Science Club, either serving as Alcohol Beverage Control Board (ABC) managers on duty or managing direct reports such as bar and kitchen staff. Maguire reasoned that since Wong and Herrick were both owners of Science Club, they could serve as ABC manager without the required license. Herrick did both and issued instructions to staff, as did Wong and Maguire (quote below from Defendant's Responses to Requests for Admissions).

3. Admit that you, Marcia Wong, and Kevin Herrick constituted the management team at Science Club.

Exhibit H-8

RESPONSE: Defendant objects to this Request on the grounds that it is vague, ambiguous, not likely to lead to the discovery of admissible evidence, and that "management team" is not defined. Subject to and without waiving the foregoing objections, Defendant denies this Request for Admission.

With regard to #4, each night at Science Club one person, either Maguire, Wong, or Herrick worked as manager, overseeing operations, collecting the cash at the end of the night. A manager is required by ABC. Herrick worked in this capacity on at least three occasions for an entire shift and more often for a partial shift when Maguire or Wong was unable to work (usually when on vacation) or late for work (quote below from Defendant's <u>Responses to Requests for Admissions</u>).

4. Admit that Kevin Herrick filled in shifts as manager at Science Club.

RESPONSE: Defendant objects to this Request on the grounds that it is vague, ambiguous, and because it fails to define the time or circumstances surrounding this Request. Subject to and without waiving the foregoing objections, Defendant denies this Request for Admission.

With regard to number 7, you have been asked to produce but have not produced copies of these canceled checks or bank records which will clearly show the "for" line of checks to Marcia Wong citing "draw". You are required by FRCP Rule 11 to conduct reasonable research into your client's claims which would include, in this case, your viewing these checks before making a false assertion and denying this fact. I believe this research will also produce checks written by someone other than Herrick, made payable

Exhibit H-9

to Wong, and including "draw" on the "for" line (quote below from Defendant's
Responses to Requests for Admissions).

> 7. Admit that payments taken by Marcia Wong also say "draw" on their "for"
> line, that Kevin Herrick did not write all of these checks to Wong, and that Wong
> did not loan Maguire or Tea Room any funds.

> RESPONSE:  Defendant objects to this Request on the grounds that it is vague,
> ambiguous, and compound.. Defendant further objects because it fails to define
> the time or circumstances surrounding this Request.  Without waiving the
> foregoing objections, Defendant denies this Request for Admission.

## V. Defendant's Reply to Plaintiff's Written Interrogatories

As of the writing of this letter I have not received Defendant's replies to my February
8, 2008 request.  According to our Rule 26(f) Report and agreement, these were due
fifteen days after February 8, which put them at February 25, since you stated they need
not be delivered on a weekend.  Per your email of February 25, 2008 at 10:55 PM, well
after the close of business for the day, you were unable to send them since your secretary
was ill.  I hope she recovers and is feeling better.  Judging by Defendant's previous,
insufficient responses to discovery and likely destruction of electronic evidence, I
anticipate these responses will be no more illuminating than what has come before.  In
any case, I must move forward in preparing for the bench trial date of March 7, 2008.

I reiterate, this letter is an attempt to resolve discovery differences in accordance with
applicable Federal Rules of Civil Procedure rules and any local rules that apply.
Defendant may not destroy evidence and must respond properly to my requests for

Exhibit   H-10

discovery production. Defense Counsel must comply with Rule 11 in performing reasonable inquiry and research into her client's claims and averments prior to making them and must meet the spirit of the rules for discovery as well as the letter. Withholding and/or destroying evidence including but not limited to the very documents Plaintiff returned to Defendant at Defendant's request in May of 2006, documents created by Plaintiff's own hand, and electronic records and emails is entirely unsatisfactory.

Your failure to timely respond to my legitimate discovery efforts has significantly impacted the overall timing of this civil action. In the event you require additional time to properly comply with discovery requests or to properly conduct the research required of you by Rule 11 before making assertions to the Court, I expect you to notice me immediately of that need, and to notify the Court of your inability to comply with our agreed-upon schedule. As you are aware, when you claimed my documents were due to you yesterday rather than today, I offered to upload the electronic files to your firm's ftp (file transfer protocol) site or other alternative. You have still not confirmed that your responses to my discovery requests are complete (excepting the replies to my Written Interrogatories, delayed due to your secretary's illness). I still do not know which attorney from your firm will be representing Maguire at trial.

As a pro-se Plaintiff, I am doing my best to meet the letter and spirit of the Federal Rules of Civil Procedure and Local Rules. Please provide me with your complete responses to my discovery requests immediately. If this information including electronic files and e-mails deleted by Maguire is not provided by noon on February 27, 2008, or a plan acceptable to me and in accordance with appropriate rules put in place by that time, I reserve the right to seek appropriate relief from the Court.

*Exhibit* H-11

Sincerely,

_____

Kevin Duncan Herrick
2478 Sandell Drive
Dunwoody, GA 30338-4548
Tel: (301) 830-2695
pro se Plaintiff


cc: Charles L. Freed, Partner, Thompson Hine, LLP

Exhibit   H-12

**CERTIFICATE OF SERVICE**

I, Kevin Herrick, hereby certify that, on February 26, 2008, I caused a true and correct copy of the foregoing **Plaintiff's Discovery Dispute Resolution Letter** to be served as follows:

*by fax* to (202) 331-8800
And

*by First Class Mail, postage prepaid to:*
Brooke Falk-McEnery, Counsel for Steven Maguire
Thompson Hine LLP
1920 N Street, N.W., Suite 800
Washington, D.C. 20036

_____
Kevin Herrick

Exhibit   H-13



Kevin Herrick <kevinduncanherrick@gmail.com>

# RE: settlement Herrick v Maguire

**Kevin Herrick <kevinduncanherrick@gmail.com>**                    **Fri, Jan 25, 2008 at 12:48 PM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Brooke, per our Rule 26(f) tele-Conference today, I am sending you a draft of my report to the Court on the Conference and my 26(a) Plaintiff Initial Disclosures. The draft of the report is truly a draft, I will notify you before submitting anything formall, of course and I need to review formatting and rules regarding the submission of the report before preparing the final. I am just sending it to you for any substantive changes, notations, or additions you would like to make so that we might submit one report (with any exceptions noted) or at least that my report accurately represents our discussion, in the event you choose to file your own report.

I think we had a productive discussion today and I look forward to hearing from you. I'm open to receiving a settlement offer from you at any time.

One thing that may speed any discovery would be admissions. Once I have a chance to review your pending substantive answer to the complaint (and I'll pick it up from Pacer as time is of the essence) I will submit an admissions request which may obviate the need for much of our discovery.

Thank you,
Kevin Herrick

[Quoted text hidden]

**2 attachments**

📄 **Plaintiff Initial Disclosures.doc**
    36K

📄 **FRCP 26f meeting.doc**
    39K

Exhibit I-1



Kevin Herrick <kevinduncanherrick@gmail.com>

# Herrick v. Maguire

3 messages

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**      **Fri, Feb 1, 2008 at 5:46 PM**
To: kevinduncanherrick@gmail.com

  <<Defendant's First Set of Requests for Production of Documents.pdf>>
Th <<Defendant's First Requests for Admission.pdf>> e attached Requests
for Production of Documents and Requests for Admission regarding the
above-referenced case are hereby sent on behalf of Brooke Falk.

---

**2 attachments**

📎 **Defendant's First Set of Requests for Production of Documents.pdf**
   186K

📎 **Defendant's First Requests for Admission.pdf**
   86K

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**      **Fri, Feb 1, 2008 at 5:52 PM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

received, thank you
[Quoted text hidden]

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**      **Sun, Feb 3, 2008 at 3:47 PM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Brooke, I'm hoping to receive your initial disclosures that you were going to try to get to me early the week of
Jan. 28.
Thanks.

[Quoted text hidden]

---

Exhibit J-1



BETA

Kevin Herrick <kevinduncanherrick@gmail.com>

# 26(f) report
7 messages

**Kevin Herrick <kevinduncanherrick@gmail.com>**
To: brooke.falk-mcenery@thompsonhine.com

Thu, Feb 7, 2008 at 11:09 AM

Brooke,

Here is my 26(f) report which I will mail to you and fax to you as well.  I am also sending the report to the Court.

Thank you,
Kevin Herrick

---

📄 **FRCP 26f meeting report_.doc**
66K

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

Thu, Feb 7, 2008 at 11:13 AM

You cant file that unilaterally with Steve's name on it. We did not agree to much of this. You brought this case pro se in federal court Kevin and need to follow same guidelines as an attorney.

> **From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
> **Sent:** Thursday, February 07, 2008 11:09 AM
> **To:** Falk-McEnery, Brooke
> **Subject:** 26(f) report
>
> [Quoted text hidden]

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Thu, Feb 7, 2008 at 11:15 AM

yes I realized the title was inappropriate and am changing it right now

sorry for that.

[Quoted text hidden]

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

Thu, Feb 7, 2008 at 11:19 AM

this is supposed to be a joint report. we are not to submit separate reports to the Court but you may do what you want.

