## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN DUNCAN HERRICK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:07-cv-01675** |
| ) | |
| ) | **Hon. James Robertson** |
| **STEVEN M. MAGUIRE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS

Defendant Maguire ("Maguire"), by counsel, hereby files its memorandum in opposition to Plaintiff's Motion to Compel and Motion for Sanctions (collectively, the "Motion"):

The parties were before this Court on Defendant's Motion to Dismiss on January 15, 2008.  At that time, the Court set this matter for a bench trial on an expedited schedule and specifically stated there would be "limited discovery" in this case.  Defendant, in an effort to accommodate this schedule, agreed to attempt to provide expedited discovery in a period substantially shorter than the minimums set forth in the Rules.[1]  Plaintiff, an unemployed lawyer representing himself pro se, thereafter served numerous, vague and unduly burdensome requests seeking much documentation beyond any relevant issues, and seeking documents that were not all within in Defendant's custody, possession or immediate control.  Defendant objected and nevertheless attempted to provide reasonable accommodations of these requests.

---

[1] When Plaintiff demonstrated that he intended very extensive, broad sweeping discovery,  Counsel for Defendant indicated that would be impossible with the current trial date.  Because of the Court's and parties' desire to have the trial go forward as quickly as possible, counsel for Defendant attempted to accommodate an expedited schedule

Simply put, there has been no violation of the rules and the Motion should be denied because:

1.      Counsel for Defendant has again performed a diligent search of the hard drive of Science Club in response to Plaintiff's Motion.  Specifically, he is requesting specific documents he intended to cover by the following Request No. 25 which read:

**Plaintiff's Request:**          All documents demonstrating Kevin Herrick's work product.

**Defendant's Response:**

   **Objection:**      Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous.  Defendant further objects to this Request on the grounds that he is uncertain what Plaintiff is seeking.

   **Response:**      Subject to and without waiving the foregoing objection, Defendant has produced correspondence of Plaintiff responsive to another request herein.

Defendant has performed an additional search for those documents specifically identified (subject to the objection above stated) and is producing the following approximately fifteen documents[2] believed to be created/maintained by Herrick:[3]

- Draft of a Science Club employee manual
- Spreadsheets for Science Club
- Notes of a meeting, an agenda, and a list of Herrick's

---

while indicating that she would object to irrelevant, and unduly burdensome discovery.  Defendant further noted this objection in the 26(f) Report filed with the Court.   See, Declaration of Brooke Falk, attached hereto as Ex. A.

[2] It is notable that Plaintiff has produced many of these same documents to Defendant in Response to his Requests for Production.

[3] Multiple people have had access to the Science Club computer. The specific documents identified by Herrick in his Motion were not readily identifiable as Plaintiff is the only "user" thus Herrick does not appear as the author of these documents.  Defendant has not destroyed or altered documents in anticipation of or since the filing of this lawsuit.

With respect to other specific documents he claims he was seeking here, these have either been produced in response to the request for emails and/or correspondence, or do not exist. Defendant further states that he has no way to demonstrate a "draft" of a website.

2.      There is no basis to claim that Plaintiff needs an order compelling production.  Plaintiff issued a total of 36 Requests for Production of Documents (which Defendant attempted to comply within in a two and a half week time frame) many of which were overbroad, vague, irrelevant, or not comprehensible.  Defendant responded by making appropriate objections and nevertheless, producing close to 1500 documents in a case which had six weeks between the date of the Motion to Dismiss and the trial.  Defendant further had all 1500 documents bates labelled, copied and sent overnight to Plaintiff at his residence in Georgia.

3.      Plaintiff refers in his Motion to what was his position "as he was writing" on February 28, 2008.  But the fact is that by the time he filed his Motion on February 29[4] (but for the documents cited above), every relevant existing document reasonably identified and requested by Plaintiff had already been either produced or otherwise made available to Plaintiff. The documents in his possession and/or made available to him include, but are not limited to:

All emails from/to Herrick on the scienceclubdc@gmail.com website

All correspondence drafted by Herrick

All existing Science Club financial statements and tax returns

All documents related to the start up of Science Club

All loan documents associated with Science Club

All existing correspondence between Herrick and Maguire related to the instant action

_____

[4] Despite the requirement that pleadings be electronically filed with this Court as well as the parties' agreement to exchange all pleadings by electronic mail due to the very short timeline in this case, Plaintiff appears to have filed this Motion directly with the Clerk's office on Friday, February 29, 2008 and then mailed a copy to Defendant's

All corporate documents of Tea Room, LLC

All bank statements related to Tea Room, LLC, including cancelled checks

4.    Plaintiff's representations that Defendant failed to respond to interrogatories is also untrue.  At the time this Motion was filed with the Court, Defendant was also in receipt of those responses (in fact, he had received them on February 28, 2008). See, Ex. A at 6.

