IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN DUNCAN HERRICK<br><br>**Plaintiff,**<br><br>v.<br><br>STEVEN M. MAGUIRE<br><br>**Defendant.** | CIVIL ACTION NO. 07-1675<br>Hon. James Robertson |

**PLAINTIFF KEVIN HERRICK'S PRETRIAL STATEMENT**

Plaintiff Kevin Duncan Herrick, proceeding *pro se* submits the following Pretrial Statement:

**(i) a statement of the case;**

1. Plaintiff seeks to recover monies owed him by Defendant based on the Contract both signed on July 3, 2004. Plaintiff Kevin Duncan Herrick was a resident of Maryland when he filed his Complaint on September 21, 2007 and is now a resident of Georgia. Defendant Steven Maguire is a resident of the District of Columbia. As

RECEIVED
MAR 5 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

the amount in controversy exceeds $75,000.00, this Court properly holds diversity jurisdiction.

2. Defendant signed this Contract in bad faith, breaching the implied covenant of good faith and fair dealing, defrauded Plaintiff as to his own contributions to the company, as well as making material misrepresentations and omissions. Defendant breached the Contract by using Plaintiff's money without having executed an operating agreement in violation of the plain language of the Contract, on October 3, 2005. Defendant continually breached the Contract by dealing in bad faith and refusing to execute an operating agreement despite Plaintiff's repeated demands to this effect, from October 3, 2005 to present. Defendant further breached the Contract by failing to return Plaintiff's $40,000.00 per the terms of the Contract and under a written demand of June 6, 2007. Plaintiff seeks damages, expectation damages, interest, costs, and punitive damages, as well as a full, independent accounting of Tea Room, LLC financials.

**(ii) a statement of claims made by the party;**

3. Plaintiff claims:

   a. Defendant acted in bad faith, violating the implied covenant of good faith and fair dealing by signing the Contract of July 3, 2004 because he did not intend to acknowledge Plaintiff's ownership interest in Tea Room, despite his promise to execute an operating agreement with Plaintiff.

   b. Defendant breached the Contract on October 3, 2005 by spending, pledging, obligating or using Plaintiff's $40,000.00 without first having executed an operating agreement with Plaintiff.

c. Defendant continuously breached the Contract by failing to execute an operating agreement despite repeated demands and proposals by Plaintiff from October 3, 2005 to present.

d. Defendant additionally breached the Contract by failing to return Plaintiff's $40,000.00 per the terms of the Contract and Plaintiff's written demand of June 6, 2007.

e. Defendant defrauded Plaintiff, made material misrepresentations, and omissions, negotiated in bad faith, and damaged Plaintiff as a result.

f. Defendant Converted Plaintiff's $40,000.00.

g. Plaintiff is due quantum meruit recovery against Defendant, in the alternative, Defendant was unjustly enriched.

h. Plaintiff seeks his actual damages, expectation damages, interest, costs and fees, punitive damages, and any other relief this Court deems appropriate, as well as a full and independent accounting of Tea Room, LLC financials.

**(iii) a statement of defenses raised by the parties;**

a. Defendant offered 14 affirmative defenses in his Answer to Plaintiff's Complaint and makes general denials of Plaintiff's claims.

b. None of these affirmative defenses listed any specific details or supporting facts or evidence.

**(iv) a schedule of witnesses to be called by the party;**

4. Plaintiff plans to call, in the following order:

a. Steven Maguire: Defendant, 1754 Lanier Place, Apt 305, Washington, DC 20009, (202) 415-2699. Maguire will be asked about Plaintiff and Defendant's business relationship, negotiations, and details related to Plaintiff's claims against Defendant. Plaintiff hopes this will take less than thirty minutes.

b. Brett Orlove: 2000 L Street, NW Ste 675, Washington, DC 20036; (202) 296-9696. Attorney Orlove was Maguire's attorney at the time of the signing of the Contract and met with Plaintiff and Defendant to discuss potential terms of an operating agreement. Orlove organized Tea Room, LLC and Plaintiff believes wrote Maguire's secret April 1, 2004 Tea Room, LLC Operating Agreement. Plaintiff hopes interviewing this witness will take about fifteen minutes.

c. David Williams: 2420 Wilson Blvd. #205, Arlington, VA 22201 (703) 807-0353. Mr. Williams, of Capital Restaurant Systems, sold Science Club its point of sales (POS) system and will be asked about that transaction and his dealings with Plaintiff and Defendant. Plaintiff hopes this will take less than ten minutes.

d. Plaintiff may call, should the need arise:

e. Marcia Wong: 2141 I St., NW #502, Washington, DC 20037 (202) 468-2172. Ms. Wong is the guarantor for Tea Room, LLC's SBA loan. She may be asked about her arrangements with Defendant, work and pay at Science Club, and general knowledge of the details presented in this case. Plaintiff hopes that any questioning of Ms. Wong would be accomplished in ten minutes.

f. Thomas Moon: 111 E. University Blvd., Silver Spring, MD 20901, germanfirefighter@gmail.com. Mr. Moon was the Science Club cook during much of the time that Plaintiff worked at Science Club. Plaintiff may ask Mr.

