**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**KEVIN DUNCAN HERRICK**

**Plaintiff,**

**v.**

**STEVEN M. MAGUIRE**

**Defendant.**

CIVIL ACTION NO. 07-1675
**Hon. James Robertson**

**PLAINTIFF KEVIN HERRICK'S PRETRIAL DISCLOSURES**

Plaintiff Kevin Duncan Herrick, proceeding *pro se* submits the following Pretrial Disclosures:

1. FRCP Rule 26(a)(3) Pretrial Disclosures.

   (A) In General. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

   (i) the name and, if not previously provided, the address and telephone number of each witness — separately identifying those the party expects to present and those it may call if the need arises;

2. Plaintiff expects to present the following witnesses:

RECEIVED

MAR 5 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3. Steven Maguire: 1754 Lanier Place #305, Washington, DC 20009; (202) 415-2699.
4. Brett Orlove: 2000 L Street, NW Ste 675, Washington, DC 20036; (202) 296-9696.
5. David Williams: 2420 Wilson Blvd. #205, Arlington, VA 22201 (703) 807-0353.
6. Plaintiff may call the following witnesses if the need arises:
7. Marcia Wong: 2141 I St., NW #502, Washington, DC 20037 (202) 468-2172.
8. Thomas Moon: 111 E. University Blvd., Silver Spring, MD 20901, germanfirefighter@gmail.com
9. (ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and
10. No depositions were taken in this action.
11. (iii) an identification of each document or other exhibit, including summaries of other evidence — separately identifying those items the party expects to offer and those it may offer if the need arises.
12. Documents Plaintiff plans to offer. Plaintiff's exhibits are presented below with a notation of the filing to which the exhibit was attached, followed by the exhibit letter(s), and a brief description.

a. Complaint, Exhibit A, the Contract.

b. Complaint, Exhibit B, proposed operating agreements of Dec. 19, 2004 and January 3, 2005.

c. Complaint, Exhibit C, emails from Defendant to Plaintiff in which Defendant Maguire promised to respond substantively to Plaintiff's demands.

d. Complaint, Exhibit D, Plaintiff's June 6, 2007 demand letter to Defendant.

e. Complaint, Exhibit E, USPS delivery records for Exhibit D.

f. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (hereinafter Memo), Exhibit F, check for $35,000.00 from Plaintiff to Defendant.

g. Memo, Exhibit G, third-party check for $5,000.00 from Plaintiff to Defendant.

h. Plaintiff's Motion to Compel Production of Discovery Materials and Motion for Sanctions (hereinafter Motion), Exhibit H, letter from Plaintiff to Defense Counsel attempting to work out discovery dispute.

i. Motion, Exhibit I, email from Plaintiff to Defense Counsel about 26(f) conference and report.

j. Motion, Exhibit J, email exchange between Plaintiff and Defense Counsel, Plaintiff again asks for overdue initial disclosures.

k. Motion, Exhibit K, email exchange between Plaintiff and Defense Counsel regarding 26(f) report.

l. Motion, Exhibit L, email exchange between Plaintiff and Defense Counsel agreeing to simultaneous document exchange.

m. Motion, Exhibit M, email documenting Plaintiff's submission of Written Interrogatories, with Interrogatories attached.

n. Motion, Exhibit N, email from Defense Counsel to Plaintiff finally delivering Defendant's Initial Disclosures on February 8, 2008, disclosures attached.

o. Motion, Exhibit O, email exchange between Plaintiff and Defense Counsel, again referring to simultaneous document exchange, Defense demanding Plaintiff's documents Monday, Feb. 25, Plaintiff demanding overdue responsive documents, includes Plaintiff Document Requests.

p. Motion, Exhibit P, email and Defense Counsel's place-holder letter.

q. Motion, Exhibit Q, email from Defense Counsel, failing to produce discovery (response to interrogatories) due to secretary's illness; Defendant's Response to Request for Admissions.

r. Motion, Exhibit R, email from Plaintiff to Defense Counsel containing final pages of Plaintiff's tax returns and other documents requested by Defense Counsel, scanned, and delivered by Plaintiff in response to report that documents were not included in shipment but were listed on document production letter, the same day as they were to arrive by mail.

s. Motion, Exhibit S, Plaintiff's Interrogatories for Defendant.

t. Motion, Exhibit T, Plaintiff's Request for Admissions by Defendant.

u. Motion, Exhibit U, Plaintiff's Request for Production of Documents.

v. Motion, Exhibit V, email exchange regarding discovery dispute.

