## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KEVIN DUNCAN HERRICK

    Plaintiff,

    v.

STEVEN M. MAGUIRE

    Defendant.

CIVIL ACTION NO.  07-1675
**Hon. James Robertson**

## PLAINTIFF KEVIN HERRICK'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS

Plaintiff Kevin Duncan Herrick, proceeding *pro se* submits the following memorandum in response to Defendant's memorandum opposing Plaintiff's Motion to Compel and Motion for Sanctions ("Defendant's Memo"):

1. Defendant's responses to interrogatories were due February 25 (Exhibit BG-1). On February 25, Defense Counsel said her secretary was out sick and she would deliver the responses on February 26 (Exhibit BG-2). On February 27, Counsel said by email she would produce the responses the next day (Exhibit BF).

**RECEIVED**

MAR 6 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Counsel actually produced them February 29, 2008 (Exhibit BD, *but see* Defense Counsel's Declaration ¶6).

2.  Defense Counsel asserts in Paragraph 4 of Defendant's Memo, that Plaintiff had received Defendant's Responses to Written Interrogatories on February 28, which she supports with her own Declaration of Brooke Falk-McEnery Paragraph 6 (attached to Defendant's Memo as exhibit a). Defense Counsel's Declaration is inaccurate. As shown by the attached emails bearing time and date stamps, this occurred on February 29, the day after Plaintiff had mailed his Motion (Exhibit BD-1, two copies of the same email showing Defendant sent the Defendant's Responses to Written Interrogatories to Plaintiff on February 29; Exhibit BH-2, two copies of the same email responding to Defense Counsel acknowledging receipt on Feb. 29).

3.  I do not know why Defense Counsel relied on her own inaccurate Declaration to present evidence to this Court rather than citing the emails I have provided in Exhibits BD-1 and BH-2, which demonstrate the inaccuracy of Defense Counsel's sixth paragraph of her Declaration.

4.  Plaintiff's need to prove some or all of the services he performed for Tea Room, LLC is necessitated by at least a few of the Defendant's 14 affirmative defenses listed in Defendant's <u>Answer</u> (pgs 8-9). Defense Counsel makes this an issue (*see also* Rule 26(f) Report, p.4¶c).

5.  Defense Counsel's footnote 4 is inaccurate and unsupported. *Pro se* parties are not required to file electronically with the Court. Parties did not agree to email motions and pleadings. Parties agreed, in the 26(f) Report, "to save time, email

delivery of documents and requests will be considered by both parties to satisfy any service requirements" (*see* Rule 26f meeting report, p. 5, ¶s).

6. On February 28, Plaintiff received Defense Counsel's email indicating Plaintiff would have to come to her office in Washington, DC for further discovery (*see* Exhibit BC). Plaintiff then mailed his Motion on February 28, not knowing if or when Counsel would fulfill her duties to produce discovery materials such as the responses to written interrogatories mentioned above. Plaintiff mailed his Motion to this Court by Express Mail and a copy to Defense Counsel via Priority Mail on February 28, 2008 at 4:38 PM (*see* Exhibit BH-1). Counsel received this Motion March 3, 2008 at 11:54 AM (*see* Exhibit BH-1,3, delivery confirmation and USPS report), the same date this Court lists it filed.

7. Defense Counsel did not agree to *attempt* to deliver discovery materials according to the agreed-upon schedule, Defense Counsel agreed to deliver (*see* Exhibit BB, agreeing to 15 days without an "attempt" qualification, *but see* Defendant's Memo, second unnumbered paragraph). Defense Counsel's statement is inaccurate.

8. In Defendant's Motion paragraph 3, Counsel notes "from/to Herrick", "drafted by Herrick", "between Herrick and Maguire". By "Herrick", Defense Counsel is not referring to Plaintiff, she is referring to the word "Herrick". Plaintiff explained how searching on the word "herrick" would not yield all responsive emails (Exhibit BH-2) and specifically requested emails between the scienceclubdc@gmail.com address and Defendant's smaguire@mail.com address, for example (*see* Exhibit BI-1). Defense Counsel has not done this and her

3

statements in Paragraph 3 of the Defendant's Motion are misleading with regard to the word "herrick".