---

Exhibit K-1

**From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
**Sent:** Thursday, February 07, 2008 11:16 AM
**To:** Falk-McEnery, Brooke
**Subject:** Re: 26(f) report

[Quoted text hidden]

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**                    **Thu, Feb 7, 2008 at 11:21 AM**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

btw, under the rules, by disclosures are due to you tomorrow

**From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
**Sent:** Thursday, February 07, 2008 11:16 AM
**To:** Falk-McEnery, Brooke
**Subject:** Re: 26(f) report

[Quoted text hidden]

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**                    **Thu, Feb 7, 2008 at 11:39 AM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Brooke, after thinking about this, I'll submit my own report to the court.
[Quoted text hidden]

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**                    **Thu, Feb 7, 2008 at 3:29 PM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Brooke, feel free to send me any proposed joint report, I include here a schedule which, I believe, allows for
us to make the March 7 date. If I do not hear from you on this I will file an individual report by five PM
tomorrow, Feb. 8 as I believe it is due then.

none of these dates is sacred, I am trying to come up with a schedule that allows for discovery and meets the
March 7 date

Kevin
770 394 6957

[Quoted text hidden]

---

📄 **proposed schedule.doc**
30K

Exhibit K-2

| PLAINTIFF'S PROPOSED DISCOVERY SCHEDULE | |
|---|---|
| Rule 26 tele-Conference | |
| Plaintiff served Defense Counsel with his Initial Disclosures | 01/25/08 |
| Defendant served Plaintiff with Initial Request for Admissions | 01/25/08 |
| Defendant served Plaintiff with Initial Document Request | 02/01/08 |
| Plaintiff sends Rule 26 Report to Defense Counsel and to Court | 02/01/08 |
| Defense Counsel to Reply with any modifications to Plaintiff and file with Court | 02/07/08 |
| Plaintiff proposes all first request for admission, first document request submitted via email and US Mail by both parties | 02/08/08 |
| Plaintiff proposes all First written interrogatories and any other First discovery not specifically mentioned in this plan be served by this date. | 02/12/08 |
| Plaintiff proposes all responses to First written interrogatories and any other discovery excluding First Document Requests and First Request for Admission be completed and delivered by this date. | 02/19/08 |
| Plaintiff proposes all depositions be scheduled the week of February 25 to February 29, 2008. | 02/22/08 |
| Plaintiff proposes all depositions be completed by this date. | 02/29/08 |

*Exhibit K-3*

 BETA

**Kevin Herrick <kevinduncanherrick@gmail.com>**

# FRCP 26f meeting report_
4 messages

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**          **Fri, Feb 8, 2008 at 12:26 PM**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

Kevin,

I have tracked changes in this document to jointly file. If we cannot agree on this, you may files your individually, and I will simply file objections and suggested revisions. The report as prepared was much more complicated than it needs to be, so I have eliminated a lot of the verbiage.

Thanks,
Brooke

📄 **FRCP 26f meeting report_.doc**
    91K

**Kevin Herrick <kevinduncanherrick@gmail.com>**          **Fri, Feb 8, 2008 at 12:46 PM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Brooke,

It looks fine to me, I suggest the following changes/clarifications:
depositions: can we agree on Feb 25/26 for me to be deposed if you so choose and Feb 27/28 for me to depose others including Steve?

And production of documents - my only concern here is that we exchange document request production at the same time. Pick any day you like, just let me know, I am working on putting together the doc's as time allows.

I plan to deliver one document request to you today and though I reserve the right to submit others, I do not plan on more than this one.

I have not attached a file, it's just those two changes which seemed necessary to me.

Please let me know,
Kevin Herrick

[Quoted text hidden]

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**          **Fri, Feb 8, 2008 at 2:37 PM**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

Kevin,

I need to look at calendar, but proposed deposition dates are consistent with taking depositions week of February 25th. We do not list individual dates for depositions in this report.

I will agree to a date to exchange documents of Thursday, February 21st. This does not alter when other

Exhibit L-1

discovery responses are due. We agreed to shorten the time to 15 days for those.

Thank you,

Brooke

> **From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
> **Sent:** Friday, February 08, 2008 12:47 PM
> **To:** Falk-McEnery, Brooke
> **Subject:** Re: FRCP 26f meeting report_
>
> [Quoted text hidden]

**Kevin Herrick <kevinduncanherrick@gmail.com>**              Fri, Feb 8, 2008 at 3:52 PM
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

OK
thanks, sign it on my behalf just fine

[Quoted text hidden]

Exhibit L-2



Kevin Herrick <kevinduncanherrick@gmail.com>

# Plaintiff's first written interrogatories

2 messages

**Kevin Herrick <kevinduncanherrick@gmail.com>**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>
Fri, Feb 8, 2008 at 10:57 AM

Brooke,

Please confirm receipt of attached written interrogatories.

Thank you,
Kevin Herrick

---

📄 **P written interrog.doc**
66K

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**
To: Kevin Herrick <kevinduncanherrick@gmail.com>
Fri, Feb 8, 2008 at 12:28 PM

received

---

**From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
**Sent:** Friday, February 08, 2008 10:57 AM
**To:** Falk-McEnery, Brooke
**Subject:** Plaintiff's first written interrogatories

[Quoted text hidden]

---

*Exhibit M-1*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**KEVIN DUNCAN HERRICK**

      **Plaintiff,**

  **v.**

**STEVEN M. MAGUIRE**

     **Defendant.**

CIVIL ACTION NO.07-1675 (JR)

## Plaintiff Kevin Duncan Herrick's First Set of Interrogatories for Defendant Maguire

**PLEASE TAKE NOTICE** that in accordance with Rule 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff Kevin Herrick, proceeding *pro se*, hereby requests that Defendant, Steven Maguire (hereinafter referred to as "Defendant"), within fifteen (15) days of receipt hereof, as previously discussed, or within thirty (30) days of receipt hereof if unwilling, answer in writing, separately and under oath, the following interrogatories. The answers hereto should include all information known up to the date of the verification thereof, subject to the continuing duty of disclosure. The answers should be submitted to Kevin Herrick at 2478 Sandell Drive, Dunwoody, GA 30338-4548.

## INSTRUCTIONS

The information sought must be given under oath whether it is secured by you, your agent, servant, representative or attorney, or any other person who has made this knowledge known to you, or from whom you can obtain this information and who is competent to testify to the facts stated. These Interrogatories shall be deemed continuing and supplemental answers and responses shall be required immediately upon receipt thereof, if the defendant either directly or indirectly obtains further or different information from the time the answers are served to the time of trial.

  A.  You are to furnish all information available to you, and to your agents and employees, in answering the following Interrogatories. You are to designate which of such information is not

Exhibit M-2

within your personal knowledge, and as to that information you are to state the name and
address of every person from whom it was received, or, if the source of the information is
documentary, a full description of the document including its location.

B. If any information required to answer any Interrogatory is withheld because you claim such
information is privileged or is contained in a privileged document and/or communication:
1. Identify each such document and/or communication;
2. Set forth the privilege and the factual basis upon which the privilege is claimed; and
3. State the paragraph of the Interrogatory to which each document and/or communication is
responsive.

C. As used herein, all terms including "and" and "or" shall be construed either conjunctively or
disjunctively as required by the context to include in the response any document that might be
deemed responsive by any other construction.

D. When an Interrogatory or any of its sub-parts calls for you to "set forth the factual basis" of one
of your allegations, answers or contentions, that request calls for you to set forth each fact and
identify each document and oral communication which you contend tends to support your
allegation, answer or contention and identify each person who possesses facts supporting your
allegation, answer or contention.

E. Any term used in the singular shall be deemed to include the plural where appropriate and vice
versa.

F. Whenever an Interrogatory herein requires you to describe an act or action, omission, meeting,
conference, discussion, occurrence, happening, instance or event, you are to provide a full
description thereof, including a statement setting forth (i) the date and place thereof; (ii) the
identity of each oral communication involved and each document which refers to or which was
prepared or made during the course thereof or as a consequence thereof; and (iii) the identity of
all individuals who were witnesses or participants.

G. Whenever an Interrogatory calls for information with respect to "each" one of a particular type
of class of matters, events, individuals, or entities, of which there is more than one, you are
requested to separately list, set forth, or identify for each thereof all of the information called
for.

H. Whenever an answer reflects, refers or relates to a document, you must produce said document.


## DEFINITIONS

As used herein:

A. "Address" means the present or last known street name and number, city or town, state and zip
code.

B. "Document" or "document" or "paper" or "Paper" means, by way of illustration and not by way
of limitation, the following items, whether printed or recorded or reproduced by any other
mechanical process, written, produced by hand or produced by or stored in a computer,
regardless of origin or location: books, records, communications, reports, correspondence,
letters, telegrams, memoranda, summaries or records of telephone conversations, summaries or
records of personal conversations or interviews, applications, booklets, brochures, catalogues,
circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other
communications (including, but not limited to, inter- and intra-office communications),
purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements,
options to purchase, memoranda of agreements, assignments, licenses, books of account,
orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, cancelled
checks, bank statements, bank passbooks, confirmations, statements of accounts, analyses,

Exhibit M-3

diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written or printed matter of any kind, or any other and all other data compilations from which information can be obtained and translated if necessary.

C.  "Identify," "identity," or "identification" means, when used in reference to:

    1.  a natural person, his or her:
        a.  full name;
        b.  home address;
        c.  business address; and
        d.  present or last known position, business affiliation, and job title or description.

    2.  a company, corporation, association, partnership, or any legal entity other than a natural person:
        a.  its full name;
        b.  a description of the type of organization or entity;
        c.  the address of its principal place of business;
        d.  the jurisdiction of its incorporation or organization; and
        e.  the date of its incorporation or organization.

    3.  a document:
        a.  its description (for example, letter, memorandum, report, etc.);
        b.  its title;
        c.  its date;
        d.  the number of pages thereof;
        e.  its subject matter;
        f.  the identity of its author, signer, and any person who participated in its preparation;
        g.  the identity of its addressee or recipient;
        h.  the identity of each person to whom copies were sent and each person by whom copies were received;
        i.  its present location; and
        j.  the identity of its custodian. (If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when).

    4.  an oral communication:
        a.  the date and time when it occurred;
        b.  the place where it occurred;
        c.  the complete substance of the communication;
        d.  the identity of each person:
            i.  to whom such communication was made;
            ii.  by whom such communication was made; and
            iii.  who was present when such communication was made.
        e.  if by telephone:
            i.  the identity of each person:
                a.  who made each phone call;
                b.  who participated in each call;
            ii.  the place where each person participating in each call was located;
        f.  the identity of all documents memorializing, referring or relating in any way to the subject matter of the communication.

D.  "Oral communication" or "oral communications" means any verbal conversation or other

Exhibit M-1

statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

E.  "Person" or "persons" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

F.  As used herein, the terms "you," "your," "Defendant" mean Defendant Steven Maguire to whom these Interrogatories are directed, and its agents, servants, employees, representatives, affiliates, partners, subsidiaries, successors, predecessors and assigns.

G.  As used herein, the term "plaintiff" means Kevin Herrick.

H.  The term "complaint" means the complaint in the above-captioned matter.

## INTERROGATORIES

1.  Identify and explain the business relationship between Steven Maguire and Marcia Wong.
2.  Identify and explain the process for handling emails at Tea Room, LLC, including archiving, retention, identity of email account(s).
3.  Identify and explain what Plaintiff's specific responsibilities and duties were with regard to any services rendered to Defendant and/or Tea Room, LLC from February, 2006 to April 15, 2007.
4.  Identify and explain any volunteer activity or uncompensated services performed by Plaintiff for Tea Room, LLC and/or Defendant from February 2006, to April 15, 2007.
5.  Explain the process through which Plaintiff's initial $40,000.00 investment in Tea Room, LLC became a loan.
6.  Identify and explain any loan agreement between Defendant and Plaintiff regarding Plaintiff's initial $40,000.00 investment.
7.  Identify and explain any business agreement between Marcia Wong and Steve Maguire and/or Tea Room, LLC, and provide dates for the beginning of any agreements.