5.    The emails referred to in Plaintiffs Motion were produced, at great burden to Defendant's counsel.  See, Ex. A at ¶7.  Plaintiff's claim that Defendant is in breach of his discovery obligations because Plaintiff did not receive "electronic" versions of emails is likewise baseless.  First, the document requests served (Ex. B. to Plaintiff's Motion) did not seek electronic copies; second, there is no prejudice to Plaintiff by virtue of paper copies being produced; third, there is no rule compelling a party to "forward emails" as Plaintiff demands; and finally, production of paper versions of emails was the only way that Defendant could insure that the documents were bates labelled such that they could be identified as having been produced by the Defendant. (Plaintiff on the other hand produced a stack of paper with no identifiable markings whatsoever).  Defendant has made a good faith effort to produce all relevant, responsive emails.

6.    Finally, and most significantly, Plaintiff is not entitled to sanctions of any form, especially adverse inferences.  Defendant has served responses to all discovery requests, and no sanctions may therefore be had pursuant to Rule 37 (d).  Defendant has also provided access to all reasonably relevant information. The parties have had a dispute regarding the remaining items.  Sanctions available pursuant to Rule 37(b) may be rendered only if a party has failed to comply with an order of this Court regarding discovery - not where the parties simply disagree

counsel.  Counsel for Defendant therefore did not receive notice of this Motion from the Court or from Plaintiff until March 3.

over the proper scope of the requests.  As this is the first the issue has been brought to the Court,

there can not be any sanctions unless and until the Court finds Plaintiff was entitled to something

and Defendant still fails to produce.  No such discovery order has issued, no order has been

violated and, therefore, no sanctions may issue.

## **CONCLUSION**

This dispute, as well as the magnitude of Plaintiff's requests, is manufactured by Plaintiff

to distract counsel for Defendant from preparing for trial in this matter.[5]  Counsel for Defendant

has attempted to be accommodating despite Plaintiff's unreasonable requests and demands in this

matter. Despite this, Plaintiff has chosen to file a ninety-three page document with this Court

needlessly wasting Counsel's time and this Court's time. There is no basis for the Court to issue

sanctions or otherwise become involved.  All relevant material has been produced and the

Motion, therefore, should be denied.

Respectfully submitted,

/s/ Brooke Falk-McEnery
Brooke Falk-McEnery (492513)
Thompson Hine LLP
1920 N Street, N.W.
Suite 800
Washington, D.C. 20036
(202) 331-8800

Counsel for Defendant Steven Maguire

Dated:  March 4, 2008

---

[5] Plaintiff's motive is further evidenced by his method of filing and service in this case.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this  4th day of March, 2008, a true and correct copy of the

foregoing document, Defendant's Opposition to Plaintiff's Motion to Compel and Motion for

Sanctions was served by electronic mail upon the following:

kevinduncanherrick@gmail.com


                                        /s/ Brooke Falk-McEnery
                                        Brooke Falk-McEnery

# Exhibit A

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEVIN DUNCAN HERRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-01675 |
| | ) | |
| | ) | Hon. James Robertson (JR/JF) |
| STEVEN M. MAGUIRE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF BROOKE FALK-MCENERY

I, Brooke Falk-McEnery, do hereby declare and say:

1.     I am over the age of 18 and have personal knowledge of the facts as set forth below such that I can competently testify to the same if called.

2.     I am an attorney at Thompson Hine in Washington, DC and represent Defendant Steven Maguire in the above captioned matter.