Moon about his experiences as cook at Science Club. Plaintiff estimates this would take less than ten minutes.

**(v) a list of exhibits to be offered in evidence by the party;**

5. Plaintiff's exhibits are presented below with a notation of the filing to which the exhibit was attached, followed by the exhibit letter(s), and a brief description.

   a. Complaint, Exhibit A, the Contract.

   b. Complaint, Exhibit B, proposed operating agreements of Dec. 19, 2004 and January 3, 2005.

   c. Complaint, Exhibit C, emails from Defendant to Plaintiff in which Defendant Maguire promised to respond substantively to Plaintiff's demands.

   d. Complaint, Exhibit D, Plaintiff's June 6, 2007 demand letter to Defendant.

   e. Complaint, Exhibit E, USPS delivery records for Exhibit D.

   f. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (hereinafter Memo), Exhibit F, check for $35,000.00 from Plaintiff to Defendant.

   g. Memo, Exhibit G, third-party check for $5,000.00 from Plaintiff to Defendant.

   h. Plaintiff's Motion to Compel Production of Discovery Materials and Motion for Sanctions (hereinafter Motion), Exhibit H, letter from Plaintiff to Defense Counsel attempting to work out discovery dispute.

   i. Motion, Exhibit I, email from Plaintiff to Defense Counsel about 26(f) conference and report.

   j. Motion, Exhibit J, email exchange between Plaintiff and Defense Counsel, Plaintiff again asks for overdue initial disclosures.

k. Motion, Exhibit K, email exchange between Plaintiff and Defense Counsel regarding 26(f) report.

l. Motion, Exhibit L, email exchange between Plaintiff and Defense Counsel agreeing to simultaneous document exchange.

m. Motion, Exhibit M, email documenting Plaintiff's submission of Written Interrogatories, with Interrogatories attached.

n. Motion, Exhibit N, email from Defense Counsel to Plaintiff finally delivering Defendant's Initial Disclosures on February 8, 2008, disclosures attached.

o. Motion, Exhibit O, email exchange between Plaintiff and Defense Counsel, again referring to simultaneous document exchange, Defense demanding Plaintiff's documents Monday, Feb. 25, Plaintiff demanding overdue responsive documents, includes Plaintiff Document Requests.

p. Motion, Exhibit P, email and Defense Counsel's place-holder letter.

q. Motion, Exhibit Q, email from Defense Counsel, failing to produce discovery (response to interrogatories) due to secretary's illness; Defendant's Response to Request for Admissions.

r. Motion, Exhibit R, email from Plaintiff to Defense Counsel containing final pages of Plaintiff's tax returns and other documents requested by Defense Counsel, scanned, and delivered by Plaintiff in response to report that documents were not included in shipment but were listed on document production letter, the same day as they were to arrive by mail.

s. Motion, Exhibit S, Plaintiff's Interrogatories for Defendant.

t. Motion, Exhibit T, Plaintiff's Request for Admissions by Defendant.

u.  Motion, Exhibit U, Plaintiff's Request for Production of Documents.

v.  Motion, Exhibit V, email exchange regarding discovery dispute.

w.  Plaintiff's Brief, Exhibit AA, Plaintiff's Request for Production of Documents.

x.  Plaintiff's Brief, Exhibit AB, Defense Counsel's email of February 28, 2008.

y.  Plaintiff's Brief, Exhibit AC, Restaurants for Sale, 2005 article on evaluation.

z.  Plaintiff's Brief, Exhibit AD, Defendant's Objections and Responses to Requests for Admission.

aa. Plaintiff's Brief, Exhibit AE, Defendant's Response to Plaintiff's Request for Documents.

bb. Plaintiff's Brief, Exhibit AF, Defendant's Tea Room, LLC Operating Agreement of April 1, 2004, MAG0039-MAG0054.