w. Plaintiff's Brief, Exhibit AA, Plaintiff's Request for Production of Documents.

x. Plaintiff's Brief, Exhibit AB, Defense Counsel's email of February 28, 2008.

y. Plaintiff's Brief, Exhibit AC, Restaurants for Sale, 2005 article on evaluation.

z. Plaintiff's Brief, Exhibit AD, Defendant's Objections and Responses to Requests for Admission.

aa. Plaintiff's Brief, Exhibit AE, Defendant's Response to Plaintiff's Request for Documents.

bb. Plaintiff's Brief, Exhibit AF, Defendant's Tea Room, LLC Operating Agreement of April 1, 2004, MAG0039-MAG0054.

cc. Plaintiff's Brief, Exhibit AG, deposit slips Adams National Bank, July 15, 2004, MAG0105.

dd. Plaintiff's Brief, Exhibit AH, October 3, 2005 Tea Room & Thai Bistro Settlement Statement, MAG0086.

ee. Plaintiff's Brief, Exhibit AI, August 15, 2005 letter stating terms of SBA loan, $275,000 Thai Bistro purchase price, MAG0120-MAG0121.

ff. Plaintiff's Brief, Exhibit AJ, Defendant's Objections and Responses to Plaintiff's interrogatories, dated February 28, 2008.

gg. Plaintiff's Brief, Exhibit AK, Science Club emails, Maguire refers to Herrick as Office Manager, MAG0991, MAG1355, M. Wong as partner, MAG0464, Herrick lists management staff for an employee, MAG0708.

hh. Plaintiff's Brief, Exhibit AL, Letter to Austin of The Jacobs Company from Herrick about Workers' Compensation insurance wherein Herrick does not include Marcia Wong, Steve Maguire, or himself as employees earning wages who can benefit from that insurance (since Herrick considered these 3 owners), MAG0437.

ii. Plaintiff's Brief, Exhibit AM, Letter from Herrick to Tony Cola regarding tax returns, extension, and anticipating the three business partners receiving partnership tax documents from tax return process, MAG0452.

jj. Plaintiff's Brief, Exhibit AN, 41 Letters from Herrick to various persons doing business with Science Club, signed, "Kevin Herrick, Office Manager", MAG0405-MAG0408-MAG0423; MAG0425-MAG0432; MAG0434-MAG0445; MAG0448-MAG0450; MAG0452-MAG0454.

kk. Plaintiff's Brief, Exhibit AO, Tea Room, LLC check #1036 dated November 19, 2005, $4,008.60 paid to Guitar Center by Herrick's credit card as this check was not accepted, MAG0009.

ll. Plaintiff's Brief, Exhibit AP, March, 2006 documents related to Herrick's paying $10,000.00 down on the Science Club point of sales system, MAG0136-MAG0137.

mm. Plaintiff's Brief, Exhibit AQ, October 3, 2005 Thai Bistro Closing Statement, MAG0086, SBA note, MAG0204.

nn. Plaintiff's Brief, Exhibit AR, Tea Room, LLC business plan, MAG0327-MAG0336.

oo. Not yet filed, provided on cd to defense, email exchange between Herrick, Maguire, and Gundersen around November, 2004 regarding investment in Tea Room, LLC for equity shares, includes attached investment schedule.

13. Documents Plaintiff may offer if the need arises:

14. Documents produced by Defense, related to Science Club's purchase of a Point of Sales (POS) system, MAG0124-MAG0154 from David M. Williams' company.

15. I may refer to the emails and their attachments, between Mark Gundersen, Kevin Herrick, and Steve Maguire as provided to Defense during discovery on their own cd.

Dated: March 4, 2008.

Respectfully submitted,

Kevin Duncan Herrick
DC Bar #: 497519*
2478 Sandell Drive
Dunwoody, GA 30338-4548
Tel: (301) 830-2695
pro se Plaintiff

*Although Mr. Herrick is an attorney admitted to practice law in the District of Columbia and is representing himself on a pro se basis, he is not admitted to this Court.

**CERTIFICATE OF SERVICE**

I, Kevin Herrick, hereby certify that, on March 4, 2008, I caused a true and correct copy of the foregoing Plaintiff's Pretrial Disclosures to be served as follows:

*by First Class Mail, postage prepaid to:*
Brooke Falk-McEnery, Counsel for Steven Maguire
Thompson Hine LLP
1920 N Street, N.W., Suite 800
Washington, D.C. 20036

Kevin Herrick