9.  If no emails exist responsive to Plaintiff's Document Request #23, then Defendant has deleted them and Defense Counsel is disguising this fact (*see* Exhibit BI-1, *see also* Defendant's Memo, fn3).

10. Defendant printed out emails without displaying or providing time and date stamps, making it impossible for Plaintiff to use these emails to show times he was working sending them (*see* Defendant's Memo ¶5). Defendant has raised a set-off affirmative defense (Answer ¶66).

11. When asked for documents within the "possession, custody, or control" of the Defendant, per FRCP 34(a), Defense Counsel replied, "Mr. Orlave's file is not within our custody. If you wanted Mr. Orlave's file, you could have requested it in your subpoena to him."(see Plaintiff's Exhibit BC, email of Feb. 28). Counsel's dodging of the "possession, custody, or control" language equates to a non-response. Finally on March 3, Defense Counsel reported that Attorney Orlove "did not preserve his file related to Tea Room, LLC" (Exhibit BJ-1).

12. In Defense Counsel's second unnumbered paragraph of Defendant's Memo, she states that Plaintiff asked for documents not in "Defendant's custody, possession or immediate control." The FRCP requirement does not mention *immediate* control. That the documents were not within Defendant's immediate control is irrelevant and non-responsive to Plaintiff's request and the Federal Rules of Civil Procedure.

13. Because Defense Counsel has not complied with the agreements she made regarding discovery, simultaneous exchange of documents, and has failed to produce many responsive documents Plaintiff specified, Counsel makes statements manipulating or qualifying the requirements she has failed to meet.

14. It is Defense Counsel's fourteen affirmative defenses in Defendant's Answer to the Complaint which require much of the bulk of discovery. Among others, Defendant alleges set-off, accord and satisfaction, and unclean hands. Lacking any further information on Defendant's defenses, Plaintiff must prepare to defeat these defenses.

15. Defense Counsel's failure to produce discovery materials and answers according to the timeline agreed upon by the parties, failure to produce responsive documents, and inaccuracies such as those in her recent Declaration, created the need for Plaintiff to file his Motion to Compel Production of Discovery Materials and Motion for Sanctions.

16. Sanctions and inferences adverse to the Defense are entirely appropriate.

Dated: March 5, 2008.

Respectfully submitted,

Kevin Duncan Herrick
DC Bar #: 497519*
2478 Sandell Drive
Dunwoody, GA 30338-4548
Tel: (301) 830-2695
pro se Plaintiff

*Although Mr. Herrick is an attorney admitted to practice law in the District of Columbia and is representing himself on a pro se basis, he is not admitted to this Court.

## CERTIFICATE OF SERVICE

I, Kevin Herrick, hereby certify that, on March 5, 2008, I caused a true and correct copy of the foregoing Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion to Compel and Motion for Sanctions to be served as follows:

*by First Class Mail, postage prepaid to:*
Brooke Falk-McEnery, Counsel for Steven Maguire
Thompson Hine LLP
1920 N Street, N.W., Suite 800
Washington, D.C. 20036

Kevin Herrick

from    "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>          hide details          Feb 8

to

date                                                    Kevin
subject                                                 Herrick <kevinduncanherrick@gmail.com>
mailed-by                                               Feb 8, 2008 2:37 PM
                                                        RE: FRCP 26f meeting report_
Kevin,                                                  thompsonhine.com

I need to look at calendar, but proposed deposition dates are consistent with taking depositions
week of February 25th. We do not list individual dates for depositions in this report.

I will agree to a date to exchange documents of Thursday, February 21st. This does not alter when
other discovery responses are due. We agreed to shorten the time to 15 days for those.