PLEASE NOTE THAT the Plaintiff will object to the introduction at trial of any document which is not produced in response to the foregoing interrogatories and to any evidence about any requested document which has not been revealed by an appropriate response to these interrogatories.

Dated: February 08, 2008.

_____

Kevin Duncan Herrick

2478 Sandell Drive

Dunwoody, GA 30338-4548

Tel: (301) 830-2695

pro se Plaintiff

Exhibit M-5

**CERTIFICATE OF SERVICE**

I, Kevin Herrick, hereby certify that, on February 08, 2008, I caused a true and correct copy of the foregoing **Plaintiff Kevin Duncan Herrick's First Set of Interrogatories for Defendant Maguire** to be served as follows:

*by electronic mail to:*

Brooke.Falk@ThompsonHine.com

And

*by First Class Mail, postage prepaid to:*

Brooke Falk-McEnery, Counsel for Steven Maguire

Thompson Hine LLP

1920 N Street, N.W., Suite 800

Washington, D.C. 20036


_____

Kevin Herrick

Exhibit M-6



Kevin Herrick <kevinduncanherrick@gmail.com>

# Maguire's Initial Disclosures.pdf

2 messages

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**      **Fri, Feb 8, 2008 at 12:39 PM**
To: kevinduncanherrick@gmail.com

> **Maguire's Initial Disclosures.pdf**
> 81K

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**      **Fri, Feb 8, 2008 at 12:49 PM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

received, thanks

On 2/8/08, **Falk-McEnery, Brooke** <Brooke.Falk@thompsonhine.com> wrote:

---

*Exhibit N-1*

Brooke Falk, DC Bar No. 492513
Thompson Hine LLP
1920 N Street, N.W.
Suite 800
Washington, DC 20036
Telephone: 202.263.4159
Facsimile: 202.331.8330
Email: Brooke.Falk@ThompsonHine.com

Attorneys for Defendant Steven Maguire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN DUNCAN HERRICK | ) ) ) | Case No.: 07-1675 |
| Plaintiff, | ) ) | Hon. James Robertson (JR/JF) |
| v. | ) ) | INITIAL DISCLOSURES |
| STEVEN MAGUIRE | ) ) | OF DEFENDANT STEVEN MAGUIRE |
| Defendant. | ) ) ) | |

Defendant Steven Maguire ("Defendant ") makes the following initial disclosures

pursuant to Fed.R.Civ.P. 26(a)(1). Defendant makes these disclosures without waiver of his

right to supplement, amend, or withdraw any disclosure made and without waiver of any

objection, including the assertion of any applicable privilege concerning the admissibility at trial

of information or material so disclosed. Subject to this, Defendant discloses as follows:

I.    **Persons With Discoverable Information (Fed.R.Civ.P. 26(a)(1)(A)):**

- Steven Maguire, 1754 Lanier Place, Washington, DC 20009, phone (202) 415-2699

*Exhibit N-2*

- Kevin Herrick, 2478 Sandell Drive, Dunwoody, Georgia 30388, phone (301) 830-2695

- Marcia Wong, 2141 I Street, NW, Washington, DC 20037.

**II.    Documents (Fed.R.Civ.P. 26(a)(1)(B)):**

A.    Copies of draw checks written to/by Kevin Herrick.

B.    Copies of any applicable tax forms to Kevin Herrick, including 1099's

and/or W2's.

C.    All documents attached to the Complaint filed by Plaintiff.

**III.    Computation by category of damages claimed (Fed.R.Civ.P. 26(a)(1)(C)):**

Defendant's position is that Herrick has been more than made whole, and there are no

damages in this case.

**IV.    Copies of any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the instant action or to indemnify or reimburse for payments made to satisfy the judgment (Fed.R.Civ.P. 26(a)(1)(D)):**

No insurance agreement is applicable for the instant claims.

I hereby certify that to the best of my knowledge, information and belief, formed after a

reasonable inquiry, this disclosure is complete and correct as to the matters covered and as of the

time it is made.

Dated:  February 8, 2008                    THOMPSON HINE LLP

By: _Brooke Falk McEnery_
Brooke Falk-McEnery
Attorneys for Defendant Steven Maguire
1920 N Street, N.W., Suite 800
Washington, D.C. 20036
Telephone - (202) 331-8800
Facsimile – (202) 331-8330

2

Exhibit N-3

## CERTIFICATE OF SERVICE

I am a citizen of the United States, over the age of eighteen years and a not a party to the within action. I am employed in Washington, DC. My business address is 1920 N Street, N.W., Suite 800, Washington, DC 20036. On this date I caused the following document to be served:

### INITIAL DISCLOSURES OF DEFENDANT STEVEN MAGUIRE

By Hand Delivery to the following:

Plaintiff Kevin Duncan Herrick

I declare under penalty of perjury that the above is true and correct.

Brooke Falk-McEnery

3

Exhibit N-4



Kevin Herrick <kevinduncanherrick@gmail.com>

# Plaintiff's first request for production of documents
11 messages

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

**Thu, Feb 7, 2008 at 3:20 PM**

Brooke,
Please acknowledge receipt, call with any questions.
Kevin Herrick
(770) 394-6957 home

📄 **Plaintiff first request for documents.doc**
60K

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

**Thu, Feb 7, 2008 at 3:22 PM**

received, thank you

> **From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
> **Sent:** Thursday, February 07, 2008 3:21 PM
> **To:** Falk-McEnery, Brooke
> **Subject:** Plaintiff's first request for production of documents
>
> [Quoted text hidden]

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

**Thu, Feb 21, 2008 at 9:35 AM**

Brooke,

I believe we agreed on fifteen days for you to reply to my first request for documents and other discovery requests, which would put the request for documents on Feb. 22 and the replies to request for admissions on Feb. 23 as well as written interrogatories reply on Feb. 23. I'm not sure how you want to handle the Feb. 23 date (whether you will submit on a Saturday or wait till Monday, Feb. 25).

We had agreed on simultaneous production of documents, so tell me which date you'd like me to send you paper and electronic copies and how we're agreeing to do that (i.e. overnight, etc) and I'll work on exchanging with you.

Thank you,
Kevin Herrick
770 394 6957

[Quoted text hidden]

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**

**Fri, Feb 22, 2008 at 9:37**

*Exhibit O-1*

**AM**

To: Kevin Herrick <kevinduncanherrick@gmail.com>

Kevin,

I will send you responses to requests for admission and interrogatories on Monday as rules don't provide for service on weekends or holidays. The documents are at my office and bates labelled. I have also had them burned to a CD. Please let me know how you would like these. I can have my secretary fedex you a set of hard documents, and the CD if that would be best.

Thanks,
Brooke

Also, I am in receipt of your email regarding other attorney information. We are quite busy with trials so am trying to figure out who will be trying this. I will let you know.

---

From: Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
Sent: Thu 2/21/2008 9:35 AM
To: Falk-McEnery, Brooke
Subject: Re: Plaintiff's first request for production of documents
[Quoted text hidden]

**Kevin Herrick <kevinduncanherrick@gmail.com>**                                  **Fri, Feb 22, 2008 at 11:00 AM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Brooke,
Certainly Fedex the CD to me.  I've no idea how many hard copy documents you're sending.  I'd say either send them by Fedex or UPS ground, whichever is appropriate considering the quantity/weight.

glad to hear your business is good

Kevin

[Quoted text hidden]

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**                          **Mon, Feb 25, 2008 at 2:18 PM**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

Kevin,

Your documents were to be here today. Please provide the tracking information for the package as I have not received anything.

Thank you,
Brooke

**From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
**Sent:** Friday, February 22, 2008 11:01 AM
[Quoted text hidden]

Exhibit O-2

[Quoted text hidden]

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**      **Mon, Feb 25, 2008 at 3:25 PM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Brooke,
I'm in receipt of one fedex box containing docs mag0001 through mag0454 and a cd copy of same. Is this all you will produce in response to my document requests? I note there are no emails from scienceclubdc@gmail.com as requested, none of Maguire's credit card default statements or info about his financial conditions, no bank records... just to name a few.

Is it your position that there exist no responsive emails? There should be hundreds.
What about the bank records and canceled checks showing Maguire's payment of his back taxes? There are too many documents missing for me to reference them all here. Just let me know if I should expect any other documents from you.

Here is the tracking info you wanted, usps EH124950125US. I mailed it early this morning, should be in your hands by noon tomorrow. I expected you to UPS ground ship me thousands of pages but it seems like you're not going to do that. Again, please let me know what happened to all the emails, electronic files, and bank records.

Please let me know.

Thank you,
Kevin Herrick
301 830 2695
770 394 6957


[Quoted text hidden]

**CCF02252008_00002.jpg**
782K

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**      **Mon, Feb 25, 2008 at 5:15 PM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Brooke, I'm hoping you can send the responses mentioned below.
Thank you,
Kevin Herrick


[Quoted text hidden]

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**      **Mon, Feb 25, 2008 at 5:18 PM**

*Exhibit O - 3*

To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Brooke, also, I'm sure your firm has an ftp (file transfer protocol) site. If you decide that you absolutely need these documents today, and if no further response to my document request is forthcoming, I'm happy to upload the files to your ftp site.

Kevin

[Quoted text hidden]

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**                    **Tue, Feb 26, 2008 at 10:20 AM**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

Kevin,

I will be producing additional documents to you today, including emails. I will also send me my written responses to your document requests, including my objections.

Thank you,
Brooke

> **From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
> **Sent:** Monday, February 25, 2008 3:25 PM
> **To:** Falk-McEnery, Brooke
> [Quoted text hidden]

[Quoted text hidden]

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**                    **Tue, Feb 26, 2008 at 2:12 PM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

I'll be glad to receive these documents, but I do not understand why you did not include them or tell me about them. I told you earlier when we worked out our joint Rule 26(f) report that I was concerned about producing documents for Maguire prior to Maguire's producing them for me. You agreed to a simultaneous exchange. Now that you have received my documents, you produce e-mails that should have been exchanged simultaneously.

This is precisely the result I hoped to avoid.