3.     When Kevin Herrick ("Plaintiff") and I had our discovery teleconference, Plaintiff identified more than 30 subject areas for which he planned to seek discovery. He also indicated he would be taking several depositions in this case. I told Plaintiff that we were less than six weeks from trial, that the Court had specifically stated there would be "limited discovery" in this case, and that it would be impossible to perform the amount of discovery he was seeking in that time frame. I indicated that full blown discovery would require a later trial date.

4.     Because Plaintiff indicated his desire to move forward, and the Court did not have an alternate date that would accommodate all parties in a timely fashion, I agreed to move forward with expedited discovery. I did so while noting my objections to unnecessary and

irrelevant discovery to Plaintiff verbally, and also indicated my intent to object to such requests in the 26(f) Report filed with the Court.

      5.      It has been necessary for me to attend to this case in conjunction with three other trials and an arbitration. I have done my best to accommodate what was essentially a 15 day discovery response schedule.

      6.      I sent Defendant's Responses to Requests for Interrogatories to Plaintiff on February 28, 2008. He acknowledged receipt of this document via email.

      7.      I have spent hours searching the gmail account of scienceclubdc@gmail.com for relevant, responsive documents, and produced all of those to/from Plaintiff Herrick. I have also searched for and produced all correspondence between Plaintiff and Defendant related to the instant action.

      8.      Further, I requested the Tea Room, LLC file from Defendant's former attorney, Brett Orlove. Mr. Orlove indicated that he did not preserve a file related to Tea Room, LLC. I passed this information on to Plaintiff.

      9.      I also had Defendant request his bank records and cancelled checks for Tea Room, LLC (and indicated to Plaintiff that I would be using the cancelled checks in my case that Plaintiff wrote to himself). Those documents obviously had to be produced by a third party. In two separate emails to Plaintiff, I informed him that I would make those documents available for his review at my office and would have copies made here for which he would be billed.

      10.     Prior to this email to Plaintiff, I had had almost 1500 documents bates labelled, copied and sent overnight to Plaintiff at my client's expense.

11.    In an effort to satisfy specifics set forth in this Motion, I have searched Defendant's hard drive for any additional documents that Mr. Herrick now specifically identifies as "work product."

12.    As a result, I am sending Plaintiff approximately 20 additional documents as an attachment via electronic mail this afternoon.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Brooke Falk-McEnery

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**KEVIN DUNCAN HERRICK**
**Plaintiff,**

v.

**STEVEN M. MAGUIRE**
**Defendant.**

CIVIL ACTION NO.07-1675 (JR)

## Plaintiff Kevin Duncan Herrick's First Set of Requests for Production of Documents

1. Plaintiff Kevin Duncan Herrick, proceeding *pro se,* pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that, within 15 days of service, as previously discussed by both parties, or within 30 days of service if Defendant is unwilling to comply, Defendant Steven Maguire, respond to these Requests and produce for inspection and copying to *pro se* Plaintiff Kevin Herrick, the documents described herein.

### DEFINITIONS

Unless negated by the context of the specific Request, the following definitions shall apply:

1. "You," "your," and "Defendant" means Steven Maguire.

2. The term "communication" means any transmission, exchange, or making known of information, facts, ideas, opinions, inquiries, or thoughts by oral, written, electronic, pictorial, or other means, including, but not limited to, personal conversations, conferences, telephone conversations, memoranda, letters, correspondence, reports

1

and publications, and shall include any means of conveying a message from one or

more persons to one or more persons including, but not limited to, electronic mail and

voice mail. The term "communication" shall be given the broadest possible

interpretation.

3.  The term "document" means all written, recorded, or graphic materials of any kind in

the possession, custody, or control of Defendant, including, but not limited to,

correspondence, memoranda, reports, studies, agreements, contracts, letters,

telegrams, diaries, meeting minutes, pamphlets, notes, charts, tabulations, maps,

photographs, drawings, records (tape, disc or other) of any communication, tapes,

slides, computer files, statements, invoices, purchase orders, reports of decisions of

state or federal government agencies, telegrams, summaries or records of telephone

conversations, summaries or records of personal interviews, diaries, graphs,

notebooks, note charts, plans, sketches, summaries or records of meetings or

conferences, summaries or reports of investigations or negotiations, opinions or

reports of consultants, films, brochures, pamphlets, advertisements, circulars, press