cc. Plaintiff's Brief, Exhibit AG, deposit slips Adams National Bank, July 15, 2004, MAG0105.

dd. Plaintiff's Brief, Exhibit AH, October 3, 2005 Tea Room & Thai Bistro Settlement Statement, MAG0086.

ee. Plaintiff's Brief, Exhibit AI, August 15, 2005 letter stating terms of SBA loan, $275,000 Thai Bistro purchase price, MAG0120-MAG0121.

ff. Plaintiff's Brief, Exhibit AJ, Defendant's Objections and Responses to Plaintiff's interrogatories, dated February 28, 2008.

gg. Plaintiff's Brief, Exhibit AK, Science Club emails, Maguire refers to Herrick as Office Manager, MAG0991, MAG1355, M. Wong as partner, MAG0464, Herrick lists management staff for an employee, MAG0708.

hh. Plaintiff's Brief, Exhibit AL, Letter to Austin of The Jacobs Company from Herrick about Workers' Compensation insurance wherein Herrick does not include Marcia Wong, Steve Maguire, or himself as employees earning wages who can benefit from that insurance (since Herrick considered these 3 owners), MAG0437.

ii. Plaintiff's Brief, Exhibit AM, Letter from Herrick to Tony Cola regarding tax returns, extension, and anticipating the three business partners receiving partnership tax documents from tax return process, MAG0452.

jj. Plaintiff's Brief, Exhibit AN, 41 Letters from Herrick to various persons doing business with Science Club, signed, "Kevin Herrick, Office Manager", MAG0405-MAG0408-MAG0423; MAG0425-MAG0432; MAG0434-MAG0445; MAG0448-MAG0450; MAG0452-MAG0454.

kk. Plaintiff's Brief, Exhibit AO, Tea Room, LLC check #1036 dated November 19, 2005, $4,008.60 paid to Guitar Center by Herrick's credit card as this check was not accepted, MAG0009.

ll. Plaintiff's Brief, Exhibit AP, March, 2006 documents related to Herrick's paying $10,000.00 down on the Science Club point of sales system, MAG0136-MAG0137.

mm. Plaintiff's Brief, Exhibit AQ, October 3, 2005 Thai Bistro Closing Statement, MAG0086, SBA note, MAG0204.

nn. Plaintiff's Brief, Exhibit AR, Tea Room, LLC business plan, MAG0327-MAG0336.

**Exhibits Plaintiff may use if necessary:**

oo. Not yet filed, provided on cd to defense, email exchange between Herrick, Maguire, and Gundersen around November, 2004 regarding investment in Tea Room, LLC for equity shares, includes attached investment schedule.

pp. Documents produced by Defense, related to Science Club's purchase of a Point of Sales (POS) system, MAG0124-MAG0154 from David M. Williams' company.

**(vi) a designation of depositions, or portions thereof, to be offered in evidence by the party;**

6. No depositions were taken in this case.

**(vii) an itemization of damages the party seeks to recover; and**

7. Plaintiff seeks to recover damages as follows:
   a. $40,000.00
   b. interest on that $40,000.00 from July 3, 2004 to January 3, 2007 (the date of a one-time payment to Plaintiff of $3,200.00).
   c. interest on the $40,000.00 (including capitalized interest from the July 3, 2004 to January 3, 2007 period) less the one-time, January, 2007 payment of $3,200, from January, 2007 to present.
   d. Punitive damages of $120,000.00.
   e. Expectation damages equal to twenty percent of a reasonable valuation of Tea Room, LLC.
   f. Any other sum or remedy deemed appropriate by this Court.

**(viii) a request for other relief sought by the party.**

    a. Plaintiff also seeks a full and independent accounting of Tea Room, LLC financials.

Dated: March 4, 2008.

Respectfully submitted,

Kevin Duncan Herrick

DC Bar #: 497519*

2478 Sandell Drive

Dunwoody, GA 30338-4548

Tel: (301) 830-2695

pro se Plaintiff

*Although Mr. Herrick is an attorney admitted to practice law in the District of Columbia and is representing himself on a pro se basis, he is not admitted to this Court.

**CERTIFICATE OF SERVICE**

 I, Kevin Herrick, hereby certify that, on March 4, 2008, I caused a true and correct copy of the foregoing Plaintiff's Pretrial Statement to be served as follows:

*by First Class Mail, postage prepaid to:*
Brooke Falk-McEnery, Counsel for Steven Maguire
Thompson Hine LLP
1920 N Street, N.W., Suite 800
Washington, D.C. 20036

                     Kevin Herrick