Thank you,

Brooke


**From:** Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
**Sent:** Friday, February 08, 2008 12:47 PM
**To:** Falk-McEnery, Brooke
**Subject:** Re: FRCP 26f meeting report_

- Show quoted text -


Plaintiff's Exhibit BB-1

from   "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>    hide details    Feb 28 (5 days ago)

to  Kevin
Herrick <kevinduncanherrick@gmail.com>

date    Feb 28, 2008 11:15 AM

Kevin,

I have produced almost 1500 pages of documents to you, and have been very reasonable. There is no requirement that document exchange be simultaneous, although I agreed to do so because of your request. And despite your numerous accusations, I have been trying to respond timely. I have not gotten into the deficiency of your responses, because frankly it is not a good use of time and we can deal with it at trial  (nor have I contacted your parents in an attempt to "tell" on you).

Despite your other accusations,  Steve is not picking and choosing to send anything. I am determining which documents of those requested are relevant and responsive and have sent those to you.  Mr. Orlave's file is not within our custody. If you wanted Mr. Orlave's file, you could have requested it in your subpoena to him.

I had no duty to make copies of documents for you and deliver them to you in Georgia but I did. I will produce the bank records (although unduly burdensome and irrelevant) and you are welcome to come to my office to review them. If you would like copies of those documents, you may tag what you want and we will issue a bill to you for the copies.

Brooke

Plaintiff's Exhibit BC-1

from "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>   hide details   Feb 29 (4 days ago)
to  Kevin Herrick <kevinduncanherrick@gmail.com>
date  Feb 29, 2008 12:08 PM
subject  Herrick v. Maguire
mailed-by  thompsonhine.com

Please find attached Responses to Interrogatories as I indicated in my email on Tuesday, February 26, 2008.


40800_074222.00002_ATTACHMENT_20080228214046.pdf
154K View as HTML Download



from  Kevin Herrick <kevinduncanherrick@gmail.com>    hide details  Feb 26
to  "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>
date  Feb 26, 2008 2:12 PM
subject  Re: Plaintiff's first request for production of documents
mailed-by  gmail.com

I'll be glad to receive these documents, but I do not understand why you did not include
them or tell me about them.  I told you earlier when we worked out our joint Rule 26(f)
report that I was concerned about producing documents for Maguire prior to Maguire's
producing them for me.  You agreed to a simultaneous exchange.  Now that you have
received my documents, you produce e-mails that should have been exchanged
simultaneously.

This is precisely the result I hoped to avoid.

You told me my documents were due yesterday.  Since we were exchanging
simultaneously, that would indicate you had sent me all your documents.  I even offered
to upload the documents in electronic form yesterday.  Will this next shipment of
documents constitute your complete response?

Thank you,
Kevin Herrick

Plaintiff's Exhibit BE-1

from "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>    hide details  Feb
27 (6 days ago)
 to  Kevin Herrick <kevinduncanherrick@gmail.com>
 date  Feb 27, 2008 3:12 PM
 subject  RE: Herrick v. Maguire
 mailed-by  thompsonhine.com

Kevin,

You will receive the responses to request for production via email today. I will be
sending the rest of the documents I am producing via overnight mail. You will receive the
interrogatory responses tomorrow.

I will still be working on this case through the trial date, and Kip Schwartz in my office
will likely be trying it.

Brooke


-------------------------------------------------------------------------------
From: Kevin Herrick [mailto:kevinduncanherrick@gmail.com]
Sent: Wednesday, February 27, 2008 2:37 PM
To: Falk-McEnery, Brooke
Subject: Re: Herrick v. Maguire

Plaintiff's Exhibit BF-1

from "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>    hide details  Feb 22
to  Kevin Herrick <kevinduncanherrick@gmail.com>
date  Feb 22, 2008 9:37 AM
subject  RE: Plaintiff's first request for production of documents

Kevin,

I will send you responses to requests for admission and interrogatories on Monday as rules don't provide for service on weekends or holidays. The documents are at my office and bates labelled. I have also had them burned to a CD. Please let me know how you would like these. I can have my secretary fedex you a set of hard documents, and the CD if that would be best.

Thanks,
Brooke

Also, I am in receipt of your email regarding other attorney information. We are quite busy with trials so am trying to figure out who will be trying this. I will let you know.