You told me my documents were due yesterday. Since we were exchanging simultaneously, that would indicate you had sent me all your documents. I even offered to upload the documents in electronic form yesterday. Will this next shipment of documents constitute your complete response?

Thank you,
Kevin Herrick

[Quoted text hidden]

*Exhibit D-4*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**KEVIN DUNCAN HERRICK**

       **Plaintiff,**

  v.

**STEVEN M. MAGUIRE**

       **Defendant.**

CIVIL ACTION NO.07-1675 (JR)

## Plaintiff Kevin Duncan Herrick's First Set of Requests for Production of Documents

1. Plaintiff Kevin Duncan Herrick, proceeding *pro se,* pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that, within 15 days of service, as previously discussed by both parties, or within 30 days of service if Defendant is unwilling to comply, Defendant Steven Maguire, respond to these Requests and produce for inspection and copying to *pro se* Plaintiff Kevin Herrick, the documents described herein.

### DEFINITIONS

Unless negated by the context of the specific Request, the following definitions shall apply:

1. "You," "your," and "Defendant" means Steven Maguire.
2. The term "communication" means any transmission, exchange, or making known of information, facts, ideas, opinions, inquiries, or thoughts by oral, written, electronic, pictoral, or other means, including, but not limited to, personal conversations, conferences, telephone conversations, memoranda, letters, correspondence, reports and publications, and shall include any means of conveying a message from one or more persons to one or more persons including, but not limited to, electronic mail and voice mail. The term "communication" shall be given the broadest possible interpretation.
3. The term "document" means all written, recorded, or graphic materials of any kind in the possession, custody, or control of Defendant, including, but not limited to, correspondence,

*Exhibit O-5*

memoranda, reports, studies, agreements, contracts, letters, telegrams, diaries, meeting minutes, pamphlets, notes, charts, tabulations, maps, photographs, drawings, records (tape, disc or other) of any communication, tapes, slides, computer files, statements, invoices, purchase orders, reports of decisions of state or federal government agencies, telegrams, summaries or records of telephone conversations, summaries or records of personal interviews, diaries, graphs, notebooks, note charts, plans, sketches, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, films, brochures, pamphlets, advertisements, circulars, press releases, drafts, marginal comments appearing on any document, microfilm, microfiche, computer printouts, programs, tapes, cassettes, disks, electronic mail, magnetic drums, and punch cards, all data stored in computer banks, all non-identical copies of any item listed above and all other writings of any kind. The term "computer files" means any information, including data and software, stored in or accessible through any computer or other information retrieval system, together with all instructions and other materials necessary to use or interpret such documents. The term "document" also includes, without limitation, drafts and copies of documents that are not identical duplicates. Additionally, any and all attachments or enclosures to a document are deemed to be part of the document, and non-identical copies of the document (whether different from the original because of notes made on the copy or otherwise) are deemed to be distinct documents. "Document" should be given its broadest possible interpretation.

4. The terms "relate" or "relating" mean constitute, consist of, discuss, refer to, reflect on, arise out of, or in any way or manner, directly or indirectly, in whole or in part, are legally, factually, or logically connected with the matter discussed.

5. the terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these interrogatories the broadest possible range of information.

## GENERAL INSTRUCTIONS

1. You are requested to produce the documents as they are kept in the usual course of business or you may organize and label the produced documents to correspond by number with these Requests.

2. The documents requested herein shall include all documents in your possession, custody, or control and all documents that you can obtain from partnters, attorneys, investigators, agents, affiliates, or other representatives.

3. You are required to make a diligent search of all records and materials in your possession, custody, or control to satisfy your obligation to respond fully and completely to the requests.

4. You are requested to produce the original of all documents called for herein, as well as any copies of documents bearing any mark or notation not present in the original.

5. If you cannot or do not produce all documents responsive to a request, you should so state and should produce as many responsive documents as you can produce.

6. If you withhold a document from production based on a claim of privilege, you must provide for each such document a statement of the claim of privilege and all facts relied on in support thereof, including, but not limited to, the authors, addresses, and other recipients, dates, titles, subject matters, location, and request or requests to which the document is responsive. For each author, addressee, and recipient, state the person's full name, title, and employer or firm, and denote all attorneys with an asterisk. For each document withheld under a claim that it constitutes or contains protected work product, you shall provide all of the information required herein for privileged communications and also state whether you assert that the document was prepared in anticipation of litigation or for trial and, if so, identify that litigation. You must provide all non-privileged portions of any responsive document claimed to be privileged or protected.

7. Whenever necessary to bring within the scope of a request the broadest possible range of

Exhibit O-6

information, the singular form of a word shall be interpreted as plural and references to one gender shall include the other gender.

8. Unless otherwise specified in a particular Request, these Requests encompass the period from June 1, 2004 to the present.
9. These Requests are of a continuing nature and you are required to serve supplemental responses if you obtain or become aware of additional responsive documents after the date of your initial response.

## DOCUMENT REQUESTS

1. All documents that support, rebut, or relate to, including, but not limited to, those documents upon which you rely to defend against the allegations set forth in Plaintiff's Complaint.
2. All documents that you intend to use as exhibits at trial in this case.
3. Your state (or District of Columbia) and federal tax returns for the years 2004, 2005, and 2006, including any revisions or amendments.
4. Any tax returns for the years 2004, 2005, and 2006 for Tea Room, LLC if different from those filed for Steven Maguire, personally.
5. Any and all correspondence and/or communication between yourself and Kevin Herrick relating to the instant action.
6. All documents relating to any damages claimed in Plaintiff's Complaint.
7. Bank records for all Tea Room business accounts, including but not limited to accounts at Eagle Bank and at Adam's National Bank.
8. Copies of cancelled checks written on Tea Room, LLC business accounts.
9. Copies of all correspondence written by Kevin Herrick.
10. All documents related to the initial opening of Science Club including, but not limited to, documents relating to the lease on 1136 19th Street, SBA Loan, any and all financial transactions associated with the startup of the business, licensure, and build-out.
11. All documents related to the use, obligation, and/or expenditure of Plaintiff's initial $40,000.00.
12. All documents related to the use, obligation, and/or expenditure of Plaintiff's subsequent loan of $17,000.00.
13. All documents related to loans made by Kevin Herrick to you or to Tea Room, LLC.
14. All documents related to Steven Maguire's payment of any back taxes or tax bills or other measures necessary to secure a certificate of good standing with the District of Columbia.
15. All documents with any reference to Kevin Herrick as Office Manager of Science Club.
16. All documents with any reference to Kevin Herrick as Book Keeper of Science Club.
17. All documents with any reference to Kevin Herrick as partner, business partner, or owner of Science Club and/or Tea Room, LLC.
18. All time sheets or records of time worked by Science Club employees.
19. All time sheets or records of time worked by Kevin Herrick.
20. All documents related to Kevin Herrick's work at Science Club and for Tea Room, LLC, whether considered voluntary work by you or compensated work by you.
21. All documents related to any employment contract or compensation agreement between Kevin Herrick and you or Science Club/Tea Room, LLC.
22. All documents referencing Marcia Wong.
23. All email sent from or received by the email address scienceclubdc@gmail.com with a sender or recipient or carbon copy address of kdh2@gwu.edu, smaguire@mail.com, and/or ilovemarcia@gmail.com or any other alias email address of Kevin Herrick, Steven Maguire, or Marcia Wong.
24. All email sent from scienceclubdc@gmail.com to scienceclubdc@gmail.com.
25. All documents demonstrating Kevin Herrick's work product.
26. All copies of drafts or executed operating agreements, including, but not limited to, proposed

Exhibit D-7

operating agreements between Steven Maguire and any other party.
27. All documents explaining or referencing Tea Room, LLC policies.
28. All documents related to your financial condition at all times relevant to this case, including, but not limited to, credit card bills and any debt.
29. All documents, notes, information, drafts of operating agreements composed by Maguire's attorney at the 2004 meeting between Herrick, Maguire, and that attorney.
30. All documents related to Herrick and Maguire's business relationship.
31. Statements, representations, documents, or any other communication related to business, borrowing of money, seeking of investment, and planning business details and strategy by Defendant related to Tea Room, LLC or Science Club.
32. Marcia Wong and her relation to Tea Room, LLC, Maguire, and/or Kevin Herrick.
33. All communications between Marcia Wong and Herrick.
34. All communications between Maguire and Marcia Wong.
35. Any document or record relating to a business relationship between Marcia Wong and Maguire or Marcia Wong and Herrick.
36. Any document or record relating to any business ties, relationship, agreements, or communications with respect to Jeannette Wong, Marcia Wong's mother.

Dated: February 07, 2008.

Kevin Duncan Herrick

2478 Sandell Drive

Dunwoody, GA 30338-4548

Tel: (301) 830-2695

pro se Plaintiff

## CERTIFICATE OF SERVICE

I, Kevin Herrick, hereby certify that, on February 07, 2008, I caused a true and correct copy of the foregoing Plaintiff Kevin Duncan Herrick's First Set of Requests for Production of Documents to be served as follows:

*by electronic mail to:*

Brooke.Falk@ThompsonHine.com

And

*Exhibit O-8*

*by First Class Mail, postage prepaid to:*

Brooke Falk-McEnery, Counsel for Steven Maguire

Thompson Hine LLP

1920 N Street, N.W., Suite 800

Washington, D.C. 20036

_____

Kevin Herrick

*Exhibit O-9*



Kevin Herrick <kevinduncanherrick@gmail.com>

# Herrick v. Maguire
3 messages

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**     **Wed, Feb 27, 2008 at 12:27 PM**
To: kevinduncanherrick@gmail.com

  <<Falk letter to Herrick re discovery.pdf>> Please see the attached correspondence sent on behalf of Brooke Falk-McEnery.

Katie McKeogh
Legal Secretary
Business Litigation
Thompson Hine LLP
1920 N Street, NW, Suite 800
Washington, DC 20036

Direct: (202) 263-4158
Fax: (202) 331-8330
katie.mckeogh@thompsonhine.com

---

📎 **Falk letter to Herrick re discovery.pdf**
  43K

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**     **Wed, Feb 27, 2008 at 2:37 PM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Brooke,

I received your place-holder letter. I'd asked you when I will receive complete replies to discovery which is overdue. In your letter you only commit to doing what you're required to do and have already failed to do on time. Please supply me with details telling me when you will respond, by what means you will respond, and to what degree you will respond. You could send a list of emails and documents, etc.

Time is the issue, you have not asked for more time, you have only failed to comply with agreed-upon deadlines under the excuse that you are too busy.