releases, drafts, marginal comments appearing on any document, microfilm,

microfiche, computer printouts, programs, tapes, cassettes, disks, electronic mail,

magnetic drums, and punch cards, all data stored in computer banks, all non-identical

copies of any item listed above and all other writings of any kind. The term

"computer files" means any information, including data and software, stored in or

accessible through any computer or other information retrieval system, together with

all instructions and other materials necessary to use or interpret such documents. The

term "document" also includes, without limitation, drafts and copies of documents

that are not identical duplicates. Additionally, any and all attachments or enclosures to a document are deemed to be part of the document, and non-identical copies of the document (whether different from the original because of notes made on the copy or otherwise) are deemed to be distinct documents. "Document" should be given its broadest possible interpretation.

4. The terms "relate" or "relating" mean constitute, consist of, discuss, refer to, reflect on, arise out of, or in any way or manner, directly or indirectly, in whole or in part, are legally, factually, or logically connected with the matter discussed.

5. the terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these interrogatories the broadest possible range of information.

<u>GENERAL INSTRUCTIONS</u>

1. You are requested to produce the documents as they are kept in the usual course of business or you may organize and label the produced documents to correspond by number with these Requests.

2. The documents requested herein shall include all documents in your possession, custody, or control and all documents that you can obtain from partnters, attorneys, investigators, agents, affiliates, or other representatives.

3. You are required to make a diligent search of all records and materials in your possession, custody, or control to satisfy your obligation to respond fully and completely to the requests.

4. You are requested to produce the original of all documents called for herein, as well as any copies of documents bearing any mark or notation not present in the original.

5. If you cannot or do not produce all documents responsive to a request, you should so state and should produce as many responsive documents as you can produce.

6. If you withhold a document from production based on a claim of privilege, you must provide for each such document a statement of the claim of privilege and all facts relied on in support thereof, including, but not limited to, the authors, addresses, and other recipients, dates, titles, subject matters, location, and request or requests to which the document is responsive. For each author, addressee, and recipient, state the person's full name, title, and employer or firm, and denote all attorneys with an asterisk. For each document withheld under a claim that it constitutes or contains protected work product, you shall provide all of the information required herein for privileged communications and also state whether you assert that the document was prepared in anticipation of litigation or for trial and, if so, identify that litigation. You must provide all non-privileged portions of any responsive document claimed to be privileged or protected.

7. Whenever necessary to bring within the scope of a request the broadest possible range of information, the singular form of a word shall be interpreted as plural and references to one gender shall include the other gender.

8. Unless otherwise specified in a particular Request, these Requests encompass the period from June 1, 2004 to the present.

9. These Requests are of a continuing nature and you are required to serve supplemental responses if you obtain or become aware of additional responsive documents after the date of your initial response.

## DOCUMENT REQUESTS

1. All documents that support, rebut, or relate to, including, but not limited to, those documents upon which you rely to defend against the allegations set forth in Plaintiff's Complaint.

2. All documents that you intend to use as exhibits at trial in this case.

3. Your state (or District of Columbia) and federal tax returns for the years 2004, 2005, and 2006, including any revisions or amendments.

4. Any tax returns for the years 2004, 2005, and 2006 for Tea Room, LLC if different from those filed for Steven Maguire, personally.

5. Any and all correspondence and/or communication between yourself and Kevin Herrick relating to the instant action.

6. All documents relating to any damages claimed in Plaintiff's Complaint.

7. Bank records for all Tea Room business accounts, including but not limited to accounts at Eagle Bank and at Adam's National Bank.

8. Copies of cancelled checks written on Tea Room, LLC business accounts.

9. Copies of all correspondence written by Kevin Herrick.

10. All documents related to the initial opening of Science Club including, but not limited to, documents relating to the lease on 1136 19th Street, SBA Loan, any and all financial transactions associated with the startup of the business, licensure, and build-out.

11. All documents related to the use, obligation, and/or expenditure of Plaintiff's initial $40,000.00.

12. All documents related to the use, obligation, and/or expenditure of Plaintiff's subsequent loan of $17,000.00.

13. All documents related to loans made by Kevin Herrick to you or to Tea Room, LLC.

14. All documents related to Steven Maguire's payment of any back taxes or tax bills or other measures necessary to secure a certificate of good standing with the District of Columbia.