---

From: Kevin Herrick [mailto:kevinduncanherrick@gmail.com]

Sent: Thu 2/21/2008 9:35 AM
To: Falk-McEnery, Brooke
Subject: Re: Plaintiff's first request for production of documents

- Show quoted text -

Brooke,

I believe we agreed on fifteen days for you to reply to my first request for documents and other discovery requests, which would put the request for documents on Feb. 22 and the replies to request for admissions on Feb. 23 as well as written interrogatories reply on Feb. 23. I'm not sure how you want to handle the Feb. 23 date (whether you will submit on a Saturday or wait till Monday, Feb. 25).

We had agreed on simultaneous production of documents, so tell me which date you'd like me to send you paper and electronic copies and how we're agreeing to do that (i.e. overnight, etc) and I'll work on exchanging with you.

Plaintiff's Exhibit BG-1

from "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>     hide details  Feb 25
to  Kevin Herrick <kevinduncanherrick@gmail.com>
date  Feb 25, 2008 10:55 PM
subject  Defendant's Responses to Requests for Admission

Kevin,

Please find attached Responses to Requests for Admission. My secretary was out sick today, so I will send responses to interrogatories tomorrow.

Thank you,
Brooke


 Defendants Responses to Requests for Admission - v1.DOC
62K View as HTML Open as a Google document Download



```
            Dunwoody Branch
            Atlanta, Georgia
              303338996
          12v4440068 -0095
02/28/2008  (800)275-8777    04:28:34 PM

            Sales Receipt
Product              Qty  Unit   Final
Description               Price  Price

WASHINGTON DC 20001              $21.40
Zone-4 Express Mail
PO-Add
1 lb. 15.50 oz.
Label #:    EH124953928US
Next Day Noon / Normal Delivery
Customer Postage            $21.40
Subtotal:                    $0.00
                          ---------
Issue PVI:                   $0.00

WASHINGTON DC 20006              $4.60
Zone-4 Priority Mail
15.80 oz.
Delivery Confirmation            $0.65
Label #:    03001780000304754857
Customer Postage            $5.25
Subtotal:                    $0.00
                          ---------
Issue PVI:                   $0.00

Total:                    ----------
                             $0.00
Paid by:

Order stamps at USPS.com/shop or call
1-800-Stamp24. Go to USPS.com/clickn/ship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1090302162810
Clerk: 21

All sales final on stamps and postage.
Refunds for guaranteed services only.
      Thank you for your business.
************************************
      HELP US SERVE YOU BETTER

Go to: http://gx.gallup.com/pos

TELL US ABOUT YOUR RECENT
    POSTAL EXPERIENCE

    YOUR OPINION COUNTS
************************************


            Customer Copy
```

from  Kevin Herrick <kevinduncanherrick@gmail.com>   hide details  Feb 29 (4 days ago)
to  "Falk-McEnery, Brooke" <Brooke.Falk@thompsonhine.com>
date  Feb 29, 2008 6:06 PM
subject  discovery
mailed-by  gmail.com

Brooke,

I'm in receipt of your responses to interrogatories.

I also received the emails you printed out, about 1000 pages.  I want to make sure that your realize your method of searching, searching on the word "herrick" would not produce many emails responsive to my requests.  Most importantly, it would only accidentally produce any emails I sent to Steve from the gmail account or to anyone with whom I was familiar, or from anyone familiar with me, since I did not use my surname all the time, especially with Steve.

Thank you,
Kevin





Plaintiff's Exhibit BH-3

[PLEASE NOTE: this is excerpted from Defendant's Response to Request for Production of Documents].

23. All email sent from or received by the email address scienceclubdc@gmail.com with a sender or recipient or carbon copy address of kdh2@gwu.edu, smaguire@mail.com, and/or ilovemarcia@gmail.com or any other alias email address of Kevin Herrick, Steven Maguire, or Marcia Wong.

**Objection:**    Defendant objects to this Request on the grounds that it is overbroad, vague and unduly burdensome. Defendant further objects on the grounds that it is not relevant nor likely to lead to the discovery of admissible evidence.

**Response:**    Subject to and without waiving the foregoing objections, Defendant is producing hundreds of emails from scienceclubdc@gmail.com.