Kevin herrick

[Quoted text hidden]

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**     **Wed, Feb 27, 2008 at 3:12 PM**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

Kevin,

You will receive the responses to request for production via email today. I will be sending the rest of the documents I am producing via overnight mail. You will receive the interrogatory responses tomorrow.

I will still be working on this case through the trial date, and Kip Schwartz in my office will likely be trying it.

*Exhibit P-1*

Brooke

---

**From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
**Sent:** Wednesday, February 27, 2008 2:37 PM
**To:** Falk-McEnery, Brooke
**Subject:** Re: Herrick v. Maguire

[Quoted text hidden]

---

Exhibit P-2

# THOMPSON HINE

ATLANTA   CINCINNATI   COLUMBUS   NEW YORK
BRUSSELS   CLEVELAND   DAYTON   WASHINGTON, D.C.

February 27, 2008

VIA ELECTRONIC MAIL

Kevin Herrick
2478 Sandell Drive
Dunwoody, Georgia  30338-4548

     Re:    Herrick v. Maguire, Civil Action No. 07-1675

Dear Kevin:

    I am responding to your letter of February 26, 2008. You are correct that the rules require us to attempt to resolve discovery disputes prior to filing a motion to compel with the Court.

    I will send you my written responses and objections to your Requests for Production. I will also send you the remainder of the relevant, responsive documents that are being bates labeled for purposes of production in this case. As I told you on the phone during our 26(f) conference, however, and as I raised again in the 26(f) report, many of the subject areas for which you are seeking documents are not relevant and not pertinent to the instant action. Overall, your requests are broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. Further, much of what you have requested is not in the custody or control of Steve Maguire.

    Frankly, given the self-imposed tight deadlines in this case and given the Court's specific instruction that there was to be "limited discovery" here, I am and have been more than reasonable. If you still feel after you receive the remainder of these documents and my responses that you are entitled to additional information, feel free to call me to discuss. If we still cannot agree, you are certainly within your right to file a motion with the Court explaining your position.

                        Sincerely,

                        Brooke Falk-McEnery

THOMPSON HINE LLP      1920 N Street, N.W.      www.ThompsonHine.com
ATTORNEYS AT LAW      Washington, D.C. 20036-1600   Phone 202.331.8800
                                     Fax 202.331.8330

Exhibit P-3



**Kevin Herrick <kevinduncanherrick@gmail.com>**

---

# Defendant's Responses to Requests for Admission
7 messages

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**     **Mon, Feb 25, 2008 at 10:55 PM**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

Kevin,

Please find attached Responses to Requests for Admission. My secretary was out sick today, so I will send responses to interrogatories tomorrow.

Thank you,
Brooke

---

📄 **Defendants Responses to Requests for Admission - v1.DOC**
62K

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**     **Tue, Feb 26, 2008 at 12:01 AM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Well I hope your secretary feels better.
[Quoted text hidden]

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**     **Tue, Feb 26, 2008 at 2:09 PM**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

Please let me know when I will receive the rest of your relevant and responsive documents. Thank you.

---

**From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
**Sent:** Tuesday, February 26, 2008 12:01 AM
**To:** Falk-McEnery, Brooke
**Subject:** Re: Defendant's Responses to Requests for Admission

[Quoted text hidden]

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**     **Tue, Feb 26, 2008 at 2:50 PM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

Brooke, I only sent the one overnight envelope containing 2 cd's and less than 250 pages of paper.

I realized I should include a letter responding to each of your points so I've done that. Here it is.

Be aware that, unlike your production, the CD contains files in their original format that are not reproduced on paper. There are also a few pieces of paper that do not have a corresponding electronic file, such as my tax returns.

thank you,
Kevin

*Exhibit Q-1*

[Quoted text hidden]

---

 **Herrick document response.doc**
50K

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**        **Tue, Feb 26, 2008 at 4:13 PM**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

Your tax returns are not included in the documents you sent me. Nor is the 1099 you refer to you in your letter.

> **From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
> **Sent:** Tuesday, February 26, 2008 2:50 PM
> **To:** Falk-McEnery, Brooke
> **Subject:** Re: Defendant's Responses to Requests for Admission
>
> Brooke, I only sent the one overnight envelope containing 2 cd's and less than 250 pages of paper.
>
> I realized I should include a letter responding to each of your points so I've done that. Here it is.
>
> Be aware that, unlike your production, the CD contains files in their original format that are not reproduced on paper. There are also a few pieces of paper that do not have a corresponding electronic file, such as my tax returns.
>
> thank you,
> Kevin
>
> On 2/26/08, **Falk-McEnery, Brooke** <Brooke.Falk@thompsonhine.com> wrote:
> > Please let me know when I will receive the rest of your relevant and responsive documents. Thank you.
> >
> > > **From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
> > > **Sent:** Tuesday, February 26, 2008 12:01 AM
> > > **To:** Falk-McEnery, Brooke
> > > **Subject:** Re: Defendant's Responses to Requests for Admission
> > >
> > > Well I hope your secretary feels better.
> > >
> > > On 2/25/08, **Falk-McEnery, Brooke** <Brooke.Falk@thompsonhine.com> wrote:
> > > > Kevin,
> > > >
> > > > Please find attached Responses to Requests for Admission. My secretary was out sick today, so I will send responses to interrogatories tomorrow.
> > > >
> > > > Thank you,
> > > > Brooke

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**        **Tue, Feb 26, 2008 at 4:41 PM**

Exhibit Q-2

To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

They were not included in an electronic format. They were included in paper format. Nevertheless, here they are. 1099 follows in another email, don't want to send too much at once. Remember, I don't think this 1099 for me was filed, I think the one for Marcia was filed. I filled them both out at the office and took the sheet home to work on more there, since I didn't know how to handle my own tax status.

[Quoted text hidden]

**3 attachments**



**1099_.JPG**
2437K

**md2006_01.JPG**
2575K

**md2006_02.JPG**
2274K

---

**Kevin Herrick <kevinduncanherrick@gmail.com>**          Tue, Feb 26, 2008 at 5:13 PM
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

and here you will find my federal returns, please be so kind as to redact my social security number should you choose to make any of my tax returns part of the record.

[Quoted text hidden]

---

**5 attachments**

*Exhibit Q-3*



**fed01.jpg**
1060K

**fed02.jpg**
1087K

**fed03.jpg**
868K

**fed04.jpg**
793K

**fed05.jpg**
864K

*Exhibit Q-1*



Exhibit Q-5

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

)

**KEVIN DUNCAN HERRICK,** )

)

**Plaintiff,** )

)

**v.** ) **Case No. 1:07-cv-01675**

)

) **Hon. James Robertson**

**STEVEN M. MAGUIRE,** )

)

**Defendant.** )

)

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Defendant Steven Maguire, by and through his attorneys, submits the following response to Requests For Admissions Pursuant to Rule 36 directed to Defendant by Plaintiff Kevin Herrick ("Plaintiff").

## GENERAL OBJECTIONS

1. Defendant objects to these requests to the extent they call for any information that is not reasonably calculated to lead to the discovery of admissible evidence or that is not relevant to the subject matter of the pending action. Defendant further objects to these requests to the extent they call for material that is: (i) unreasonably cumulative or duplicative; (ii) obtainable from some other source that is more convenient, less burdensome or less expensive; or (iii) already available to Plaintiff or has already been provided to Plaintiff.

2. Defendant's response to these discovery requests are based upon a diligent review of information presently available to Defendant. Because investigation of the facts pertaining to this pending action is continuing and pretrial discovery has not yet been completed, Defendant reserves the right to amend or supplement these responses.

3. Defendant objects to these discovery requests to the extent they purport to impose an obligation

*Exhibit G-6*

on Defendant greater than that provided for in the Federal Rules of Civil Procedure or any case law regarding the proper scope of discovery.

4. Defendant objects to these discovery requests to the extent they call for information or documents in the possession, custody or control of third parties.

5. Defendant's responses shall not be construed as an admission by Defendant of the relevance or admissibility of such responses.

6. Defendant objects to these discovery requests to the extent they seek information or documents protected by the attorney-client privilege and/or work product doctrine or other applicable privileges.

7. Defendant reserves the right to rely on additional documents and information that may be discovered in connection with this proceeding, including documents and information that may be produced or provided by Plaintiff. Should it become necessary, Defendant will supplement these responses in accordance with the Federal Rules of Civil Procedure.

## RESPONSES TO REQUESTS FOR ADMISSIONS

1. Admit that you introduced or referred to Kevin Herrick as your "partner" or "business partner".

**RESPONSE:**

Defendant objects to this Request on the grounds that it is vague and because it fails to define the time or circumstances for this Request. It also fails to define in what capacity Defendant used this term. Subject to and without waiving the foregoing objections, Defendant states that there may have been a time when he referred casually to Plaintiff in that manner, but cannot recall it with any specificity.

2. Admit that you introduced or referred to Kevin Herrick as "office manager" of Science Club.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is vague and because it fails to define the time or circumstances surrounding this Request. Subject to and without waiving the foregoing objections, Defendant states that Plaintiff referred to himself as "office manager". Defendant considered Plaintiff to be the bookkeeper for a period of time, but cannot state unequivocally that he did not refer to Plaintiff on occasion as office manager.

3. Admit that you, Marcia Wong, and Kevin Herrick constituted the management team at Science Club.

**RESPONSE:** Defendant objects to this Request on the grounds that it is vague, ambiguous, not likely to lead to the discovery of admissible evidence, and that "management team" is not defined. Subject to and without waiving the foregoing objections, Defendant denies this Request for Admission.

4. Admit that Kevin Herrick filled in shifts as manager at Science Club.

Exhibit Q-7

**RESPONSE:** Defendant objects to this Request on the grounds that it is vague, ambiguous, and because it fails to define the time or circumstances surrounding this Request. Subject to and without waiving the foregoing objections, Defendant denies this Request for Admission.

5. Admit that you sought investment of money and offered equity ownership in Tea Room, LLC in exchange for cash investments.

**RESPONSE:** Defendant objects to this Request on the grounds that it is vague, ambiguous, and fails to define the time or circumstances surrounding this Request. Defendant further objects because it is not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant denies this Request for Admission.

6. Admit that there is and never was any kind of loan agreement or loan repayment terms between you and Kevin Herrick regarding his initial $40,000.00.