15. All documents with any reference to Kevin Herrick as Office Manager of Science Club.

16. All documents with any reference to Kevin Herrick as Book Keeper of Science Club.

17. All documents with any reference to Kevin Herrick as partner, business partner, or owner of Science Club and/or Tea Room, LLC.

18. All time sheets or records of time worked by Science Club employees.

19. All time sheets or records of time worked by Kevin Herrick.

20. All documents related to Kevin Herrick's work at Science Club and for Tea Room, LLC, whether considered voluntary work by you or compensated work by you.

21. All documents related to any employment contract or compensation agreement between Kevin Herrick and you or Science Club/Tea Room, LLC.

22. All documents referencing Marcia Wong.

23. All email sent from or received by the email address scienceclubdc@gmail.com with a sender or recipient or carbon copy address of kdh2@gwu.edu, smaguire@mail.com, and/or ilovemarcia@gmail.com or any other alias email address of Kevin Herrick, Steven Maguire, or Marcia Wong.

24. All email sent from scienceclubdc@gmail.com to scienceclubdc@gmail.com.

25. All documents demonstrating Kevin Herrick's work product.

26. All copies of drafts or executed operating agreements, including, but not limited to, proposed operating agreements between Steven Maguire and any other party.

27.  All documents explaining or referencing Tea Room, LLC policies.

28. All documents related to your financial condition at all times relevant to this case, including, but not limited to, credit card bills and any debt.

29. All documents, notes, information, drafts of operating agreements composed by Maguire's attorney at the 2004 meeting between Herrick, Maguire, and that attorney.

30. All documents related to Herrick and Maguire's business relationship.

31. Statements, representations, documents, or any other communication related to business, borrowing of money, seeking of investment, and planning business details and strategy by Defendant related to Tea Room, LLC or Science Club.

32. Marcia Wong and her relation to Tea Room, LLC, Maguire, and/or Kevin Herrick.

33. All communications between Marcia Wong and Herrick.

34. All communications between Maguire and Marcia Wong.

35. Any document or record relating to a business relationship between Marcia Wong and Maguire or Marcia Wong and Herrick.

36. Any document or record relating to any business ties, relationship, agreements, or communications with respect to Jeannette Wong, Marcia Wong's mother.

Dated: February 07, 2008.

_____

Kevin Duncan Herrick
2478 Sandell Drive
Dunwoody, GA 30338-4548
Tel: (301) 830-2695
pro se Plaintiff

**CERTIFICATE OF SERVICE**

I, Kevin Herrick, hereby certify that, on February 07, 2008, I caused a true and correct copy of the foregoing <u>Plaintiff Kevin Duncan Herrick's First Set of Requests for Production of Documents</u> to be served as follows:

*by electronic mail to:*
Brooke.Falk@ThompsonHine.com

And

*by First Class Mail, postage prepaid to:*
Brooke Falk-McEnery, Counsel for Steven Maguire
Thompson Hine LLP
1920 N Street, N.W., Suite 800
Washington, D.C. 20036

 

 

 

————————————————
Kevin Herrick

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**KEVIN DUNCAN HERRICK**
**Plaintiff,**

v.

**STEVEN M. MAGUIRE**
**Defendant.**

CIVIL ACTION NO.07-1675 (JR)

## Plaintiff Kevin Duncan Herrick's First Set of Requests for Production of Documents

1. Plaintiff Kevin Duncan Herrick, proceeding *pro se,* pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that, within 15 days of service, as previously discussed by both parties, or within 30 days of service if Defendant is unwilling to comply, Defendant Steven Maguire, respond to these Requests and produce for inspection and copying to *pro se* Plaintiff Kevin Herrick, the documents described herein.

## DEFINITIONS

Unless negated by the context of the specific Request, the following definitions shall apply:

1. "You," "your," and "Defendant" means Steven Maguire.

2. The term "communication" means any transmission, exchange, or making known of information, facts, ideas, opinions, inquiries, or thoughts by oral, written, electronic, pictoral, or other means, including, but not limited to, personal conversations, conferences, telephone conversations, memoranda, letters, correspondence, reports

1

and publications, and shall include any means of conveying a message from one or more persons to one or more persons including, but not limited to, electronic mail and voice mail. The term "communication" shall be given the broadest possible interpretation.