**RESPONSE:** Denied.

7. Admit that payments taken by Marcia Wong also say "draw" on their "for" line, that Kevin Herrick did not write all of these checks to Wong, and that Wong did not loan Maguire or Tea Room any funds.

**RESPONSE:** Defendant objects to this Request on the grounds that it is vague, ambiguous, and compound.. Defendant further objects because it fails to define the time or circumstances surrounding this Request. Without waiving the foregoing objections, Defendant denies this Request for Admission.

8. Admit that operating agreements between Herrick and Maguire, Wong and Maguire, and the three together were contemplated by you and that these contained equity ownership provisions for Herrick and Wong.

**RESPONSE:** Defendant objects to this Request on the grounds that it is vague, ambiguous, and compound. Defendant further objects on the grounds that it is not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant admits that Plaintiff presented him with drafts of operating agreements, but that no agreement was ever reached because there was no meetings of the minds between the parties.

9. Admit that you repeatedly told Herrick you would sign an operating agreement.

**RESPONSE:** Defendant objects to this Request on the grounds that it is vague ambiguous, and contains undefined terms. Defendant admits that Plaintiff presented him with draft operating agreements, but none of them comported with Defendant's understanding of the parties agreement Without waiving the foregoing objections, Defendant denies this Request for Admission.

10. Admit that, prior to Herrick's leaving Science Club on April 15, 2007, you never told Herrick you thought his $40,000.00 had been converted into a loan and paid back.

Exhibit Q-8

**RESPONSE:** Defendant admits that the parties did not have this conversation until after Herrick left Science Club and demanded return of his monies.

11. Admit that Herrick's express condition before agreeing to accept the $1,000.00 per week payments in February, 2006 was that these payments were never to be balanced in any way against his initial investment of $40,000.00.

**Response:** Denied.

12. Admit that Kevin Herrick explained to you that he was writing "draw" on his $1,000.00 per week checks to indicate that these checks were paid to members of the LLC and therefore not subject to certain taxes applicable to employees of Tea Room, LLC.

**Response:** Denied.

      Respectfully submitted,


      THOMPSON HINE LLP

Dated: February 25, 2008 By: /s/ Brooke Falk-McEnery

      Brooke Falk-McEnery (D.C. Bar # 492513)

      brooke.falk-mcenery@thompsonhine.com

      1920 N Street, N.W., Suite 800

      Washington, D.C. 20036

      Telephone - (202) 331-8800

      Facsimile – (202) 331-8330

      Counsel for Defendant Steven Maguire


## CERTIFICATE OF SERVICE

  I am a citizen of the United States, over the age of eighteen years and a not a party to the within action. I am employed in Washington, DC. My business address is 1920 N Street, N.W., Suite 800, Washington, DC 20036. On this date I caused the following document to be served:

### RESPONSES TO REQUESTS FOR ADMISSION

By electronic mail to the following:

Plaintiff Kevin Duncan Herrick

Exhibit Q-9

I declare under penalty of perjury that the above is true and correct.

_____

Brooke Falk-McEnery

Date:  February 25, 2008

Exhibit G-10

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**KEVIN DUNCAN HERRICK**

      **Plaintiff,**

  v.

**STEVEN M. MAGUIRE**

    **Defendant.**

CIVIL ACTION NO.07-1675 (JR)

### Plaintiff Kevin Duncan Herrick's Replies to Maguire's First Set of Requests for Documents

Plaintiff Kevin Duncan Herrick, proceeding *pro se,* provides these replies to Defendant's First Requests for Documents.

    First, a general note that I supplied one CD containing my electronic files and backup of files regarding Science Club and Maguire. This one CD should contain over 120 megabytes of data. I also supplied one CD containing emails between Herrick, Maguire, and Mark Gundersen, which counsel already received in paper copy and now also receives again in both paper and electronic format. I then provided some paper photocopies of documents either not included in the electronic files or documents which seemed especially important to the case. I provided all this in the normal way in which it was stored.

1.  Request: "All documents that support, rebut, or relate to, including, but not limited to, those documents upon which you rely to support or prove, your allegations set forth in your Complaint in this case.
    a.  Answer: I have provided the entirety of my electronic back up and files regarding Steve Maguire, Tea Room, LLC, and this action. I have provided photocopies of several documents not in electronic format. I have not completed my case preparation as of yet,

Exhibit Q-11

but to the extent that I have prepared, I have provided all documents responding to this request.

2. Request: "All documents that you intend to use as exhibits at trial in this case."
    a. Response: Defendant already has copies of documents previously made part of the record through my various filings with the Court. I have not identified all documents that I intend to use as exhibits, but to the extent that I have, I have provided these as part of the files as described above.

3. Request: "Your state and federal tax returns for year 2006."
    a. Response: I supplied these.

4. Request: "All 1099's, W2s or any other tax form you received from Tea Room, LLC."
    a. I included a 1099 which was filled out contemporaneous to the Wong 1099 above it. I think that I filed the Wong 1099 per her request but I don't think I filed the 1099 with my information on it. I was unsure of the right way to file taxes for 2006 since Maguire had agreed to but did not change the company's form from a one person LLC to a partnership LLC. I believed I was an equity owner at Science Club.

5. Request: "Any and all correspondence and/or communication between yourself and Steven Maguire relating to the instant action."
    a. Response: Steve pretty much stopped talking to me even before I filed suit against him. I don't think we have communicated since, directly. I have included already copies of emails I have retained. If other emails exist, I do not have copies of them and cannot acquire them without undue cost. I believe, also, that Maguire does have copies of these communications and that I, therefore, need not supply them since he can acquire them more easily.

6. Request: "All Tea Room, LLC property in your possession."
    a. Response: Maguire requested this in May of 2006 and I returned all his documents and property then. I do not know of any other Tea Room, LLC property I may have.

7. Request: "All documents related to any damage you have suffered."

8. Response: Again, I have supplied all the documents I had in my electronic and paper files. It is from these documents and from documents I receive through discovery that I plan to make my case.


Dated: February 26, 2008.


_____

Kevin Duncan Herrick

2478 Sandell Drive

Dunwoody, GA 30338-4548

Tel: (301) 830-2695

pro se Plaintiff


Exhibit Q-12

**CERTIFICATE OF SERVICE**

I, Kevin Herrick, hereby certify that, on February 26, 2008, I caused a true and correct copy of the foregoing **Plaintiff Kevin Duncan Herrick's Replies to Maguire's First Set of Requests for Documents** to be served as follows:

*by electronic mail to:*

Brooke.Falk@ThompsonHine.com

And

*by First Class Mail, postage prepaid to:*

Brooke Falk-McEnery, Counsel for Steven Maguire

Thompson Hine LLP

1920 N Street, N.W., Suite 800

Washington, D.C. 20036

_____

Kevin Herrick

Exhibit Q-13


BETA

Kevin Herrick <kevinduncanherrick@gmail.com>

# 11-15 fed
2 messages

**Kevin Herrick <kevinduncanherrick@gmail.com>**                    **Tue, Feb 26, 2008 at 5:27 PM**
To: "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>

cont fed, 11-15 you should have now 15 pages for fed, 2 pages for MD, 1 page of the two 1099's I
mentioned.  There should also be paper copies in the stack I sent you, easily identified as I redacted ss# from
taxes before sending to you.  Please also redact ss#'s from these if you use them in any way, including
Marcia's on the 1099.

**5 attachments**

**fed11.jpg**
470K

**fed12.jpg**
621K

**fed13.jpg**
492K

*Exhibit R-2*

**fed14.jpg**
558K

**fed15.jpg**
396K

---

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**                    **Tue, Feb 26, 2008 at 5:40 PM**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

There were not paper copies in the documents you sent me.

I am in receipt of many things from you today, including your 11 page letter and a subpoena to me. I am leaving the office for the day. I will not be sending you anything else this evening, and will respond to your letter tomorrow. I told you I would be sending additional documents to you, and I will -- part of what takes so long is documents produced by a party are to be bates labeled so they can be properly identified. The copy center is working on this.

While I recognize that you are only working on this matter, I am working on several and am doing my best to work under tight time constraints.

Brooke

> **From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
> **Sent:** Tuesday, February 26, 2008 5:27 PM
> **To:** Falk-McEnery, Brooke
> **Subject:** 11-15 fed
>
> cont fed, 11-15 you should have now 15 pages for fed, 2 pages for MD, 1 page of the two 1099's I mentioned.  There should also be paper copies in the stack I sent you, easily identified as I redacted ss# from taxes before sending to you.  Please also redact ss#'s from these if you use them in any way, including Marcia's on the 1099.

---

Exhibit R-2

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**KEVIN DUNCAN HERRICK**
**Plaintiff,**

**v.**

**STEVEN M. MAGUIRE**
**Defendant.**

CIVIL ACTION NO.07-1675 (JR)

### Plaintiff Kevin Duncan Herrick's First Set of Interrogatories for Defendant Maguire

**PLEASE TAKE NOTICE** that in accordance with Rule 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff Kevin Herrick, proceeding *pro se*, hereby requests that Defendant, Steven Maguire (hereinafter referred to as "Defendant"), within fifteen (15) days of receipt hereof, as previously discussed, or within thirty (30) days of receipt hereof if unwilling, answer in writing, separately and under oath, the following interrogatories. The answers hereto should include all information known up to the date of the verification thereof, subject to the continuing duty of disclosure. The answers should be submitted to Kevin Herrick at 2478 Sandell Drive, Dunwoody, GA 30338-4548.

### INSTRUCTIONS

The information sought must be given under oath whether it is secured by you, your agent, servant, representative or attorney, or any other person who has made this knowledge known to you, or from whom you can obtain this information and who is competent to testify to the facts stated. These Interrogatories shall be deemed continuing and supplemental answers and responses shall be required immediately upon receipt

1

Exhibit  S-1

thereof, if the defendant either directly or indirectly obtains further or different information from the time the answers are served to the time of trial.

A. You are to furnish all information available to you, and to your agents and employees, in answering the following Interrogatories. You are to designate which of such information is not within your personal knowledge, and as to that information you are to state the name and address of every person from whom it was received, or, if the source of the information is documentary, a full description of the document including its location.

B. If any information required to answer any Interrogatory is withheld because you claim such information is privileged or is contained in a privileged document and/or communication:
   1. Identify each such document and/or communication;
   2. Set forth the privilege and the factual basis upon which the privilege is claimed; and
   3. State the paragraph of the Interrogatory to which each document and/or communication is responsive.

C. As used herein, all terms including "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to include in the response any document that might be deemed responsive by any other construction.