3. The term "document" means all written, recorded, or graphic materials of any kind in the possession, custody, or control of Defendant, including, but not limited to, correspondence, memoranda, reports, studies, agreements, contracts, letters, telegrams, diaries, meeting minutes, pamphlets, notes, charts, tabulations, maps, photographs, drawings, records (tape, disc or other) of any communication, tapes, slides, computer files, statements, invoices, purchase orders, reports of decisions of state or federal government agencies, telegrams, summaries or records of telephone conversations, summaries or records of personal interviews, diaries, graphs, notebooks, note charts, plans, sketches, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, films, brochures, pamphlets, advertisements, circulars, press releases, drafts, marginal comments appearing on any document, microfilm, microfiche, computer printouts, programs, tapes, cassettes, disks, electronic mail, magnetic drums, and punch cards, all data stored in computer banks, all non-identical copies of any item listed above and all other writings of any kind. The term "computer files" means any information, including data and software, stored in or accessible through any computer or other information retrieval system, together with all instructions and other materials necessary to use or interpret such documents. The term "document" also includes, without limitation, drafts and copies of documents

2

that are not identical duplicates. Additionally, any and all attachments or enclosures to a document are deemed to be part of the document, and non-identical copies of the document (whether different from the original because of notes made on the copy or otherwise) are deemed to be distinct documents. "Document" should be given its broadest possible interpretation.

4. The terms "relate" or "relating" mean constitute, consist of, discuss, refer to, reflect on, arise out of, or in any way or manner, directly or indirectly, in whole or in part, are legally, factually, or logically connected with the matter discussed.

5. the terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these interrogatories the broadest possible range of information.

## GENERAL INSTRUCTIONS

1. You are requested to produce the documents as they are kept in the usual course of business or you may organize and label the produced documents to correspond by number with these Requests.

2. The documents requested herein shall include all documents in your possession, custody, or control and all documents that you can obtain from partnters, attorneys, investigators, agents, affiliates, or other representatives.

3. You are required to make a diligent search of all records and materials in your possession, custody, or control to satisfy your obligation to respond fully and completely to the requests.

4. You are requested to produce the original of all documents called for herein, as well as any copies of documents bearing any mark or notation not present in the original.

3

5. If you cannot or do not produce all documents responsive to a request, you should so state and should produce as many responsive documents as you can produce.

6. If you withhold a document from production based on a claim of privilege, you must provide for each such document a statement of the claim of privilege and all facts relied on in support thereof, including, but not limited to, the authors, addresses, and other recipients, dates, titles, subject matters, location, and request or requests to which the document is responsive. For each author, addressee, and recipient, state the person's full name, title, and employer or firm, and denote all attorneys with an asterisk. For each document withheld under a claim that it constitutes or contains protected work product, you shall provide all of the information required herein for privileged communications and also state whether you assert that the document was prepared in anticipation of litigation or for trial and, if so, identify that litigation. You must provide all non-privileged portions of any responsive document claimed to be privileged or protected.

7. Whenever necessary to bring within the scope of a request the broadest possible range of information, the singular form of a word shall be interpreted as plural and references to one gender shall include the other gender.

8. Unless otherwise specified in a particular Request, these Requests encompass the period from June 1, 2004 to the present.

9. These Requests are of a continuing nature and you are required to serve supplemental responses if you obtain or become aware of additional responsive documents after the date of your initial response.

## DOCUMENT REQUESTS

1. All documents that support, rebut, or relate to, including, but not limited to, those documents upon which you rely to defend against the allegations set forth in Plaintiff's Complaint.

2. All documents that you intend to use as exhibits at trial in this case.

3. Your state (or District of Columbia) and federal tax returns for the years 2004, 2005, and 2006, including any revisions or amendments.

4. Any tax returns for the years 2004, 2005, and 2006 for Tea Room, LLC if different from those filed for Steven Maguire, personally.

5. Any and all correspondence and/or communication between yourself and Kevin Herrick relating to the instant action.

6. All documents relating to any damages claimed in Plaintiff's Complaint.

7. Bank records for all Tea Room business accounts, including but not limited to accounts at Eagle Bank and at Adam's National Bank.