D. When an Interrogatory or any of its sub-parts calls for you to "set forth the factual basis" of one of your allegations, answers or contentions, that request calls for you to set forth each fact and identify each document and oral communication which you contend tends to support your allegation, answer or contention and identify each person who possesses facts supporting your allegation, answer or contention.

E. Any term used in the singular shall be deemed to include the plural where appropriate and vice versa.

F. Whenever an Interrogatory herein requires you to describe an act or action, omission, meeting, conference, discussion, occurrence, happening, instance or event, you are to provide a full description thereof, including a statement setting forth (i) the date and place thereof; (ii) the identity of each oral communication involved and each document which refers to or which was prepared or made during the course thereof or as a consequence thereof; and (iii) the identity of all individuals who were witnesses or participants.

G. Whenever an Interrogatory calls for information with respect to "each" one of a particular type of class of matters, events, individuals, or entities, of which there is more than one, you are requested to separately list, set forth, or identify for each thereof all of the information called for.

H. Whenever an answer reflects, refers or relates to a document, you must produce said document.

## DEFINITIONS

As used herein:

A. "Address" means the present or last known street name and number, city or town, state and zip code.

2    Exhibit S-2

B. "Document" or "document" or "paper" or "Paper" means, by way of illustration and not by way of limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, written, produced by hand or produced by or stored in a computer, regardless of origin or location: books, records, communications, reports, correspondence, letters, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, cancelled checks, bank statements, bank passbooks, confirmations, statements of accounts, analyses, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written or printed matter of any kind, or any other and all other data compilations from which information can be obtained and translated if necessary.

C. "Identify," "identity," or "identification" means, when used in reference to:

1. a natural person, his or her:
   a. full name;
   b. home address;
   c. business address; and
   d. present or last known position, business affiliation, and job title or description.

2. a company, corporation, association, partnership, or any legal entity other than a natural person:
   a. its full name;
   b. a description of the type of organization or entity;
   c. the address of its principal place of business;
   d. the jurisdiction of its incorporation or organization; and
   e. the date of its incorporation or organization.

3. a document:
   a. its description (for example, letter, memorandum, report, etc.);
   b. its title;
   c. its date;
   d. the number of pages thereof;
   e. its subject matter;
   f. the identity of its author, signer, and any person who participated in its preparation;
   g. the identity of its addressee or recipient;
   h. the identity of each person to whom copies were sent and each person by whom copies were received;

3

Exhibit S-3

      i.  its present location; and
      j.  the identity of its custodian.  (If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when).

4.  an oral communication:
    a.  the date and time when it occurred;
    b.  the place where it occurred;
    c.  the complete substance of the communication;
    d.  the identity of each person:
       (i)  to whom such communication was made;
       (ii) by whom such communication was made; and
       (iii)who was present when such communication was made.
    e.  if by telephone:
       (i)  the identity of each person:
          (a)  who made each phone call;
          (b)  who participated in each call;
       (ii)  the place where each person participating in each call was located;
    f.  the identity of all documents memorializing, referring or relating in any way to the subject matter of the communication.

D.  "Oral communication" or "oral communications" means any verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

E.  "Person" or "persons" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

F.  As used herein, the terms "you," "your," "Defendant" mean Defendant Steven Maguire to whom these Interrogatories are directed, and its agents, servants, employees, representatives, affiliates, partners, subsidiaries, successors, predecessors and assigns.

G.  As used herein, the term "plaintiff" means Kevin Herrick.

H.  The term "complaint" means the complaint in the above-captioned matter.

## INTERROGATORIES

1.  Identify and explain the business relationship between Steven Maguire and Marcia Wong.

2.  Identify and explain the process for handling emails at Tea Room, LLC, including archiving, retention, identity of email account(s).

Exhibit   S-4

3.  Identify and explain what Plaintiff's specific responsibilities and duties were with regard to any services rendered to Defendant and/or Tea Room, LLC from February, 2006 to April 15, 2007.

4.  Identify and explain any volunteer activity or uncompensated services performed by Plaintiff for Tea Room, LLC and/or Defendant from February 2006, to April 15, 2007.

5.  Explain the process through which Plaintiff's initial $40,000.00 investment in Tea Room, LLC became a loan.

6.  Identify and explain any loan agreement between Defendant and Plaintiff regarding Plaintiff's initial $40,000.00 investment.

7.  Identify and explain any business agreement between Marcia Wong and Steve Maguire and/or Tea Room, LLC, and provide dates for the beginning of any agreements.

PLEASE NOTE THAT the Plaintiff will object to the introduction at trial of any document which is not produced in response to the foregoing interrogatories and to any evidence about any requested document which has not been revealed by an appropriate response to these interrogatories.

Dated: February 08, 2008.

_____

Kevin Duncan Herrick
2478 Sandell Drive
Dunwoody, GA 30338-4548
Tel: (301) 830-2695
pro se Plaintiff

Exhibit S-5

**CERTIFICATE OF SERVICE**

I, Kevin Herrick, hereby certify that, on February 08, 2008, I caused a true and correct copy of the foregoing **Plaintiff Kevin Duncan Herrick's First Set of Interrogatories for Defendant Maguire** to be served as follows:

*by electronic mail to:*
Brooke.Falk@ThompsonHine.com

And

*by First Class Mail, postage prepaid to:*
Brooke Falk-McEnery, Counsel for Steven Maguire
Thompson Hine LLP
1920 N Street, N.W., Suite 800
Washington, D.C. 20036

_____
Kevin Herrick

Exhibit    S-6

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KEVIN DUNCAN HERRICK
**Plaintiff,**

**v.**

STEVEN M. MAGUIRE
**Defendant.**

CIVIL ACTION NO.07-1675 (JR)

### Plaintiff Kevin Duncan Herrick's First Requests for Admission

**PLEASE TAKE NOTICE** that in accordance with Rule 36 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff Kevin Herrick, proceeding *pro se*, hereby requests that Defendant, Steven Maguire (hereinafter referred to as "Defendant"), within fifteen (15) days of receipt hereof, as previously discussed, or within thirty (30) days of receipt hereof if unwilling, respond to the following Requests for Admission:

### GENERAL INSTRUCTIONS

A. If you deny any of the Requests, you shall set forth in detail the reasons why you cannot truthfully admit the matter.

B. A denial shall fairly meet the substance of the requested admission and, when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.

Exhibit T-1

C. Unless otherwise specified in a particular Request, these Requests encompass the period from June, 2004 to the present.

## Requests for Admission

1. Admit that you introduced or referred to Kevin Herrick as your "partner" or "business partner".

2. Admit that you introduced or referred to Kevin Herrick as "office manager" of Science Club.

3. Admit that you, Marcia Wong, and Kevin Herrick constituted the management team at Science Club.

4. Admit that Kevin Herrick filled in shifts as manager at Science Club.

5. Admit that you sought investment of money and offered equity ownership in Tea Room, LLC in exchange for cash investments.

6. Admit that there is and never was any kind of loan agreement or loan repayment terms between you and Kevin Herrick regarding his initial $40,000.00.

7. Admit that payments taken by Marcia Wong also say "draw" on their "for" line, that Kevin Herrick did not write all of these checks to Wong, and that Wong did not loan Maguire or Tea Room any funds.

8. Admit that operating agreements between Herrick and Maguire, Wong and Maguire, and the three together were contemplated by you and that these contained equity ownership provisions for Herrick and Wong.

9. Admit that you repeatedly told Herrick you would sign an operating agreement.

2

Exhibit T-2

10. Admit that, prior to Herrick's leaving Science Club on April 15, 2007, you never told Herrick you thought his $40,000.00 had been converted into a loan and paid back.

11. Admit that Herrick's express condition before agreeing to accept the $1,000.00 per week payments in February, 2006 was that these payments were never to be balanced in any way against his initial investment of $40,000.00.

12. Admit that Kevin Herrick explained to you that he was writing "draw" on his $1,000.00 per week checks to indicate that these checks were paid to members of the LLC and therefore not subject to certain taxes applicable to employees of Tea Room, LLC.

Dated: February 08, 2008.

_____

Kevin Duncan Herrick
2478 Sandell Drive
Dunwoody, GA 30338-4548
Tel: (301) 830-2695
pro se Plaintiff

3

Exhibit T-3

**CERTIFICATE OF SERVICE**

    I, Kevin Herrick, hereby certify that, on February 08, 2008, I caused a true and correct copy of the foregoing **Plaintiff Kevin Duncan Herrick's First Requests for Admission** to be served as follows:


*by electronic mail to:*
Brooke.Falk@ThompsonHine.com

And

*by First Class Mail, postage prepaid to:*
Brooke Falk-McEnery, Counsel for Steven Maguire
Thompson Hine LLP
1920 N Street, N.W., Suite 800
Washington, D.C. 20036



                                                  _____

                                                       Kevin Herrick

Exhibit T-4

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**KEVIN DUNCAN HERRICK**
**Plaintiff,**

**v.**

**STEVEN M. MAGUIRE**
**Defendant.**

CIVIL ACTION NO.07-1675 (JR)

## Plaintiff Kevin Duncan Herrick's First Set of Requests for Production of Documents

1.  Plaintiff Kevin Duncan Herrick, proceeding *pro se,* pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that, within 15 days of service, as previously discussed by both parties, or within 30 days of service if Defendant is unwilling to comply, Defendant Steven Maguire, respond to these Requests and produce for inspection and copying to *pro se* Plaintiff Kevin Herrick, the documents described herein.

### DEFINITIONS

Unless negated by the context of the specific Request, the following definitions shall apply:

1.  "You," "your," and "Defendant" means Steven Maguire.

2.  The term "communication" means any transmission, exchange, or making known of information, facts, ideas, opinions, inquiries, or thoughts by oral, written, electronic, pictoral, or other means, including, but not limited to, personal conversations, conferences, telephone conversations, memoranda, letters, correspondence, reports

1

Exhibit a - 2

and publications, and shall include any means of conveying a message from one or more persons to one or more persons including, but not limited to, electronic mail and voice mail. The term "communication" shall be given the broadest possible interpretation.