8. Copies of cancelled checks written on Tea Room, LLC business accounts.

9. Copies of all correspondence written by Kevin Herrick.

10. All documents related to the initial opening of Science Club including, but not limited to, documents relating to the lease on 1136 19th Street, SBA Loan, any and all financial transactions associated with the startup of the business, licensure, and build-out.

11. All documents related to the use, obligation, and/or expenditure of Plaintiff's initial $40,000.00.

12. All documents related to the use, obligation, and/or expenditure of Plaintiff's subsequent loan of $17,000.00.

5

13. All documents related to loans made by Kevin Herrick to you or to Tea Room, LLC.

14. All documents related to Steven Maguire's payment of any back taxes or tax bills or other measures necessary to secure a certificate of good standing with the District of Columbia.

15. All documents with any reference to Kevin Herrick as Office Manager of Science Club.

16. All documents with any reference to Kevin Herrick as Book Keeper of Science Club.

17. All documents with any reference to Kevin Herrick as partner, business partner, or owner of Science Club and/or Tea Room, LLC.

18. All time sheets or records of time worked by Science Club employees.

19. All time sheets or records of time worked by Kevin Herrick.

20. All documents related to Kevin Herrick's work at Science Club and for Tea Room, LLC, whether considered voluntary work by you or compensated work by you.

21. All documents related to any employment contract or compensation agreement between Kevin Herrick and you or Science Club/Tea Room, LLC.

22. All documents referencing Marcia Wong.

23. All email sent from or received by the email address scienceclubdc@gmail.com with a sender or recipient or carbon copy address of kdh2@gwu.edu, smaguire@mail.com, and/or ilovemarcia@gmail.com or any other alias email address of Kevin Herrick, Steven Maguire, or Marcia Wong.

24. All email sent from scienceclubdc@gmail.com to scienceclubdc@gmail.com.

25. All documents demonstrating Kevin Herrick's work product.

26. All copies of drafts or executed operating agreements, including, but not limited to, proposed operating agreements between Steven Maguire and any other party.

27. All documents explaining or referencing Tea Room, LLC policies.

28. All documents related to your financial condition at all times relevant to this case, including, but not limited to, credit card bills and any debt.

29. All documents, notes, information, drafts of operating agreements composed by Maguire's attorney at the 2004 meeting between Herrick, Maguire, and that attorney.

30. All documents related to Herrick and Maguire's business relationship.

31. Statements, representations, documents, or any other communication related to business, borrowing of money, seeking of investment, and planning business details and strategy by Defendant related to Tea Room, LLC or Science Club.

32. Marcia Wong and her relation to Tea Room, LLC, Maguire, and/or Kevin Herrick.

33. All communications between Marcia Wong and Herrick.

34. All communications between Maguire and Marcia Wong.

35. Any document or record relating to a business relationship between Marcia Wong and Maguire or Marcia Wong and Herrick.

36. Any document or record relating to any business ties, relationship, agreements, or communications with respect to Jeannette Wong, Marcia Wong's mother.

Dated: February 07, 2008.

_____

Kevin Duncan Herrick
2478 Sandell Drive
Dunwoody, GA 30338-4548
Tel: (301) 830-2695
pro se Plaintiff

7

**CERTIFICATE OF SERVICE**

I, Kevin Herrick, hereby certify that, on February 07, 2008, I caused a true and correct copy of the foregoing <u>Plaintiff Kevin Duncan Herrick's First Set of Requests for Production of Documents</u> to be served as follows:

*by electronic mail to:*
Brooke.Falk@ThompsonHine.com

And

*by First Class Mail, postage prepaid to:*
Brooke Falk-McEnery, Counsel for Steven Maguire
Thompson Hine LLP
1920 N Street, N.W., Suite 800
Washington, D.C. 20036

_____
Kevin Herrick

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN DUNCAN HERRICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 1:07-cv-01675** |
| | ) |
| | ) **Hon. James Robertson** |
| **STEVEN M. MAGUIRE,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2008, upon consideration of Plaintiff

Herrick's Motion to Compel and Motion for Sanctions, and Defendant's Opposition thereto, it is

hereby ORDERED that the Motion is DENIED in its entirety.


SO ORDERED:


_____

The Honorable Judge James Robertson