3.  The term "document" means all written, recorded, or graphic materials of any kind in the possession, custody, or control of Defendant, including, but not limited to, correspondence, memoranda, reports, studies, agreements, contracts, letters, telegrams, diaries, meeting minutes, pamphlets, notes, charts, tabulations, maps, photographs, drawings, records (tape, disc or other) of any communication, tapes, slides, computer files, statements, invoices, purchase orders, reports of decisions of state or federal government agencies, telegrams, summaries or records of telephone conversations, summaries or records of personal interviews, diaries, graphs, notebooks, note charts, plans, sketches, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, films, brochures, pamphlets, advertisements, circulars, press releases, drafts, marginal comments appearing on any document, microfilm, microfiche, computer printouts, programs, tapes, cassettes, disks, electronic mail, magnetic drums, and punch cards, all data stored in computer banks, all non-identical copies of any item listed above and all other writings of any kind. The term "computer files" means any information, including data and software, stored in or accessible through any computer or other information retrieval system, together with all instructions and other materials necessary to use or interpret such documents. The term "document" also includes, without limitation, drafts and copies of documents

Exhibit U-2

that are not identical duplicates. Additionally, any and all attachments or enclosures to a document are deemed to be part of the document, and non-identical copies of the document (whether different from the original because of notes made on the copy or otherwise) are deemed to be distinct documents. "Document" should be given its broadest possible interpretation.

4. The terms "relate" or "relating" mean constitute, consist of, discuss, refer to, reflect on, arise out of, or in any way or manner, directly or indirectly, in whole or in part, are legally, factually, or logically connected with the matter discussed.

5. the terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these interrogatories the broadest possible range of information.

## GENERAL INSTRUCTIONS

1. You are requested to produce the documents as they are kept in the usual course of business or you may organize and label the produced documents to correspond by number with these Requests.

2. The documents requested herein shall include all documents in your possession, custody, or control and all documents that you can obtain from partnters, attorneys, investigators, agents, affiliates, or other representatives.

3. You are required to make a diligent search of all records and materials in your possession, custody, or control to satisfy your obligation to respond fully and completely to the requests.

4. You are requested to produce the original of all documents called for herein, as well as any copies of documents bearing any mark or notation not present in the original.

3

Exhibit U-3

5. If you cannot or do not produce all documents responsive to a request, you should so state and should produce as many responsive documents as you can produce.

6. If you withhold a document from production based on a claim of privilege, you must provide for each such document a statement of the claim of privilege and all facts relied on in support thereof, including, but not limited to, the authors, addresses, and other recipients, dates, titles, subject matters, location, and request or requests to which the document is responsive. For each author, addressee, and recipient, state the person's full name, title, and employer or firm, and denote all attorneys with an asterisk. For each document withheld under a claim that it constitutes or contains protected work product, you shall provide all of the information required herein for privileged communications and also state whether you assert that the document was prepared in anticipation of litigation or for trial and, if so, identify that litigation. You must provide all non-privileged portions of any responsive document claimed to be privileged or protected.

7. Whenever necessary to bring within the scope of a request the broadest possible range of information, the singular form of a word shall be interpreted as plural and references to one gender shall include the other gender.

8. Unless otherwise specified in a particular Request, these Requests encompass the period from June 1, 2004 to the present.

9. These Requests are of a continuing nature and you are required to serve supplemental responses if you obtain or become aware of additional responsive documents after the date of your initial response.

## DOCUMENT REQUESTS

4

Exhibit 4-4

1.  All documents that support, rebut, or relate to, including, but not limited to, those documents upon which you rely to defend against the allegations set forth in Plaintiff's Complaint.

2.  All documents that you intend to use as exhibits at trial in this case.

3.  Your state (or District of Columbia) and federal tax returns for the years 2004, 2005, and 2006, including any revisions or amendments.

4.  Any tax returns for the years 2004, 2005, and 2006 for Tea Room, LLC if different from those filed for Steven Maguire, personally.

5.  Any and all correspondence and/or communication between yourself and Kevin Herrick relating to the instant action.

6.  All documents relating to any damages claimed in Plaintiff's Complaint.

7.  Bank records for all Tea Room business accounts, including but not limited to accounts at Eagle Bank and at Adam's National Bank.

8.  Copies of cancelled checks written on Tea Room, LLC business accounts.

9.  Copies of all correspondence written by Kevin Herrick.

10. All documents related to the initial opening of Science Club including, but not limited to, documents relating to the lease on 1136 19th Street, SBA Loan, any and all financial transactions associated with the startup of the business, licensure, and build-out.

11. All documents related to the use, obligation, and/or expenditure of Plaintiff's initial $40,000.00.

12. All documents related to the use, obligation, and/or expenditure of Plaintiff's subsequent loan of $17,000.00.

Exhibit 4-5

13. All documents related to loans made by Kevin Herrick to you or to Tea Room, LLC.

14. All documents related to Steven Maguire's payment of any back taxes or tax bills or other measures necessary to secure a certificate of good standing with the District of Columbia.

15. All documents with any reference to Kevin Herrick as Office Manager of Science Club.

16. All documents with any reference to Kevin Herrick as Book Keeper of Science Club.

17. All documents with any reference to Kevin Herrick as partner, business partner, or owner of Science Club and/or Tea Room, LLC.

18. All time sheets or records of time worked by Science Club employees.

19. All time sheets or records of time worked by Kevin Herrick.

20. All documents related to Kevin Herrick's work at Science Club and for Tea Room, LLC, whether considered voluntary work by you or compensated work by you.

21. All documents related to any employment contract or compensation agreement between Kevin Herrick and you or Science Club/Tea Room, LLC.

22. All documents referencing Marcia Wong.

23. All email sent from or received by the email address scienceclubdc@gmail.com with a sender or recipient or carbon copy address of kdh2@gwu.edu, smaguire@mail.com, and/or ilovemarcia@gmail.com or any other alias email address of Kevin Herrick, Steven Maguire, or Marcia Wong.

24. All email sent from scienceclubdc@gmail.com to scienceclubdc@gmail.com.

25. All documents demonstrating Kevin Herrick's work product.

6

*Exhibit U-6*

26. All copies of drafts or executed operating agreements, including, but not limited to, proposed operating agreements between Steven Maguire and any other party.

27. All documents explaining or referencing Tea Room, LLC policies.

28. All documents related to your financial condition at all times relevant to this case, including, but not limited to, credit card bills and any debt.

29. All documents, notes, information, drafts of operating agreements composed by Maguire's attorney at the 2004 meeting between Herrick, Maguire, and that attorney.

30. All documents related to Herrick and Maguire's business relationship.

31. Statements, representations, documents, or any other communication related to business, borrowing of money, seeking of investment, and planning business details and strategy by Defendant related to Tea Room, LLC or Science Club.

32. Marcia Wong and her relation to Tea Room, LLC, Maguire, and/or Kevin Herrick.

33. All communications between Marcia Wong and Herrick.

34. All communications between Maguire and Marcia Wong.

35. Any document or record relating to a business relationship between Marcia Wong and Maguire or Marcia Wong and Herrick.

36. Any document or record relating to any business ties, relationship, agreements, or communications with respect to Jeannette Wong, Marcia Wong's mother.

Dated: February 07, 2008.

_____

Kevin Duncan Herrick
2478 Sandell Drive
Dunwoody, GA 30338-4548
Tel: (301) 830-2695
pro se Plaintiff

7

Exhibit U-7

**CERTIFICATE OF SERVICE**

I, Kevin Herrick, hereby certify that, on February 07, 2008, I caused a true and correct copy of the foregoing Plaintiff Kevin Duncan Herrick's First Set of Requests for Production of Documents to be served as follows:


*by electronic mail to:*
Brooke.Falk@ThompsonHine.com

And

*by First Class Mail, postage prepaid to:*
Brooke Falk-McEnery, Counsel for Steven Maguire
Thompson Hine LLP
1920 N Street, N.W., Suite 800
Washington, D.C. 20036


 

 

                                   _____
                                        Kevin Herrick

Exhibit U-8



**Kevin Herrick <kevinduncanherrick@gmail.com>**

## (no subject)

**Falk-McEnery, Brooke <Brooke.Falk@thompsonhine.com>**           **Thu, Feb 28, 2008 at 11:15 AM**
To: Kevin Herrick <kevinduncanherrick@gmail.com>

Kevin,

I have produced almost 1500 pages of documents to you, and have been very reasonable. There is no requirement that document exchange be simultaneous, although I agreed to do so because of your request. And despite your numerous accusations, I have been trying to respond timely. I have not gotten into the deficiency of your responses, because frankly it is not a good use of time and we can deal with it at trial (nor have I contacted your parents in an attempt to "tell" on you).

Despite your other accusations, Steve is not picking and choosing to send anything. I am determining which documents of those requested are relevant and responsive and have sent those to you. Mr. Orlave's file is not within our custody. If you wanted Mr. Orlave's file, you could have requested it in your subpoena to him.

I had no duty to make copies of documents for you and deliver them to you in Georgia but I did. I will produce the bank records (although unduly burdensome and irrelevant) and you are welcome to come to my office to review them. If you would like copies of those documents, you may tag what you want and we will issue a bill to you for the copies.

Brooke

---

**From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
**Sent:** Thursday, February 28, 2008 9:38 AM
**To:** Falk-McEnery, Brooke
**Subject:** Re: WASH-DC-#195648-v1-Response_to_Request_for_Production_of_Documents.DOC

You were aware of these document requests on February 8, failed to produce them on time, and have not even acquired the canceled checks yet. Your delays will have consumed a significant portion of my trial preparation time and will offer little opportunity for me to demand additional documents and emails responsive to my first document request.

I don't believe that you can reasonably use your secretary's absence or the need to bates stamp documents as an excuse for not fulfilling your duty to produce discovery on time.

The one thing I reiterated to you as most important to me regarding discovery was that our documents and emails be exchanged simultaneously. You complained that mine arrived Tuesday instead of Monday (though I offered to upload them to you Monday), but at the same time you hadn't even acquired the canceled checks. Had you requested them when you were demanding my documents? Now you have my documents and Maguire may pick and choose which of his documents to send, knowing what I have and do not have.

Maguire has a duty to request documents from his lawyer, from his accountant, and from other people who work for him or are hired by him. He appears not to have done so.

On 2/27/08, **Falk-McEnery, Brooke** <Brooke.Falk@thompsonhine.com> wrote:

exhibit V-1

Kevin,

Please find attached Responses and Objections to Your First Request for Production. As I told you in an earlier email, additional documents have been sent to you overnight today. I believe the only thing I am still waiting for is cancelled checks, and the documents you requested regarding back taxes.  I will have those bates labeled and scanned as soon as I receive them.

Brooke

Exhibit V-2